USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Jan 24, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven E. Greer,

          Plaintiff,

–v–

Dennis Mehiel, et al.,

          Defendants.

15-cv-6119 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On October 3, 2016, *pro se* Plaintiff Steven Greer moved this Court for leave to amend his complaint for a third time. *See* Dkt. No. 178 (hereafter "Motion to Amend"). Mr. Greer sought, in particular, to amend the heading of his first cause of action, "violation of First Amendment Rights," to add additional parties, namely Howard Milstein, Steven Rossi, Janet Martin, Mariners Cove Site B Associates, and Milford Management, parties this Court has collectively referred to as the "Landlord Defendants." *See* Dkt. No. 138, at 2; Dkt. No. 177, at 2. The Landlord Defendants opposed Greer's motion, arguing, first, that this Court's individual rules did not permit amendment, and, second that amendment would be futile. Dkt. No. 184 (hereafter, "Landlord Defendants' Opp."). As to the latter argument, the Landlord Defendants argued that the Second Amended Complaint (the operative complaint in this action) did not plausibly allege a claim for First Amendment retaliation against the Landlord Defendants, and that amending it to simply add the names of the Landlord Defendants to the heading of that cause of action would not alter this result and would thus be futile. *See* Landlord Defendants' Opp. At 1-6.

On November 3, 2016, the Court denied Greer's motion to amend on the sole ground that, pursuant to Rule 3.F of this Court's individuals rules in civil cases, "[i]f the non-moving party elects not to amend its complaint [after a motion to dismiss is filed], no further opportunities to amend will be granted and the motion to dismiss will proceed in the regular course." Dkt. No. 192, at 1 (quoting Rule 3.F of this Court's individual civil rules). The Court made clear, however, that in denying the motion to amend on that ground, it neither "endorse[d] nor dispute[d] [the Landlord Defendants'] characterizations" of what the *operative* complaint, as interpreted by two prior orders of this Court, plausibly alleged: in other words, the order in no way addressed the correctness of the Landlord Defendants' representation that the operative complaint, without amendment, did not plausibly allege a First Amendment retaliation claim against one or all of the Landlord Defendants. *Id.*

Now before the Court are two motions responding to the Court's November 3, 2016 order. First, Greer moves for the Court to reconsider its November 3 order denying him leave to amend his complaint. Dkt. No. 194 (hereafter "Motion for Reconsideration"). Greer primarily argues that such reconsideration is required in the interests of justice as, absent the explicit addition of the Landlord Defendants' names under the heading of the First Amendment cause of action, the complaint will not plausibly allege a First Amendment retaliation claim against those defendants. *See id.* at 2; *see also* Dkt. No. 178. In response to Greer's motion, the Landlord Defendants request that the Court "clarify its November Order . . . denying the Motion to Amend and state which of the Landlord Defendants, if any, are still defendants in this action."[1] Dkt No. 196 at 6

---

[1] The Landlord Defendants in fact reference Dkt. No. 177, this Court's September 30, 2016 memorandum and order denying in part and granting in part all of the defendants' motions to dismiss. However, context makes clear that the Landlord Defendants have asked for clarification of this Court's "November Order" denying the motion to amend. Motion for Clarification at 6.

2

(hereafter "Motion for Clarification"). For the sake of clarity, the Court will first address the Landlord Defendants' motion, and then address Mr. Greer's motion for reconsideration.

### I. Request for Clarification

The Landlord Defendants request clarification, pursuant to Federal Rule of Civil Procedure 60(a), of this Court's holding in its November 3, 2016 order, and in particular seek clarity as to "which of the Landlord Defendants, if any, are still defendants in this action." Motion for Clarification at 6; *see also L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013) (holding that Rule 60(a) "allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)); *see also Garamendi*, 683 F.3d at 1079 (holding that "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement").

As an initial matter, it is not clear that the Landlord Defendants' Rule 60(a) motion is properly directed at this Court's November 3, 2016 order. The Landlord Defendants seek clarity as to what Greer's operative complaint, without the contemplated amendment, plausibly alleges. Yet the November 3 order did not purport to determine, in any way, what the operative complaint alleges; it did no more than, on procedural grounds, deny Greer's motion to amend that complaint. *See* Dkt. No. 192. In contrast, the Court *has* twice held what the operative complaint plausibly alleges, in its February 24, 2016 order denying Greer's motion for a preliminary injunction, *see* Dkt. No. 138 (hereafter "Feb. 24 Order"), and in its September 30, 2016 order which, *inter alia*, denied in part and granted in part the Defendants' motions to dismiss, *see*

3

Dkt. No. 177 at 5 (hereafter "Sept. 30 Order"). To the degree, then, that the Landlord Defendants seek clarification of the scope of those *prior* orders (which analysis of their brief suggests is indeed the case, *see* Motion for Clarification at 7), it may be that the Landlord Defendants' Rule 60(a) motion would be better directed at these prior decisions. Regardless, the Court assumes, *arguendo*, that Rule 60(a) permits it to clarify the scope of its February and September orders in the process of clarifying its November order. To the degree that that is so, the Court hereby states that Greer has plausibly alleged a First Amendment retaliation claim against all of the Landlord Defendants.

