Cott, Mag. J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STEVEN GREER,                                          :

                        Plaintiff,                     :

        - against -                                    :

DENNIS MEHIEL, ROBERT SERPICO, THE                     :
HUGH L. CAREY BATTERY PARK CITY                        :
AUTHORITY, HOWARD MILSTEIN, STEVEN                     :
ROSSI,   JANET   MARTIN,   MILFORD                     :
MANAGEMENT, and MARINERS COVE SITE B                   :
ASSOCIATES,                                            :
                                                       X
                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/17

Docket No.: 15-CV-06119
(AJN)(JLC)

## STIPULATION AND ORDER GOVERNING THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Steven Greer;

counsel for Defendants the Hugh L. Carey Battery Park City Authority and Robert Serpico; and

counsel for Defendants Howard Milstein, Steven Rossi, Janet Martin, Milford Management and

Mariners Cove Site B Associates (collectively the "Parties") subject to the approval of the Court,

that the following Stipulation and Order shall govern the handling of confidential information,

including documents, deposition transcripts, deposition exhibits, and other written, recorded,

graphic, or electronic matters, including any information contained therein (hereinafter

sometimes referred to as "Disclosure Material"), produced during discovery or obtained pursuant

to F.R.C.P. Rule 26, *et. seq.* by any party to this action (hereinafter sometimes referred to as the

"Producing Party") responding to a document request, interrogatory, deposition notice,

subpoena, or other discovery demand in this action.

1.     All Disclosure Material shall be used by the party receiving such material solely for purposes of this litigation and for no other purpose.

2.     In responding to a request for disclosure, the Producing Party may designate Disclosure Material as "Confidential" for treatment pursuant to this Stipulation and Order. "Confidential" material shall include the documents, testimony, and information that the Producing Party, in good faith, considers to reflect confidential or proprietary research, development, commercial, customer, personnel, medical, or business information, data, or plans.

3.     The designation of Disclosure Material as "Confidential" for purposes of this Stipulation and order shall be made in the following manner:

(a)     with respect to documents or other materials (apart from deposition or other pre-trial testimony and interrogatory responses): by affixing, at the time of copying, the legend "Confidential," as appropriate, to each page containing any so designated material, or identifying a page range in a document accompanying the designation;

(b)     with respect to deposition transcripts or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other Parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony. Counsel for the party-deponent shall cause to be affixed the legend "Confidential," as appropriate, to the first page and all subsequent pages of the original transcript that contains designated material, and to the first page, and all subsequent corresponding pages, of all copies of such transcript. Only those portions of each transcript so designated shall be deemed to be "Confidential" material. All transcripts of depositions or other pre-trial testimony shall be deemed to be "Confidential" until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness; and

2

(c)     with respect to interrogatory responses: by stating, in the interrogatory response, that it contains "Confidential" material.

(d)     If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Disclosure Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Disclosure Material as Confidential.

4.    (a)     "Confidential" material may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, by the receiving party only to the following persons:

(i)         the Parties in this action, their insurers and counsel to such insurers, outside and inside counsel who represent Parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Stipulation and Order;

(ii)        outside independent consultants or experts assisting counsel for the Parties in this action (including potential experts);

(iii)       actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;

(iv)        Judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency, or stenographers and videographers engaged to transcribe or record the Parties' conduct in this action;

3

(v)        Any mediator or arbitrator mutually agreed to by the Parties to attempt to resolve this action; and/or

(vi)       Any individual who has already seen such document.

5.     A copy of this Stipulation and Order shall be given to each person identified in Paragraph 4(a)(ii) and 4(a)(iii) above who will receive "Confidential" material before such material is disclosed to the person; and each such person shall be expressly advised that such material shall not be used or further disclosed contrary to the terms of this Stipulation and Order. In addition, each such person shall agree, in writing, in the form annexed hereto as Exhibit A, to be bound by the provisions of this Stipulation and Order before such material is disclosed to the person. Counsel or the Party responsible for obtaining an executed version of Exhibit A must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel (or, if unrepresented, an opposing Party) either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. This Stipulation and Order is intended only to govern the procedures for disclosure of confidential documents, material, and information. Nothing contained in this Stipulation and Order is intended to, or shall be construed to, waive any objections by any party, including, but not limited to, objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action.

6.     This Stipulation and Order has no effect upon, and shall not apply to any Producing Party's use of its own "Confidential" material for any purpose not related to this litigation.

7.     Neither counsel nor the parties shall disclose any "Confidential" material in any court hearing, or other proceeding before this Court, open to the public, without first providing reasonable notice to the Producing Party.

4

8.    All pleadings or other court filings that incorporate or disclose "Confidential"
material that a party wishes to file as an exhibit or for another legitimate purpose with the Court
shall be filed pursuant to the Court's practices for filing documents under seal and/or redactions,
*see* Judge Nathan's Individual Rules 1(B) and 4(A), and as directed by the Court.

