CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MARINERS COVE SITE B ASSOCIATES,      :      L&T Index No. 63974/14

                      :

              Petitioner,      :

                      :      **NOTICE OF MOTION**

   -against-                 :

                      :

DR. STEVEN GREER               :

200 RECTOR PLACE 35F          :

NEW YORK, NEW YORK 10280     :

                      :

              Respondent    :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

PLEASE TAKE NOTICE, that upon the annexed affirmation of Deborah Riegel, dated September 19, 2016, the annexed affirmation of Jeffrey Bodoff, dated September 15, 2016, the exhibits annexed thereto, and upon all prior papers and proceedings heretofore had herein, petitioner will move this Court, Part F, at the Courthouse located at 111 Centre Street, Room 830, New York, New York, on October 24, 2016, at 9:30 a.m., or as soon thereafter as counsel may be heard, for an Order:

    i.    Determining that petitioner is the prevailing party in this proceeding;

    ii.    Entering a money judgment in favor of petitioner and against Dr. Steven Greer ("Tenant") for the attorneys' fees, costs and disbursements incurred by Landlord herein in the amount of $106,786.30, plus interest; or, in the alternative

    iii.    Setting this matter down for a hearing to determine petitioner's attorneys' fees, costs and disbursements that it may recover from Tenant;

    iv.    Pursuant to CPLR 2606, directing the Commissioner of Finance to release and pay to petitioner Mariners Cove Site B Associates the $44,135.00 deposited, plus accrued interest, less lawful fees, and mail said funds to Mariners Cove Site B Associates c/o Rosenberg & Estis, P.C., 733 Third Avenue, New York, NY 10017, Attn: Deborah Riegel; and

    v.    For such other and further relief as this Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 2214(b),

answering papers, if any, are to be served at least seven (7) days before the return date of the

motion.

Dated:    New York, New York                     ROSENBERG & ESTIS, P.C.
          September 19, 2016                      *Attorneys for Petitioner*


                                                 By: *Deborah Riegel*
                                                     Deborah Riegel
                                                 733 Third Avenue
                                                 New York, New York 10017
                                                 (212) 867-6000


TO:       STEVEN GREER, *pro se*
          5206 Sabine Hall
          New Albany, Ohio

- 2 -

# RIEGEL
# AFFIRMATION

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

— — — — — — — — — — — — — — — — — — — — — — — — X

MARINERS COVE SITE B ASSOCIATES,          :      L&T Index No. 63974/14

                Petitioner,      :

                                         :     **AFFIRMATION IN SUPPORT**

   -against-                                :         **OF MOTION FOR**

                                         :    **ATTORNEYS' FEES AND FOR**

DR. STEVEN GREER                     :      **THE DISBURSEMENT OF**

200 RECTOR PLACE 35F               :      <u>**FUNDS PAID INTO COURT**</u>

NEW YORK, NEW YORK 10280         :

                                           :

                         Respondent      :

— — — — — — — — — — — — — — — — — — — — — — — — X

DEBORAH RIEGEL, an attorney duly admitted to practice law before the Courts of the

State of New York, hereby affirms under penalty of perjury, as follows:

       1.       I am a member of the law firm Rosenberg & Estis, P.C., attorneys for petitioner-

landlord, Mariners Cove Site B Associates ("Landlord"), and as such, I am familiar with the facts

and circumstances set forth herein.

       2.       I submit this affirmation in support of Landlord's motion for an Order:

         i.        Determining that Landlord is the prevailing party in this
                  proceeding;

        ii.        Entering a money judgment in favor of Landlord and against Dr.
                  Steven Greer ("Tenant") for the attorneys' fees, costs and
                  disbursements incurred by Landlord herein in the amount of
                  $106,786.30, plus interest; or, in the alternative

       iii.       Setting this matter down for a hearing to determine Landlord's
                  attorneys' fees, costs and disbursements that it may recover from
                  Tenant;

       iv.       Pursuant to CPLR 2606, directing the Commissioner of Finance to
                  release and pay to petitioner Mariners Cove Site B Associates the
                  $44,135.00 deposited, plus accrued interest, less lawful fees, and
                  mail said funds to Mariners Cove Site B Associates c/o Rosenberg
                  & Estis, P.C., 733 Third Avenue, New York, NY 10017, Attn:
                  Deborah Riegel; and

v.      For such other and further relief as this Court deems appropriate.

## PRELIMINARY STATEMENT

3.      By four Orders and Decisions, each dated January 28, 2016 (the "Final Orders"; Exhibit A), this Court denied three of Tenant's motions and granted Landlords' motion to strike and ordered the entry of a judgment of possession and a money judgment in the amount of $44,135.00 (the "Judgment"; Exhibit B) in favor of Landlord and against Tenant.

