**Steven Greer, M.D.**
4674 Tatersall Court
Columbus, Ohio 43230
(212) 945-7252
steve@batterypark.tv

_____

February 28, 2017

**Judge James L. Cott**
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
(212) 805-0250

Re: *Greer v. Mehiel, et al*, Civil Action No. 1:15-cv-06119 (AJN)(JLC)

Dear Judge Cott:

      I am the *pro se* Plaintiff in the instant matter of *Greer v. Mehiel, et al.* and am writing this letter to request a conference call to discuss my motion to compel the BPCA to reply faster to document requests and interrogatories, as well as my opposition to a new "ESI" protective order to cover electronic documents.

      Your Honor, the new lawyers for the BPCA, who normally handle criminal defendants, are engaging in classic obfuscation and stall tactics.

      On December 16th, 2016, I served the BPCA my interrogatories. They objected to them in total, citing FRCP that limits interrogatories essentially to just the nature of documents that may or may not exist. I then sent revised interrogatory questions on February 17th, 2017, and they have not yet replied.

      On February 17, 2017, I sent the BPCA a second set of document requests. <u>The BPCA lawyers now want to have until March 17th to reply, despite the real estate defendants and myself agreeing on March 1st as the deadline.</u> Your Honor, I urgently need the information requested in my document requests in order to begin contacting people for depositions. <u>I cannot wait until March 17th before I even begin serving the deposition notices.</u>

      Finally, the BPCA's desire to have a second "ESI" protective order, which will do nothing other than harass me by requiring the evidence to be processed in an overly burdensome way, is unnecessary given that the protective order already in place covers electronic documents.

      During our meet and confer call today (February 28, 2017, at 3:30 PM), lawyers Tremonte and Gunnell for the BPCA either could not, or refused to, explain why a second protective order was necessary. I challenged the very premise that one was necessary. We went around in circles, with lawyer Tremonte belligerently talking over me as he dodged the question, refusing to discuss the inadequacies of the original protective order that supposedly necessitate a second ESI.

      Eventually, the BPCA seemed to give up on asking for a new ESI protective order, and instead tried to come to terms with what type of format the emails would be delivered in.

1

**Steven Greer, M.D.**
4674 Tatersall Court
Columbus, Ohio 43230
(212) 945-7252
steve@batterypark.tv

___

  Mr. Tremonte kept making vague references accusing me of previously not providing them complete emails, but they refused to give me a single example. I was finally able to get them to look at my document request reply of February 1. Then, senior lawyer Tremonte could not point out the alleged incomplete emails that I supposedly "cut and pasted". After a few minutes, lawyer Gunnell spoke up after he had reviewed my document request replies and pointed to request No. 60. However, in that reply of mine, <u>I did indeed give them the entire email, including the time and date stamp, in PDF format.</u> Lawyer Tremonte then became embarrassed and wanted to change the topic by accusing me of being "abusive". He then hung up and ended the call without my consent.

  The bottom line, Your Honor, is that I have already provided the real estate defendants with dozens of pages of complete emails, in PDF format, without any complaint from them. That is the method by which I have provided email evidence not only in this federal complaint, but also in housing court briefs. No judge or opponent has ever complained about my methods. Moreover, when I insisted that the BPCA lawyers explain how I have failed to provide complete emails, they were unable to do so and hung up on the meet and confer conference call.

  I am requesting a date with this Court to go over these problems brewing with the BPCA lawyers. <u>I seek to have this Court compel them to answer document request and interrogatories on time with the real estate defendants. I also oppose the very premise that a second protective order is needed</u>.

  Your Honor, I have one final note. It is now apparent to me that the BPCA lawyers are going to try to leverage previous statements in your orders, which warned me to not be insulting or abusive, and fabricate allegations that I have been abusive and insulting, thinking that they have a found a vulnerability. If the BPCA lawyers do indeed make such allegations, then they should be required to state in detailed quotes the entire paragraph of the conversation where this supposedly occurred. The lawyers are skilled at flustering witnesses in criminal court and routinely force me to raise my voice as they speak over me or repeat the same thing many times. It is all a strategy of theirs, honed in white-collar criminal courts, and why I was so trepidant to go to their offices for depositions.


Sincerely,

*Steven Greer*

Steven E. Greer, MD

2