**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **STEVEN E. GREER**, MD<br><br>Plaintiff;<br><br>v.<br><br>**ROBERT SERPICO and**<br>**THE BATTERY PARK CITY AUTHORITY**<br><br>Defendants. | CIVIL ACTION NO.<br><br>**15-CV-6119 (AJN)(JLC)**<br><br>PLAINTIFF'S SECOND DEMAND<br>FOR DOCUMENTS |

Steven Greer, pro se
4674 Tatersall Court
Columbus, Ohio 43230
(212) 945-7252
steve@batterypark.tv

**PLEASE TAKE NOTICE** that, pursuant to FRCP 26, and the applicable rules of the court, Plaintiff STEVEN E GREER hereby requests and demands that Defendants ROBERT SERPICO and The BATTERY PARK CITY AUTHORITY ("BPCA") respond to the following First Set of Requests for Production of Documents described herein, and provide them in electronic PDF form via email to steve@batterypark.tv, and hardcopy to the address of 4674, Tatersall Court, Columbus, OH 43230, within twenty (20) days after the service of this request (the "Request").

## DEFINITIONS

1.  The term "communication" shall mean any conversation, discussion, letter, memorandum, e-mail, instant message, Blackberry message, Bloomberg message, meeting, note or other transfer of information, whether written or oral or by any other means, whether direct or indirect, formal or informal or any abstract thereof.

2.  Document is used in the broadest sense and includes, without limitation, and by way of illustration only and not by way of limitation, all written or graphic matters of every kind and description, whether printed or reproduced by process, or written or produced by hand, whether final, draft, original or reproduction, including: letters, correspondence, memoranda of telephone or personal conversations, microfilm, microfiches, telegrams, books, magazines, newspapers advertisements, periodicals, bulletins, circulars, brochures, pamphlets, statements, notices, advertising layouts, trade letters, press releases, reports, rules, regulations, directives, teletype or telefax messages, electronic mail, computer hard drives, computer disks, minutes or records of meetings, inter-office communications, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, routing slips, time sheets, logs, movies, tapes (or visual or audio

reproductions), records, drawings, blueprints, sketches, plans, graphs, charts, photographs, shipping papers, purchase orders, phonograph records, data processing paper results, data printouts and computation (both in existence and stored in memory components), transcripts of oral statements of testimony, reports of or summaries of interviews, reports of or summaries of investigations, opinions or reports of consultants, forecasts, opinions of counsel, court papers, any and all other data, compilations or information resources from which information can be obtained or translated, if necessary, through detection devices in a reasonably useable form, or material similar to any "document" or "documents" as used herein.

      3.      The terms "document" or "documents" as used herein also include the original of any document in whatever form or media it may exist, and all copies of each document, including copies of all sides or sheets thereof, and any marks thereon, including by way of illustration only and not by way of limitation, initials, stamped indicia, or any comment or notation of any character not a part of the original text, or any reproduction thereof.

      4.      Document means, without limitation, all communications, tape and all other electronic recordings, computer disks, summaries and transcripts of the foregoing, reports, correspondence, telegrams, memoranda, summaries and records of personal conversations or interviews, diaries, records, books, summaries and records of telephone conversations, letters, e-mails, accounts, account statements, work papers, telex files, teletype, telegrams, contracts, notes, marginal notations, photographs, ledgers or other records of original entry, checks (back and front), bills, invoices, receipts, documents of title, drafts of any of the foregoing, if applicable, and any other document, recording, or writing of whatever nature and description.

5.      In responding to the demands herein, all designated documents in your possession, custody or control are to be produced. This includes documents in the possession, custody or control of any attorneys, or any third-party or parties to whom you have surrendered possession, custody or control, or who upon your request would surrender possession, custody or control to you.

6.      In the event that any document is to be withheld on the basis of a claim of privilege, or not produced for any other reason, that document is to be identified as follows: whether original or draft, manner of recording or reproduction, addressor(s), addressee(s), author(s), indicated or blind copies, date(s) of preparation, subject matter, number of pages, and attachments, all persons to whom distributed or show, present custodian, nature of the privilege or reason for non-production, and the facts and grounds constituting the nature and basis of each such privilege or reason.

7.      If any document is produced in redacted form, that portion of the document, which is redacted is to be identified and the response is to identify the ground(s) for producing the document in redacted form.

8.      In the event than any document called for has been lost or destroyed, that document is to be identified as follows: whether original or draft, manner of recording or reproduction, addressor(s), addressee(s), author(s), indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of loss or destruction, reason for destruction, person authorizing destruction, person destroying document, and custodian of the document at the date and time of loss and destruction.

