UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN E. GREER,

                Plaintiff,

   -against-

DENNIS MEHIEL, ROBERT SERPICO, THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY, HOWARD MILSTEIN, STEVEN ROSSI, JANET MARTIN, MILFORD MANAGEMENT and MARINERS COVE SITE B ASSOCIATES,

                Defendants.

Case No. 15-cv-06119 (AJN) (JLC)

**JOINT STIPULATION REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

      Pursuant to this Joint Stipulation Regarding Production of Electronically Stored Information (the "ESI Stipulation"), the undersigned parties shall undertake the following responsibilities as to documents, if any, originating in electronic form, *i.e.*, electronically stored information ("ESI").

**I.**    **Purpose**

      This ESI Stipulation shall govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

**II.**    **Production Format**

      Standard documents, emails, and presentations originating in electronic form shall be produced in searchable Portable Document Format (".pdf") files. Documents shall be produced as separate .pdf files (i.e., in the case of emails, each email shall be produced as a separate .pdf file) and in the order they were stored in the ordinary course of business. Spreadsheets shall be produced in their native format, and the parties shall indicate clearly the emails to which such spreadsheets were attached.

**III.     Global De-Duplication**

The Parties shall make reasonable efforts to de-duplicate ESI to avoid substantially duplicative productions.

**IV.     Bates Numbering Documents**

All materials produced pursuant to this ESI Stipulation shall bear a Bates Number, *i.e.*, each ESI document must bear a unique, consistently formatted identifier, consisting of an alphabetical prefix together with a fixed length number (*e.g.*, ABC0000001). The parties shall ensure that this Bates Numbering format remains consistent, and is sequential, across all ESI productions. The number of digits in the numeric portion of the format should not change in sequential productions.

**V.      Production Media**

The parties shall produce all ESI on external hard drives or solid state drives, or by means of such other readily accessible computer or electronic media as the parties shall agree on (the "Production Media"). The producing party shall label the Production Media by means of a legible external label, which shall clearly indicate the name of the producing party, the production date, the Bates Numbering range contained within the Production Media, and the sequential number of the Production Media (e.g., the first Production Media produced by a party shall be labeled "Party's Production Media 001", the second "Party's Production Media 002," and so forth).

**VI.     Not Reasonably Accessible Data**

The parties agree that their collections of ESI in satisfaction of their discovery obligations in this litigation may exclude the following categories of data: (a) backup tapes or systems; (b) personal files of party employees on computers owned personally by the employee and/or not

primarily used for business purposes, used in place of a company-owned computer, or reasonably expected to contain any responsive documents that are not duplicates or near duplicates of responsive documents, unless the parties agree in writing otherwise and for good cause shown; (c) unallocated space and fragments, meaning that the parties are only interested in the collection of active and intact files, such as formats in Microsoft Word®, PowerPoint®, Excel®, and any other format that allows users to modify the data in a file.

**VII.   Redaction of Information**

If the redaction is based on one or more claims of privilege, the producing party shall supply a list of the documents for any such claim or claims of privilege, indicating the grounds for the redaction and the nature of the redacted material in a duly-prepared privilege log, as described in Section XIII of this ESI Stipulation.  During the pendency of the litigation, an electronic copy of the original unredacted data shall be securely preserved in such manner so as to preserve without modification, alteration, or addition the content of such data including any metadata associated therewith.

**VIII.  Handling of Privileged Matter**

Inadvertent production of matter subject to claims of privilege or of protection as trial preparation material shall be governed by the Confidentiality Order.

**IX.   Cooperation**

The parties shall meet and confer, as reasonably required, to exchange information regarding issues associated with any electronic production of discoverable ESI, including but not limited to procedures, privilege issues, issues involving redaction, and structure or document delivery mechanisms.

X.     **Color for Interpretation Required**

Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving may request that the document be produced in color (whether electronic or paper).

XI.    **Search Protocol**

The parties agree to employ reasonable methods of searching for identifying potentially responsive ESI materials.  No later than the date on which a producing party produces ESI materials to a requesting party, the producing party shall identify to the requesting party, by email or other writing promptly transmitted by facsimile or certified U.S. mail or FedEx, the search terms it used, the custodians of the ESI that was searched, and the date ranges within which potentially responsive ESI materials were sought (the "Search Protocol").  The requesting party may object within five (5) business days of receipt of the producing party's identification of its Search Protocol.  If the requesting party timely makes such an objection to the producing party's Search Protocol, then the parties shall schedule a meet and confer within seven (7) business days to attempt to resolve the requesting party's objection.  If the parties are not able to reach agreement as to the objection, the requesting party shall raise its objection with the Court within seven (7) business days after the parties' meet and confer.  If the requesting party fails to make a timely application to the Court pursuant to this provision, the objections shall be deemed waived and the requesting party shall be precluded from further objecting to the producing party's Search Protocol.

**XII.    Use at Trial Depositions or at Hearings**

The use of documents produced pursuant to this ESI Joint Stipulation at trial, depositions, or hearings will be governed by the Stipulation and Order Governing the Production and Exchange of Confidential Information entered by the parties and to be so ordered by the Court (the "Confidentiality Order").

**XIII.    Privilege Log**

A privilege log listing documents withheld on the basis of privilege, if any, shall be provided within 15 days following the corresponding document production.

**XIV.    Confidentiality and Incorporation of Confidentiality Order**

The parties shall designate ESI according to the terms of the Confidentiality Order and all terms of the Confidentiality Order remain in full force and effect and apply to ESI produced pursuant to this ESI Joint Stipulation.

**XV.    Modification**

This ESI Joint Stipulation may be modified by a stipulation of the parties in writing or by the Court for good cause shown.

Dated: February___, 2017

                                                        STEVEN GREER

                                        _____
                                        Steven Greer
                                        4674 Tatersall Court
                                        Columbus, Ohio 43230
                                        Phone: (212) 945-7252

                                        *Pro Se Plaintiff*

SHER TREMONTE LLP

_____

Michael Tremonte
Justin J. Gunnell
Michael Gibaldi
80 Broad St., 13th Floor
New York, New York  10004
Phone: 212-421-2150

*Attorneys for the Battery Park City Authority and Robert Serpico*

ROSENBERG & ESTIS, P.C.

_____

Deborah E. Riegal
Isaac Tilton
733 Third Avenue
New York, New York 10017
Phone: (212) 551-8441

*Attorneys for Howard Milstein, Steven Rossi, Janet Martin, Milford Management and Mariners Cove Site B Associates*

**SO ORDERED:**

_____
            U.S.D.J.