In this Court's February 24 order denying Greer's motion for a preliminary injunction, the Court addressed whether the absence of the Landlord Defendants' names under the heading of the first cause of action in the Second Amended Complaint necessarily meant that Greer had failed to allege a First Amendment claim against those defendants. *See* Feb. 24 Order at 8 ("Although the 'First Cause of Action' heading in Greer's complaint does indicate that he brings his First Amendment retaliation claim against only the BPCA Defendants, none of the Defendants address whether the Court must nonetheless read his complaint as stating a claim for First Amendment retaliation against both the BPCA Defendants and the Landlord Defendants." (citation omitted)). The Court went on to hold that the Complaint had indeed stated a claim for First Amendment retaliation against the Landlord Defendants, *despite* their absence from this heading. *See id.* ("As previously explained, the Court has an obligation to construe Greer's pleadings liberally and to interpret them as raising the strongest possible arguments they suggest. Viewed through that lens, Greer's complaint states a cognizable section 1983 claim for First Amendment retaliation against both the BPCA Defendants and the Landlord Defendants." (citation omitted)).

In its September 30, 2016 order, the Court, referring back to its previous order, reiterated that the Second Amended Complaint sufficiently alleged a claim of First Amendment retaliation against the Landlord Defendants, despite their absence from the heading of the first cause of

4

action. *See* Sept. 30 Order, at 5 ("The Court construes Greer's complaint as raising . . . a claim for several violations of the First Amendment, brought pursuant to 42 U.S.C. § 1983, against *both* the BPCA Defendants and the Landlord Defendants." (emphasis added)); *id.* at 6 ("[T]he Court denies the motion to dismiss the first of these First Amendment claims, except that it grants the motion to dismiss with respect to Mehiel, one of the individual BPCA Defendants, for that claim.").

In short, prior to the November order, the Court had *twice held* that Greer, in the Second Amended Complaint, plausibly alleged a First Amendment retaliation claim against the Landlord Defendants despite their absence from the heading under the First Amendment cause of action. Nothing in the November 3, 2016 order suggested otherwise, and indeed, given these holdings, Greer's requested amendment was unnecessary to effectuate his desired end.

It is true that the Landlord Defendants, in responding to Greer's motion to amend his complaint, made numerous arguments as to why, in their estimation, the Complaint did *not* plausibly allege a claim against the Landlord Defendants, whether or not it included their names specifically in the heading for the First Amendment claim. *See* Landlord Defendants' Opp. at 1-6. But those arguments were already foreclosed by decisions of this Court predating the November 3, 2016 order. The Landlord Defendants also appeared to suggest, in their opposition, that, to the degree those prior decisions held that Greer had plausibly alleged a First Amendment retaliation claim against the Landlord Defendants, such a holding was erroneous. *See* Landlord Defendants' Opp., at 3 ("It is respectfully submitted that the inclusion Landlord Defendants (sic) was in error based upon the complaint currently before the Court."). Yet the Landlord Defendants had not moved, and have never moved, for this Court to reconsider either its February 24, 2016, or September 30, 2016 decisions—*both* of which indicated that Greer had

5

plausibly alleged a claim of First Amendment retaliation against them.  And it would not have been proper for the Court to construe the Landlord Defendants' October 14, 2016 opposition to Greer's motion to amend as a motion for reconsideration of either of those previous orders.  That opposition did not include the legal standard for a motion to reconsider, included no arguments that would be directly responsive to that legal standard, and *only* asked this Court, by way of relief, to deny Greer's motion to amend—which the Court granted.  *See* Landlord Defendant's Opp. at 6; *cf.* Motion for Clarification at 6 (in which the Landlord Defendants point out that Greer, who is pro se, "has not satisfied—or even discussed—the criteria for granting an injunction in this Court" as one ground for denying his motion for such injunction).  Further, any such motion would now be untimely.  *See McDowell v. Eli Lilly & Co.*, No. 13 CIV. 3786, 2015 WL 4240736, at *1 (S.D.N.Y. July 13, 2015) ("Under Local Civil Rule 6.3, 'a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.'").  In short, nothing in the November 3, 2016 order altered the contours of the Court's prior decisions, and the Court had no motion before it that would have made such alteration appropriate.

    The Landlord Defendants, in addition to arguing that the operative complaint did not allege a First Amendment retaliation claim against any of them, also made a narrower argument in their opposition to Greer's motion to amend.  They argued that, even if the Court had already held that the Second Amended Complaint sufficiently alleged a First Amendment retaliation claim against the Landlord Defendants in its prior memoranda, it had not held that the Second Amended Complaint sufficiently alleged such a claim against the individual Landlord

Defendants, Martin, Milstein, and Rossi. *See* Landlord Defendants' Opp. at 5 (suggesting that the addition of these names would "go beyond even the February Order and September Order [of this Court]"). They further emphasize this point in their motion for clarification. *See* Motion for Clarification at 8.