9.    Within forty-five (45) calendar days after the conclusion of this action in its
entirety, all persons to whom "Confidential" material was produced or disseminated shall either:
(a) return all such material and all copies thereof to counsel for the party that produced it; or (b)
destroy all such material in their possession in a manner that ensures that such material will not
be disclosed or disseminated or recovered by any person. With respect to such information that
has been incorporated into court papers, transcripts, exhibits used in affidavits, at depositions,
and at trial, and attorney work product, including such materials containing, quoting, discussing,
or analyzing "Confidential" material, a Party may, subject to Court approval, remove and return
or destroy such information, or may redact all such information. By the 45-day deadline, the
person returning or destroying the Confidential material must certify such return or destruction
by submitting a written certification to the Producing Party that affirms that the certifying person
has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or
capturing any of the Confidential Disclosure Material. Notwithstanding this provision, any
attorney that any Party has specifically retained for this action may retain an archival copy of all
pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or
attorney work product, even if such materials contain Confidential Disclosure Material. All
materials returned to the Parties or their counsel by the Court likewise shall be disposed of in
accordance with this paragraph. "Conclusion of this action in its entirety," as used above, means
after all appeal periods have expired or after the execution of a settlement agreement and

5

stipulation of discontinuance among all the Parties is so ordered, finally disposing of this action, and, in any event, not before the completion of all collection proceedings.

10.     The provisions of this Stipulation and Order shall remain in full force and effect as to any person or party who has obtained access to documents, testimony or other material designated "Confidential" hereunder, and who ceases to be engaged in the preparation for trial or in the trial of this action, except as may be specifically ordered by the Court or consented to by the Producing Party. Any such person who ceases to be engaged in the preparation for trial or in the trial of this action shall return or destroy any material designated "Confidential," and that person shall provide the written certification of return or destruction described in Paragraph 9, and that person's access to documents, testimony, or other information so designated shall be terminated.

11.     During the pendency of this action, any Party may object to the designation of particular material as "Confidential" by a Producing Party. If the Parties are unable to resolve the matter after making a good faith effort, the party objecting to the designation may move, at any time after five (5) business days from the date of the above-written objection, for an order from this Court vacating the designation. While such an application is pending, the document, testimony, or other information in question shall be treated as "Confidential" or as directed by the designating party, pursuant to this Stipulation and Order. The Producing Party shall have the burden of persuading the Court that good cause exists for the designation of "Confidential" or material.

12.     The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the Parties at or before trial. Accordingly, the identification of any information or document as "Confidential" hereunder shall not in any manner limit any Party's ability to introduce such information or document at trial, but

6

each Party reserves the right to raise any objection to such information or document being admitted at trial based upon the Federal Rules of Evidence or Federal Rules of Civil Procedure.

13.    If, in connection with this litigation and despite a Producing Party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.    If a Producing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification that all such information has been returned or destroyed.

15.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Disclosure Material is produced or disclosed.

16.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: January 25 , 2017

STEVEN GREER

By _Steven Greer_
Steven Greer
4674 Tatersall Court
Columbus, Ohio 43230
Phone: (212) 945-7252

*Pro Se Plaintiff*

7

SHER TREMONTE LLP

By _____

Michael Tremonte
Justin J. Gunnell
Michael Gibaldi
80 Broad St., 13th Floor
New York, New York 10004
Phone: 212-421-2150

*Attorneys for the Hugh L. Carey Battery*
*Park City Authority and Robert Serpico*

ROSENBERG & ESTIS, P.C.

By _____

Deborah E. Riegel
Isaac Tilton
733 Third Avenue
New York, New York 10017
Phone: (212) 867-6000

*Attorneys for Howard Milstein, Steven*
*Rossi, Janet Martin, Milford Management*
*and Mariners Cove Site B Associates*

SO ORDERED:

**SO ORDERED:** _____

**Hon. James L. Cott**
**United States Magistrate Judge**

U.S M. J

JS

1/25/17

8

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STEVEN GREER,                                        :
                                                     :
                    Plaintiff,                       :
                                                     :
        - against -                                  :          Docket No.: 15-CV-06119
                                                     :              (AJN)(JLC)
DENNIS MEHIEL, ROBERT SERPICO, THE                   :
HUGH L. CAREY BATTERY PARK CITY                      :          **NON-DISCLOSURE**
AUTHORITY, HOWARD MILSTEIN, STEVEN                   :          **AGREEMENT**
ROSSI, JANET MARTIN, MILFORD                         :
MANAGEMENT, and MARINERS COVE SITE B                 :
ASSOCIATES,                                          :
                                                     :
                    Defendants.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I, _____, acknowledge that I have read and understand the

Stipulation and Order Governing the Production and Exchange of Confidential Information

("Protective Order") in this action governing the non-disclosure of those portions of Disclosure

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Disclosure Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the Party or attorney

from whom I received it, along with a certification to that effect. By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising hereunder and that my willful violation of any term of the

Protective Order could subject me to punishment for contempt of Court.


_____

Dated:

9