4.      Tenant's subsequent motions for a stay of his eviction pending appeal and/or for relief from the Final Orders were all denied and Respondent was evicted from the Premises on or about April 8, 2016.  The various appellate orders, as well as those of the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit are annexed hereto as Exhibits D, E, G, I, and J.

5.      Based upon the foregoing, Landlord is unquestionably the prevailing party in this proceeding.  Landlord's instant motion for attorneys' fees and costs is based upon sections 15(C)(2) and 17(E) of the subject lease, which give Landlord the right to obtain and collect its attorneys' fees and costs in connection with the Tenant's failure to vacate the Premises following the expiration of the term of the subject lease (the "Lease"; Exhibit F).

6.      As set forth herein, Landlord obtained all of the relief it sought by its petition (i.e. a judgment of possession, warrant of eviction, and money judgment for use and occupancy) while Tenant's affirmative defenses and counterclaims were all summarily dismissed.

7.      What follows below (in additional to the hefty size of the Court file) demonstrates that the fees in this proceeding were necessary and reasonable in light of Tenant's voluminous, rambling, disorganized, legally-incorrect, and typo-ridden court filings, each of which Landlord was required to respond to.

8.     Landlord also seeks an order pursuant to CPLR 2606 directing the Department of Finance to release and pay the $44,135.00 paid into Court by Tenant for the purpose of paying the $44,135.00 money judgment issued by the Court in this proceeding to Landlord.

9.     Accordingly, Landlord's motion should be granted in its entirety.

## RELEVANT FACTS

10.     Landlord is the owner and landlord of 200 Rector Place, New York, New York, Apartment 35F (the "Premises").

11.     Tenant's Lease for the Premises expired on April 30, 2014 and Tenant held over, thereafter, without Landlord's consent.

### The Instant Proceeding

12.     The instant proceeding was commenced by service of a Notice of Petition and Petition (the "Petition") and was returnable on May 14, 2014.

13.     Landlord's counsel at the commencement of the case was the Abramson Law Group PLLC.

14.     Issue was joined by service of Tenant's answer on or about May 28, 2014. Tenant twice amended his answer prior to the return date on June 25, 2014.

15.     Landlord thereafter moved for summary judgment, which motion was initially returnable on August 7, 2014.  Tenant cross-moved to dismiss the Petition.

16.     On November 13, 2014, the Housing Court heard argument on the then-pending motion for summary judgment and Tenant's cross-motion to dismiss.

17.     By Decision and Order dated March 13, 2015 ("March, 2015 Order"; Exhibit F), the Housing Court (Hahn, J.) granted Landlord's summary judgment in part, finding that:

       i.     The Premises is an unregulated condominium apartment;

      ii.     Tenant's lease expired on April 30, 2014;

- 3 -

RE\55673\0424\626981v5

    iii.    Landlord has standing to maintain this proceeding;

    iv.    Tenant was required to pay to Landlord use and occupancy;

    v.    Tenant's third affirmative defense was stricken;

    vi.    Tenant's fourth affirmative defense was stricken;

    vii.    Tenant's first counterclaim was stricken;

    viii.    Tenant's second counterclaim was stricken [Note – due to a typo, Tenant did not plead a third counterclaim];

    ix.    Tenant's fifth counterclaim was stricken;

    x.    Tenant's sixth counterclaim was stricken;

    xi.    Tenant's seventh counterclaim was stricken;

    xii.    Tenant's eighth counterclaim was stricken.

*See* March, 2015 Order; Exhibit F.

18.    The only portion of Landlord' summary judgment motion which was denied was Landlord's request to dismiss Tenant's first and second affirmative defenses and Tenant's fourth counterclaim. *Id.*

19.    Judge Hahn further denied Tenant's motion to dismiss this proceeding in its entirety and ordered Tenant to tender use and occupancy on or before April 10, 2015, in the amount of $44,135.00, for the period from April, 2014 through March, 2015, and to tender use and occupancy ("U&O") *pendente lite* through a trial decision, all at the last lease rate. *Id.*

20.    Tenant failed to comply with Judge Hahn's order to pay the $44,135.00 by April 10, 2015, or any time before the Judgment was issued.

21.     On or around April 17, 2015, Landlord filed a motion pursuant to the RPAPL §
745 to strike Tenant's answer and for a judgment of possession for Tenant's failure to pay the
$44,135.00 pursuant to the March, 2015 Order (the "Motion to Strike").

22.     At that time, not only had Tenant failed to pay the $44,135.00, but he had also
failed to tender monthly U&O that Judge Hahn also ordered.

23.     Tenant thereafter filed three frivolous motions, to wit: (i) for discovery on June
17, 2015; (ii) to amend his answer on June 19, 2015; and (iii) to dismiss, on August 7, 2015.

24.     Landlord was forced to respond to each of these motions, none of which were
granted.

25.     On or around August 5, 2015, one day after Tenant commenced a federal action[1]
against Landlord, Rosenberg & Estis was retained as counsel in this proceeding and in the
federal action.

26.     After a series of adjournments, Judge Wendt recused himself and the parties
appeared before Judge Milin on August 10, 2015 for argument on the Motion to Strike, as well
as on Tenant's three motions.

27.     Pursuant to the Final Orders, Judge Milin granted the Motion to Strike, granted
Landlord the Judgment, and denied Tenant's (i) motion for leave to conduct discovery; (ii)
motion to amend his answer; and (iii) motion to dismiss on the ground that Landlord lacks
standing.  *See* Exhibits A and B.

28.     On or around February 5, 2016, Tenant filed a motion for reargument of the
Motion to Strike (the "Reargument Motion").

---

[1]    The federal action is discussed in more detail below.

29.     By order dated February 11, 2016 (Exhibit C), Judge Milin denied Tenant's Reargument Motion, stating that "there is no dispute or legal justification to excuse the fact that respondent has failed to pay use and occupancy as directed by the order of the Civil Court dated March 13, 2015."

30.     On or around February 23, 2016, Tenant moved the Appellate Term for an order staying the enforcement of the Judgment pending the determination of the appeal.

31.     By Order dated March 15, 2016, the Appellate Term denied Tenant's motion to stay the Final Orders and Judgment pending Tenant's appeal (the "Appellate Term Order"; Exhibit D).

32.     On or around March 23, 2016, Tenant filed a motion with the Appellate Division First Department ("First Department") for a stay of the Final Orders and Judgment pending an appeal of the Appellate Term Order.  Tenant's request for an interim stay was denied.

33.     On April 8, 2016, New York City Marshal Robert Renzulli executed the warrant of eviction issued by this Court against Tenant.

34.     By an order dated June 9, 2016, the First Department, Hons. Peter Tom, Rolando T. Acosta, Rosalyn H. Richter, Sallie Manzanet-Daniels, and Ellen Gesmer presiding, denied Tenant's motion for leave to appeal the Appellate Term Order (Exhibit E).

35.     Pursuant to a court filing in the federal action described below on August 2, 2016, Tenant currently resides at 5206 Sabine Hall, New Albany, Ohio.

**The Federal Action**

36.     At this time, Landlord is not seeking reimbursement for its legal fees and costs related to the Federal Action (defined below), although it reserves the right to do so.  However, information concerning the Federal Action is set forth herein for two reasons.  First, the information helps explain to the Court certain redactions in the billing.  Second, Landlord wanted

- 6 -

to bring to this Court's attention Tenant's frivolous, wasteful, and harassing litigation tactics, waste of judicial resources, and lack of respect for judicial authority.

37.    On August 4, 2015, Tenant filed an action in the United States District Court for the Southern District of New York ("District Court"), captioned as *Steven E. Greer v. Dennis Mehiel, The Battery Park City Authority, et al.*, Case No. 15-CV-06119-AJN (the "Federal Action") for essentially the same relief sought in this Proceeding.

38.    Simultaneously upon commencing the Federal Action, Tenant filed a motion to stay this proceeding with the District Court.

39.    By a twenty-two page memorandum and order dated February 24, 2016 ("Federal Order"; Exhibit G hereto), issued <u>after</u> the Judgment was issued and with knowledge of its entry, United States District Judge Alison Nathan denied Tenant's motion for a stay, finding that there would not be any irreparable harm.

40.    On March 16, 2016, Tenant filed a motion for reconsideration of the Federal Order in the Federal Action.

41.    By Order dated March 21, 2016 (Exhibit H), Judge Nathan denied Tenant's motion for reconsideration.

42.    On March 21, 2016, Tenant filed a Notice of Appeal in the District Court.

43.    On March 23, 2016, Tenant filed a motion for a stay of the Judgment pending an appeal of the Federal Order with the United States Court of Appeals for the Second Circuit ("Second Circuit").

44.    By Order dated March 30, 2016 (Exhibit J), the Second Circuit denied Tenant's application for a stay.

- 7 -

**The Money Deposited into Court by Tenant**

45.     On or around February 22, 2016, Greer deposited $44,135.00 (the "Funds") with the Clerk of this Court.  The Funds were thereafter transferred to the NYC Commissioner of Finance by this Court.  *See* Exhibit K.

46.     Landlord requested and thereafter obtained a Certificate of Deposit from the Department of Finance certifying that the Commissioner of Finance holds, subject to order of the Court, $44,135.00, plus interest, less an Investment Fee.  A copy of the Certificate of Deposit is annexed hereto as Exhibit L.  A copy of Landlord's application to obtain a Certificate of Deposit is annexed hereto as Exhibit M.

47.     Notwithstanding that Landlord does not have possession of the deposited funds, Tenant has stated in three separate affidavits and/or affirmations filed with the Appellate Term, the First Department, and the Second Circuit, that the Judgment is paid in full.  Therefore, Landlord can only presume that Tenant believed he was paying the Judgment in full when depositing the Funds with the Court and that he has no objection to its release to Landlord.

48.     In his February 23, 2016 affidavit in support of his application for a stay to the Appellate Term (Exhibit M at ¶¶ 30 and 61), Greer stated:

> 30.    2016, February 22nd - <u>Tenant-Appellant paid in full the $44,135 money judgment to the clerk in room 225 of 111 Centre Street (Exhibit A).</u>
>
> ...
>
> 61.    Greer has been a peaceful, law-abiding, rent-paying, tenant for 14-years in his apartment.  <u>He owes no money to Petitioner</u>... (emphasis supplied)

49.     In his March 21, 2016, affidavit in support of his application for a stay to the First Department (Exhibit N at ¶¶ 27 and 38), Greer stated:

- 8 -

27. 2016, February 22nd- <u>Tenant-Appellant paid in full the $44,135 money judgment to the clerk in room 225 of 111 Centre Street</u> (Exhibit H).

...

38. When Judge Milin superseded the previous decision by Judge Hahn, which had granted Greer a housing court trial of the viable issue of violation of the RPL § 223-b anti-retaliatory eviction law, and removed Greer's right to a trial, her decision was apparently based solely on the rationale that Greer had failed to pay the $44,135 portion of the Hahn decision. <u>That entire amount of $44,135 is now paid in full</u>. (emphasis supplied)

50.    Furthermore, in a hand-written form submitted to the First Department titled "Summary Statement on Application for Expedited Service and/or Interim Relief" form (Exhibit N at page 4), Tenant writes: "Please take notice that Greer owes no money to landlord..."

51.    In his March 24, 2016 affirmation[2] in support of his application for a stay of the Judgment to the Second Circuit (Exhibit O at pp. 5 and 14), Greer stated:

<u>A housing court order for $44,135 was paid</u>, and ongoing "fair use" rent of $3,395 is being paid on time.

...

Meanwhile, Greer <u>owes no money to the landlord</u> defendants, and by him staying in his apartment, no harm will be done to the landlord. (emphasis supplied)

52.    As set forth above in statements made by Tenant to the Appellate Term, First Department, and Second Circuit, Tenant deposited the Funds in order to satisfy the Judgment and believes the Judgment to be already satisfied.

---

[2]    Tenant is not an attorney; presumably Tenant filed an affirmation rather than an affidavit in error.

## ARGUMENT

## POINT I

## LANDLORD IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES

### (i)     Attorneys' Fees Provisions Are Enforceable

53.     Lease provisions which allow for the recovery of attorneys' fees are valid and enforceable. *See, e.g., Cier Indus. Co. v Hessen*, 136 AD2d 145, 149 (1st Dept 1988).

54.     Where an appeal is taken, the prevailing party may recover the attorneys' fees and expenses incurred on appeal. *See, e.g. Senfeld v I.S.T.A. Holding Co., Inc.*, 235 AD2d 345 (1st Dept 1997).

### (ii)     The Lease Provides that Tenant Is Liable for Landlord's Attorneys' Fees for this Proceeding

55.     Pursuant to section 15(C)(2) of the Lease (Exhibit E), if the "Lease is ended by Owner[3] because of a default, or if Tenant fails to give the Apartment back to Owner when the Lease Term is over", Tenant is liable for "Owner's expenses for attorney's fees, in order to get the Apartment back from Tenant."

56.     Pursuant to section 17(E) of the Lease, "Tenant must reimburse Owner for any of the following fees and expenses Incurred by Owner":

> Any legal fees and disbursements incurred by Owner or on Owner's behalf for i) required legal notices given either under this Lease or required by law; ii) legal actions or proceedings brought by Owner against Tenant relating to this Lease or the Apartment, (including, but not limited to a lease default by Tenant, failure to move out on time or failure to timely pay Rent); and/or iii) for defending lawsuits whether brought by Tenant against Owner relating to this Lease or Tenant's occupancy of the Apartment, or by any other person against Owner

---

[3]     Landlord is referred to as "Owner" in the Lease.

RE\55673\0424\626981v5

because of the actions of Tenant or persons who
live with, visit or work for Tenant.

. . .

Owner's right to legal fees in a lawsuit is
conditioned upon whether Owner has substantially
prevailed in that lawsuit. 'Substantially Prevail' for
the purposes of determining entitlement to legal
fees, (where money is the primary issue in dispute)
will be considered as having been awarded an
amount by a court equal to at least 80% of the
amount sought in the initial demand for a liquidated
amount in the litigation… (emphasis supplied)

### (iii)   Tenant Is Liable for Landlord's Attorneys' Fees for this Proceeding Pursuant to Section 15(C)(2) and 17(E) of the Lease and Landlord Is the Prevailing Party in this Proceeding

57.   Pursuant to section 15(C)(2) of the Lease, Tenant is liable for Landlord's

attorneys' fees required to obtain possession of the Premises from Tenant.  Despite the expiration

of Tenant's Lease on April 30, 2014, Tenant refused to vacate on that date.  Landlord was

required to commence the instant summary holdover proceeding to obtain a judgment of

possession against Tenant in order to regain possession of the Premises.  Landlord only regained

possession of the Premises on April 8, 2016 when New York City Marshal Robert Renzulli

executed the warrant of eviction issued by this Court against Tenant.  Accordingly, pursuant to

section 15(C)(2) of the Lease, Tenant is liable to Landlord for all attorneys' fees and costs

related to and including the commencement and litigation of this proceeding through April 8,

2016, all of which were required to regain possession of the Premises.

58.   Section 17(E) of the Lease has an even broader attorneys' fee provision than

section 15.  Under 17(E), Tenant is liable for the cost of all notices given under the Lease and all

litigation related to this Lease and/or the Premises, provided that Landlord is the substantially

prevailing party.

- 11 -

59.     This Court has previously stated that "[a] determination of which party is the prevailing party requires an initial consideration of the true scope of the dispute litigated, followed by analysis of what was achieved within that scope." *Jocar Realty Co. v Galas*, 176 Misc 2d 534, 535-36 (NY County Civ Ct 1998) (citing *Excelsior 57th Corp. v. Winters*, 227 A.D.2d 146, 147 (1st Dept 1996)).

60.     Here, Landlord sought (other than attorneys' fees): (a) a judgment of possession; (b) a warrant of eviction; and (c) an award of use and occupancy.

61.     The Final Orders granted Landlord each and every item of relief sought by Landlord.  Furthermore, Tenant did not prevail on any of his affirmative defenses and counterclaims, all of which were dismissed by the Final Orders.

62.     Based on the foregoing, it cannot be reasonably disputed that Landlord is the prevailing party, since it received all of the relief it sought, while Tenant received none of the relief it sought.

(iv)     **Rosenberg & Estis, P.C. Billing Details**

63.     The invoices submitted by Rosenberg & Estis, P.C. ("R&E") accurately reflect the time that I and other attorneys and staff members of this firm spent litigating this case from August, 2014 through April, 2016 ("Invoices"; Exhibit Q).  The Invoices are collectively annexed hereto as Exhibit P.

64.     The full names, positions, and hourly rates of the people who appear on the Invoices are set forth in the chart below:

| ABBREVIATION IN INVOICES | FULL NAME | POSITION | HOURLY RATE |
|---|---|---|---|
| DER | Deborah E. Riegel | Member | $540.00 (2015) $570.00 (2016) |
| JRK | Joshua R. Kopelowitz | Member | $430.00 (2016) |
| IDT | Isaac Tilton | Associate Attorney | $265.00 (2015) |

|       |                    |                    | $300.00 (2016) |
|-------|--------------------|--------------------|----------------|
| ERC   | Ethan R. Cohen     | Associate Attorney | $290.00 (2016) |
| IP    | Ilya Prokopets     | Associate Attorney | $230.00 (2016) |
| DN    | Dennise Navarro    | Legal Assistant    | $180.00 (2016) |
| DCH   | Devorah C. Hirsch  | Legal Assistant    | $180.00 (2016) |
| CFJ   | Cardell F. Jones   | Legal Assistant    | $180.00 (2016) |

65.     Invoices are generated by the following process: each individual timekeeper, whether attorney or paralegal, records his/her time on a daily basis by inputting same into a software program available on each attorney or paralegal's computer. Once the month ends, R&E's accounting department creates a billing worksheet, which contains every entry billed on the matter. As the member of the firm overseeing this matter, I personally review the billing worksheet, make any necessary corrections and approve it for submission to the client (here, the petitioner).

66.     It is R&E's regular business practice to make such billing records, which are maintained in the regular course of business.

67.     The invoices annexed as Exhibit Q were created by the process set forth above in the regular course of R&E's business.

68.     The Invoices total $34,566.68. A chart setting forth the date of each Invoice and the total billed for each Invoice for this proceeding (work on the federal law suit was redacted) is below:

| Date of Invoice    | Total Billed in this Proceeding |
|--------------------|---------------------------------|
| October 31, 2015   | $2,761.22                       |
| December 31, 2015  | $2,200.49                       |
| February 29, 2016  | $7,008.09                       |
| March 31, 2016     | $22,596.88                      |
| Total              | $34,566.68                      |

- 13 -

69.     As set forth in the affidavit of Jeffrey Bodoff, The Abramson Law Group PLLC ("ALG") legal fee invoices total $72,219.62.  Accordingly, the total legal fees billed in this matter are $106,786.30 ($72,219.62 in ALG fees + $34,566.68 in R&E fees).

(v)     <b>The R&E Legal Bills Are Entirely Reasonable and Proper</b>

70.     The attorneys' fees and expenses sought herein are entirely reasonable and proper.

71.     R&E is widely recognized as one of the pre-eminent New York City law firms specializing in real estate and commercial litigation in the City of New York, providing expert representation in commercial and residential real estate transactions, litigation, administrative law proceedings and appeals.

72.     I am a 1993 graduate of Brooklyn Law School.  I have been licensed to practice in New York since 1994 and have concentrated since my admission in real estate litigation.

73.     I joined R&E as an associate in May, 1994.  I was named a member of R&E in October, 2000.  I have tried numerous cases in this Court as well as in Supreme Court and have argued appeals at every level in New York State.  I am an adjunct professor at Brooklyn Law School where I teach its only Landlord/Tenant Litigation course.

74.     A copy of my professional biography is annexed hereto as Exhibit R.

75.     Based on my experience, my hourly rate is entirely reasonable.

76.     Associate Isaac Tilton and I primarily handled this matter.

77.     Mr. Tilton has been licensed since February 2009.  Mr. Tilton is a 2008 graduate of Brooklyn Law School and has been employed by R&E since August 2015 after serving as an associate at Itkowitz PLLC for six years, a firm that also specialized in real estate litigation.  He received his undergraduate education at Tufts University, from which he graduated with a B.A. degree in 2000.

78.     In addition, the following other attorneys participated in this litigation:

- 14 -

- Member Joshua R. Kopelowitz has been admitted to practice since 2004. He is licensed to practice in New York and focuses his practice on real estate litigation. Mr. Kopelowitz went to Brooklyn Law School, graduating in 2003. Mr. Kopelowitz joined R&E in 2007 as an associate and was named a member of the firm in 2013.

- Associate Ethan R. Cohen has been admitted to practice since 2013. He is licensed to practice in New York and focuses his practice on real estate litigation. Mr. Cohen went to University of Maryland School of Law, graduating in 2012. Mr. Cohen joined R&E in 2014 as an associate.

- Associate Ilya Prokopets has been admitted to practice since 2014. He is licensed to practice in New York and focuses his practice on real estate litigation. Mr. Prokopets went to New York Law School. Mr. Prokopets joined R&E in 2015 as an associate.

79.     The rates charged by other attorneys and legal professionals at R&E vary by their experience level and position, and are not only reasonable, but are fully in line with the market rate for this type of litigation.

(vi)     **The Amount of Work Performed on this Matter Was Necessary**

80.     One need not look any further than Tenant's Court filings, each unnecessarily long, rambling, disorganized, legally-incorrect, and typo-ridden, to understand why litigating against Tenant for two years necessarily occasioned the legal fees that Landlord paid to R&E and ALG. Furthermore, Tenant is incredibly litigious, having filed numerous baseless motions in the proceedings, all of which were denied. Even after the issuance of the Final Orders, Tenant persisted with his scorched earth litigation tactics, having filed a motion to reargue the Final

- 15 -

Orders, a motion for a stay of his eviction to both the Appellate Term and the First Department, not to mention the voluminous Federal Action, under which there has already been a Second Circuit decision in Landlord's favor denying a stay of the Judgment. The Invoices annexed hereto do not include the Federal Action, which taken together with this proceeding exposes Tenant's goal of litigating in every judicial forum possible, while simultaneously ignoring each Court's findings.

81.    The Court will note that R&E and ALG substantially coordinated their representation such that once R&E was retained as co-counsel, substantially all of the work on this litigation was performed by R&E without duplication by ALG.

## POINT II

### OWNER IS ENTITLED TO AN ORDER DIRECTING THE PAYMENT OF THE FUNDS PREVIOUSLY PAID INTO COURT BY TENANT TO SATISFY THE JUDGMENT

82.    CPLR 2606, entitled "Obtaining Order for Payments out of Court," provides:

> "Unless otherwise directed by the judgment or order under which the property was paid into court, an order for the payment of property out of court shall be made only:
>
> 1.    on motion with notice to all parties who have appeared or filed a notice of claim to such property."

83.    "CPLR 2606 establishes the procedure for obtaining a court order for the payment out of court of property that was paid into court." Weinstein-Korn-Miller, NY Civ. Prac. ¶ 2606.00 (2d ed). "Unless the judgment or order under which the money was originally paid into court specifically states otherwise . . . a party seeking payment out of court must obtain a court order as prescribed by CPLR 2606." *Id.*

84.    CPLR 2606 further provides that the application:

- 16 -

shall be accompanied by a copy of the judgment, order or
other paper under which the property was paid into court
together with a certificate of the county treasurer or other
depository of the property, showing the present condition
and amount thereof, and stating separately, in the case of
money, the amount of principal and interest.

85.     As established above, Tenant deposited the Funds in order to satisfy the

Judgment.  This is confirmed in two affidavits and an affirmation filed with the Appellate Term,

First Department, and the Second Circuit.  See Exhibits N, O, and P.

86.     In conformance with CPLR 2606, a copy of the Judgment is annexed hereto as

Exhibit B.

87.     In accordance with CPLR 2606 and the procedures set forth on the NYC

Department of Finance ("NYCDF") Website[4],  Owner has obtained a Certificate of Deposit from

NYCDF and annexed the Certificate of Deposit and Application for a Certificate of Deposit

hereto as, respectively, Exhibits L and M.

88.     The Funds were <u>not</u> deposited into Court as an Undertaking.

89.     Accordingly, the Court should issue an order directing payment of the funds to

Owner.

## CONCLUSION

For the foregoing reasons, Landlord's motion should be granted in its entirety,

together with such other and further relief as the Court deems appropriate.

Dated: September 19, 2016
       New York, New York

                                        _Deborah Riegel_
                                        DEBORAH RIEGEL

---

[4]    *Available at* https://www1.nyc.gov/site/finance/sheriff-courts/courts-deposit-withdraw-court-funds.page

BODOFF
AFFIRMATION

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MARINERS COVE SITE B ASSOCIATES,        :      L&T Index No. 63974/14

                              Petitioner,    :

   -against-                               : **AFFIRMATION IN SUPPORT**
                                             : **OF MOTION FOR**
DR. STEVEN GREER                        : **ATTORNEYS' FEES AND FOR**
200 RECTOR PLACE 35F                : **THE DISBURSEMENT OF**
NEW YORK, NEW YORK 10280      : **FUNDS PAID INTO COURT**
                                               :

                              Respondent    :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JEFFREY BODOFF, an attorney duly admitted to practice law before the Courts of the

State of New York, hereby affirms under penalty of perjury, as follows:

1.      I am associated with the law firm The Abramson Law Group, PLLC ("ALG"),

attorneys for petitioner-landlord, Mariners Cove Site B Associates ("Landlord"), and as such, I

am familiar with the facts and circumstances set forth herein.

2.      I submit this affirmation in support of Landlord's motion for an Order:

       i.      Determining that Lanlord is the prevailing party in this proceeding;

     ii.      Entering a money judgment in favor of Landlord and against Dr. Steven
             Greer ("Tenant") for the attorneys' fees, costs and disbursements incurred
             by Landlord herein in the amount of $106,786.30, plus interest; or, in the
             alternative

    iii.      Setting this matter down for a hearing to determine Landlord's attorneys'
             fees, costs and disbursements that it may recover from Tenant;

    iv.      Pursuant to CPLR 2606, directing the Commissioner of Finance to release
             and pay to petitioner Mariners Cove Site B Associates the $44,135.00
             deposited, plus accrued interest, less lawful fees, and mail said funds to
             Mariners Cove Site B Associates c/o Rosenberg & Estis, P.C., 733 Third
             Avenue, New York, NY 10017, Attn: Deborah Riegel; and

     v.      For such other and further relief as this Court deems appropriate.

## The Abramson Law Group Billing Details

3.      I have carefully reviewed all of the factual statements in the Affirmation of Deborah Riegel, dated September 19, 2016 submitted herewith and I confirm that they are true and accurate to the best of my knowledge.

4.      I hereby adopt such statements as my own and incorporate them in the instant affidavit as if fully set forth herein.

5.      The invoices submitted by ALG accurately reflect the time that I and other attorneys of ALG spent litigating this case from August, 2014 through April, 2016 ("ALG Invoices").  The ALG Invoices are collectively annexed hereto as Exhibit S.

6.      I reviewed every line of the ALG Invoices and can confirm that these schedules accurately reflect the services rendered by me and by the other attorneys and staff members of ALG.

7.      At ALG, invoices are generated by the following process:  each individual timekeeper captures his/her time on a daily basis by (i) inputting same into a software program available on each attorney's computers or (ii) by writing daily time sheets which are thereafter submitted to the billing department.  On an ongoing basis, ALG's accounting department inputs the time sheets into the software program.  Once the month ends, ALG's accounting department creates a billing worksheet, which contains every entry billed on the matter.  As the attorney overseeing this matter, I personally review the billing worksheet, make any necessary corrections and approve it for submission to the client (here, Landlord).

8.      It is ALG 's regular business practice to make such billing records, which are maintained in the regular course of business.

9.      The ALG Invoices were created by the process set forth above in the regular course of ALG's business.

- 2 -

10.     Moreover, the expenses detailed in the ALG Invoices reflect my firm's actual costs in connection with the instant litigation.

11.     The ALG Invoices total $75,219.62.  A chart setting forth the date of each ALG Invoice and the total billed for each ALG Invoice for this proceeding (work on a related non-payment and federal law suit were redacted) is below:

| Date of ALG Invoice | Total Billed in this Proceeding |
|---|---|
| June 9, 2014 | $2,294.61 |
| July 3, 2014 | $2,575.90 |
| August 4, 2014 | $17,691.21 |
| September 8, 2014 | $7,607.50 |
| October 20, 2014 | $2,036.50 |
| November 4, 2014 | $3,124.50 |
| December 5, 2014 | $3,640.00 |
| January 6, 2015 | $97.50 |
| February 1, 2015 | $260.00 |
| March 6, 2015 | $227.50 |
| April 8, 2015 | $346.50 |
| May 5, 2015 | $14,450.50 |
| June 4, 2015 | $2,989.33 |
| July 6, 2015 | $12,285.00 |
| August 5, 2015 | $98.57 |
| September 4, 2015 | $1,625.00 |
| October 6, 2015 | $0.00 |
| January 8, 2016 | $32.50 |
| March 4, 2016 | $690.00 |
| April 6, 2016 | $147.00 |
| **Total** | **$72,219.62** |

## The ALG Legal Bills Are Entirely Reasonable and Proper

12.     The attorneys' fees and expenses sought herein are entirely reasonable and proper. ALG specializes in landlord tenant law and has a great deal of expertise in the area.

13.     I graduated from Hofstra University School of Law in 1988 and joined ALG as an associate in March, 1990.  I obtained a B.A. from Yeshiva University in 1985.  I hold the title of

- 3 -

Director of Landlord & Tenant Litigation at ALG. I frequently appear in Supreme and Housing Court, and in the Appellate Courts of New York State. My primary area of expertise is landlord-tenant and real estate litigation.

14.     A copy of my resume is annexed hereto as Exhibit T.

15.     Based on my experience, my hourly rate of $325.00 is entirely reasonable.

16.     The vast majority of the billing in the ALG Invoices is attributable to "JB", which are my initials. There is also work under the initials ASG and DSA.

17.     DSA stands for David Abramson, an attorney admitted in the state of New York since 1981. David Abramson is the founder of ALG. David is a "Preeminent AV" rated lawyer and is known in the legal community as an extremely creative, practical litigator and deal maker. David is a well recognized expert in real estate litigation including Landlord and Tenant matters. David has significant experience at the bar as trial and appellate counsel. Based on my experience, Mr. Abramson hourly rate of $395.00 is entirely reasonable.

18.     ASG stands for Adam S. Goodman, an attorney admitted in the state of New York since 2014. Adam Goodman has been an associate with ALG since 2013. Adam received a B.S. from Cornell University in 2006, and received his J.D. from the Drexel University Thomas R. Kline School of Law in 2013. Adam specializes in civil litigation, primarily focusing on Landlord and Tenant litigation, commercial, intellectual property and employment litigation. Adam regularly appears in Supreme and Housing Court. Based on my experience, Mr. Goodman's hourly rate of $275.00 is entirely reasonable.

- 4 -

19.     The rates charged by other attorneys and legal professionals at ALG vary by their experience level and position, and are not only reasonable, but are fully in line with the market rate for this type of litigation.

Dated: September 15, 2016
       New York, New York

_____
JEFFREY BODOFF

RE:55673\0424\62698 1v5