9. If you cannot produce documents in response to a request because no documents have ever existed, so state in writing.

10. These document requests shall be deemed continuing, so as to require seasonable supplemental or amended production if you receive or generate additional documents in the designated categories between the time of original production and time of the trial.

11. Communication includes every manner of transmitting or receiving information, opinions, and thoughts, orally, in writing, or otherwise, and shall include conversations as well as the definition of document as set forth in paragraph "1" above.

12. As used herein, "similar" shall mean having a likeness or resemblance, showing resemblance in qualities, and/or characteristics; alike but not identical.

13. Identify, when used in the reference to an individual, means to state his or her full name, present or last known home and business address and telephone numbers, present or last known position or business affiliation, position or business affiliation at the times in question in this litigation, all positions held, and nature of his or her connection or involvement with this action.

14. Identify, when used in reference to a firm, partnership, corporation, liability company or company, means to state its name, the name under which it does business, the nature of its business, its addresses and telephone numbers, and the name of the individuals at the entity that were involved in this matter.

15. Identify, when used in reference to a document, means to state its date, its author, type of document (e.g., letter, memorandum, telegram, agreement, contract, tape recording, etc.), a description of its contents or substance, its present location or custodian, and each recipient of it or a copy of it.

16. Identify, when used with reference to oral communications means to state the:

   a. Identity of the person(s) participating in each such oral communication;

   b. The substance of each oral communication made by each person identified;

   c. To whom each such oral communication was made;

   d. The date(s) of each such oral communication;

   e. The location where such oral communication was made;

   f. Whether made by telephone and, if so, the identity of the party making the call, the identity of the party to whom made, from where made, and to where made;

   g. Whether there were any witnesses to such oral communications and, if so, identify such witnesses; and

   h. Whether there are any documents constituting notes, memoranda or other evidence of such oral communications and if so, identify such documents.

17. Identify, when used in a reference to a tangible object, means to describe the object including stating its manufacturer, model number, and serial number, if any.

18. Words importing the masculine, feminine, or neuter gender shall be construed to include any or all of the three genders, as the context requires.

19. "State" means to set forth fully and unambiguously every fact, relevant to the answer called for by the demands, of which defendant has knowledge, and to:

   a. Set forth all facts of which defendant has knowledge which form the basis of the allegation; and

   b. Where acts or activities are involved, identify all persons who performed each act, the person on whose behalf such acts were performed, and the date and nature of each act; and

  c. Identify all documents relating to the facts or acts described in answer to the relevant demands; and

  d. Identify all oral communications relating to the facts or acts described in answer to the relevant demands; and

  e. Identify all persons having knowledge of the facts or acts described in answer to the relevant demands; and

  f. Identify the source of the information set forth and the date or approximate date on which the information was communicated to the affiant.

20. The conjunctives "and" and "or" shall be construed as requesting the broadest and most inclusive response called for in the context of each particular interrogatory. These terms are intended to be interpreted synonymously and to encompass both the conjunctive and the disjunctive.

21. "Person" means an individual, corporation, proprietorship, partnership, professional corporation, trade association, group, governmental agency or agent, receiver, or trustee in bankruptcy or other insolvency proceedings

## INSTRUCTIONS

A. Unless otherwise indicated, the documents covered by this request shall include all documents in the possession, custody or control of Defendants that were generated or received, or otherwise came into existence or were utilized, from the period January 1, 2013 to the date of production unless otherwise stated in the request.

B. Documents to be produced include, without limitation, any responsive document that was or is prepared, kept, or maintained for the personal use, in the personal files, or as the personal property of any employee, officer, agent or representative of Defendants.

  C. A request for any documents shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

  D. A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto, in addition to the document itself.

  E. If Defendant withholds any documents covered by this request by reason of a claim of privilege, a list is to be furnished identifying each such document together with the following information: (i) the date of the document; (ii) the names of its author, authors, or preparers and an identification by employment, and title of each person; (iii) the name, employment and title of each person (a) to whom the document was sent or furnished, or (b) who viewed or has custody of the document; (iv) a brief description of the document sufficient to permit the Court to adjudicate the validity of the privilege claimed; (v) a statement of the basis for the claim of privilege; and (vi) the paragraph of this request to which the document relates. In the case of any document relating in any way to a meeting or to any other conversation, all participants in the meeting or conversation arc to be identified.

  F. If any request for production of documents contained herein is claimed to be objectionable, then:

  G. The portion of such document production or request that is claimed to be objectionable shall be identified and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the Court to adjudicate the validity of the objection; and

H. Any document withheld from production pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the Court to determine that such document falls within the scope of the objection; and

I. Documents shall be produced in response to any portion of any such document production request not claimed to be objectionable.

J. This Request is a continuing one and requires further and supplemental production by Defendants as and whenever Defendants acquire or make additional documents between the times of the initial production hereunder and the time of the trial in this action.

K. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, provide a schedule identifying:

    a. Each document, including the date, nature, subject matter, author(s), and recipients;

    b. The last known custodian of the documents;

    c. The date the document was lost, discarded, or destroyed;

    d. The reason(s) for losing, discarding, or destroying the document

    e. Each person having knowledge of the document; and,

    f. Each person having knowledge of the circumstances of the document's loss, discard, or destruction.

L. When producing a document, you are requested to also produce all non-identical drafts thereof and all copies thereof upon which are placed any additional or different marks or notations.

## **DOCUMENTS REQUESTED**

1. After a specific defined electronic search of the computers and storage methods for emails, from the date range of 1/1/2012 through 8/4/2015, provide any all emails which mention, "Steven Greer", "Greer", "200 Rector Place", or any nickname assigned to Plaintiff by BPCA staff, "BatteryPark.TV", "Steve Rossi", "Milford Management", "Janet Martin", "Loraine Doyle", to list some of the search words that might be within emails discussing Plaintiff. The purpose of this request is to demonstrate that the defendants were planning the conspiracy against Plaintiff.

2. The specific documents that detail the lease between the BPCA and the real estate defendants for the office space in the ground floor of 200 Rector Place. This should include the RFP for the construction process, the actual lease, and any communications among BPCA staff that discuss the need for the office space. The purpose is to demonstrate that the lease was for office space not needed by the BPCA and was really a *quid pro quo* payback as part of the conspiracy and collusion alleged in the complaint.

3. The specific documents that detail the location of all office space for the BPCA within the Battery Park City region. The large lease documents are not essential. We simply seek the locations and size in square footage of the entirety of the footprint of BPCA office space. The purpose is to show that the lease for space in 200 Rector Place was not needed.

4. Specific documents, from 1/1/2013 through to current day, that directly relate to the scheme to set up a video viewing room on the parks office on West Thames in which members of the public could view the board meetings. The purpose of this request is to detail the planning and strategy for the violation of Plaintiff's First Amendment rights to report on the board meetings.

5. From 1/1/2013 to 8/4/2015, documents that pertain to any meeting of any kind between Robert Serpico or any BPCA staff or board members, with any of the real estate defendants or employees of the real estate defendants. Logs from the sign-in desk on the 24th floor BPCA offices are to be included. The purpose of this request is to detail the communications and strategy for the conspiracy alleged in the complaint.

6. Documents that relate to BPCA defendants' personal real estate transactions, such as the sale of apartments by Howard Milstein or Mariners Cove Site B Associates to BPCA staff and board members, ever.  The purpose of this request is to demonstrate an unusually cozy relationship that would be essential in order to have the conspiracy alleged in the complaint.

7. Documents that prove Defendants' claim that Plaintiff was disruptive during BPCA board meetings.

8. The addresses, email contacts, and phone contact information for the following BPCA staff, or former staff:

- Dennis Mehiel
- Shari Hyman
- Robert Serpico
- Kevin McCabe
- Alix Pustilnik
- Seema Singh
- Robin Forst
- Brenda McIntyre
- Tessa Huxley
- Vince McGowan
- Anne Fenton
- Matthew Monahan
- Kirk Swanson
- Demetrios Boutris
- Andrew Rafalaf
- The wife of Deshay Crabb
- Deshay Crabb
- Elizabeth Papanicolaou
- Nancy Harvey

- Allison Ford

The purpose of this request is to learn more about possible witnesses to be called by Plaintiff or to be deposed.

PLEASE TAKE NOTICE, that failure to respond to these demands will be deemed a waiver as to the use of an expert by Defendants at the time of trial, and that, in such a case, a preclusion order will be sought by Plaintiff enforcing such waiver.

PLEASE TAKE FURTHER NOTICE, that this demand is continuing in nature and accordingly, must be supplemented or modified as soon as information contained in any response hereto becomes inaccurate or incomplete.

Dated: New York, New York
February 17, 2017

Sincerely

*/s/ Steven Greer*
STEVEN GREER
4674 Tatersall Court
Columbus, Ohio 43230
(212) 945-7252
Steve@batterypark.tv

To:   Justin Gunnell and Michael Tremonte of Sher Tremonte LLP