This argument, made in opposition to Greer's motion to amend, was also foreclosed by this Court's prior holdings. At no point in either its February 24 or September 30 orders did the Court suggest that its holdings were limited to the corporate Landlord Defendants. Instead, the Court observed that the term "Landlord Defendants" referred to both individual and corporate defendants. *See* Feb. 24 Order, at 2 ("Milstein, Rossi, Martin, and the landlord corporations comprise the 'Landlord Defendants.'"); *accord* Sept. 30 Order, at 2. And indeed, the Court cited to allegations in Greer's brief that specifically named at least one individual defendant as a co-conspirator. *See* Feb. 24 Order, at 10 ("Greer recounts a conversation with Swanson in which Swanson reportedly 'acknowledged that it was well known within the offices of the BPCA that the BPCA had pressured Mariners, Milford, and Rossi to not renew Plaintiff's lease.'"); *id.* at 9 (holding that this allegation was not merely "conclusory"). It is true that the Court held that, as to the BPCA defendants, Greer had failed to allege a First Amendment retaliation claim as to one individual, Dennis Mehiel. Sept. 30 Order at 7. But the Court so held in response to a specific argument made by the BPCA Defendants, and by Mr. Mehiel. In contrast, the Landlord Defendants did not argue, in moving to dismiss Greer's Complaint, that he had failed to allege a claim against any of them for First Amendment Retaliation, or that he had failed to allege such a claim against specific individual defendants. Nor did the Landlord Defendants timely move for the Court to reconsider either its February 24 or September 30 order on such a ground. Had the Court been presented with a properly filed motion for reconsideration, it could then have

considered the Landlord Defendants' arguments that such a broad holding may have been incorrect. But whether or not the Court's September 30 order correctly held that the First Amendment retaliation claim was plausibly alleged against all of the individual Landlord Defendants, the Court could not have *altered* that holding in the context of denying Greer's motion to amend. Nor could the Court do so in the context of resolving a Rule 60(a) motion. *See Garimendi*, 683 F.3d at 1080 (noting that Rule 60(a) "does not allow a court to make corrections that, under the guise of mere clarification, 'reflect a new and subsequent intent because it perceives its original judgment to be incorrect.'" (quoting *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir.1992)).

In short, the Court held in its February 24 and September 30 orders that Greer had plausibly alleged a claim for First Amendment retaliation against all of the Landlord Defendants, notwithstanding his failure to explicitly include their names in the headings of the alleged cause of action. To the degree that the Landlord Defendants believed, when they filed their opposition to Greer's motion to amend, that this Court concluded as much *erroneously*, they could have timely moved for reconsideration. At this stage, any such argument can be raised in the context of a motion for Summary Judgment.

## II.    Greer's Motion for Reconsideration

Greer has also moved for reconsideration of this Court's November 3, 2016 order denying him leave to amend his complaint for a third time. *See* Motion for Reconsideration. In its November 3 order, the Court quoted Rule 3.F of its individual rules in civil cases, that "[i]f the non-moving party elects not to amend its complaint [after a motion to dismiss is filed], no further opportunities to amend will be granted and the motion to dismiss will proceed in the regular course." Dkt. No. 192 (quoting Rule 3.F of this Court's individual civil rules). Greer cites no

argument or additional evidence that alters this Court's determination that, had Greer wanted to amend his complaint, he should have done so when provided that opportunity after the Defendants filed their motions to dismiss. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *Koehler v. Bank of Bermuda Ltd.*, No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (holding that a party moving for reconsideration "cannot assert new arguments . . . which were not before the court on the original motion"); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2014) ("Ultimately, the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court."). The motion for reconsideration is thus DENIED. Nevertheless, given that Greer primarily argues, in his motion for reconsideration, that amendment is necessary so as to ensure he can continue this action against the Landlord Defendants, the Court's resolution of the Landlord Defendants request for clarification, *see supra* I, appears to largely render his request moot. *See* Motion for Reconsideration at 2.[2] In other words, as the Court has now held, no amendment is necessary for Greer to continue to pursue his First Amendment retaliation claims against the Landlord Defendants.

---

[2] Greer also asks this Court, as part of his motion for reconsideration, to enjoin the Landlord Defendants' alleged sale of the apartment building containing the apartment from which he was evicted, in his estimation, as retaliation for his exercise of First Amendment rights. *See* Motion for Reconsideration at 1. Though pro se, he cites no authority or argument that would permit the Court to order such an injunction. Further, assuming such authority indeed existed, the emergency or preliminary injunction he requests would not be justified. The Court previously held, in the context of denying Greer's motion for a preliminary injunction preventing his eviction, that "evicting Greer would not cause him irreparable injury, and he has not shown that halting the eviction proceeding would preserve any of his First Amendment rights." Feb. 24 Order at 20. Greer has pointed to no argument, and the Court can conceive of none, that would help him to establish that any potential injury to Greer arising out of the sale of the apartment building could not be "compensated by money damages." *Id.* at 16. Thus, the motion for an injunction is DENIED.

### III. Conclusion

In summary, the case may move forward to discovery on the First Amendment Retaliation claim as alleged against, *inter alia*, Howard Milstein, Steven Rossi, Janet Martin, Mariners Cove Site B Associates, and Milford Management (the "Landlord Defendants").

SO ORDERED.

Dated: January 12, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge