UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

STEVEN E. GREER, MD,

                    Plaintiff,

   -against-

DENNIS MEHIEL, ROBERT SERPICO, THE
BATTERY PARK CITY AUTHORITY, HOWARD
MILSTEIN, STEVEN ROSSI, JANET MARTIN,
MILFORD MANAGEMENT, and MARINERS COVE
SITE B ASSOCIATES,

                    Defendants.

------------------------------X

ECF CASE

CIVIL ACTION NO.
15 CV 6119 (AJN)(JLC)

**LANDLORD DEFENDANTS'
RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST
REQUEST FOR
PRODUCTION OF DOCUMENTS**

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Howard

Milstein, Steven Rossi, Janet Martin, Milford Management, and Mariners Cove Site B

Associates (collectively the **"Landlord Defendants"**), by their attorneys, Rosenberg & Estis,

P.C., hereby respond and object to plaintiff Steven E. Greer's (**"Plaintiff"**) First Demand for

Documents From Real Estate Defendants, dated January 30, 2017 (the **"Requests"** or

**"Request"**), as follows:

**GENERAL OBJECTIONS**

       To avoid undue and unnecessary repetition, Landlord Defendants make the following

general and continuing objections to the Requests (**"General Objections"**). All General

Objections apply to the responses to each item, and specific references to these objections in the

particular response is intended for emphasis only. Failure to list a General Objection is not

intended, nor should it be construed, as a waiver of that objection. Any objection or lack of

objection to any portion of a particular Request is not to be deemed an admission that Landlord

Defendants have documents sought in the Request:

1.      Landlord Defendants object to the Requests insofar as they purport to require the production of any privileged communication or of an attorney's work-product on the ground that such Request is impermissible under Rule 26(b) of the Federal Rules of Civil Procedure and other applicable laws and rules.

2.      Landlord Defendants object to the Requests insofar as they purport to require the production of documents outside the possession, custody or control of Landlord Defendants on the ground that such discovery is overly broad and unduly burdensome.

3.      Landlord Defendants object to the Requests insofar as they purport to require Landlord Defendants to account for documents that are no longer in their possession, custody or control or in existence, on the grounds that such a requirement is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Landlord Defendants object to the Requests to the extent that they would require the production of documents either generated by Plaintiff or in Plaintiff's possession, custody or control.  It would be unduly burdensome to require Landlord Defendants to produce such documents and, accordingly, Landlord Defendants will not produce such documents, but hereby reserves the right to use and/or rely on any document heretofore or hereafter produced by Plaintiff.

5.      Landlord Defendants object to the Requests to the extent that they concern information already known to Plaintiff or information peculiarly within Plaintiff's sphere of knowledge.

6.      Landlord Defendants object to the Requests as unduly burdensome to the extent that they seek to require the production of voluminous documents without specifying with reasonable particularity the documents requested.

- 2 -

7.    Landlord Defendants object to the Requests to the extent that they seek the production of documents which are available as public records.

8.    Landlord Defendants object to the Requests to the extent that they seek the production of documents in a vague, misleading, nonsensical, and/or ambiguous manner.

9.    Landlord Defendants object to the Requests to the extent that they seek documents which are neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Landlord Defendants object to the Requests to the extent that they seek documents concerning claims that were summarily dismissed by this Court's Memorandum and Order dated September 30, 2016 (the "**Dismissal Order**"; ECF No. 187).

11.    Landlord Defendants object to the Requests to the extent such Requests were already precluded and/or deemed to be irrelevant to Plaintiff's First Amendment claim by this Court's Memorandum Order dated January 18, 2017 (the "**Discovery Order**"; ECF No. 228).

## RESERVATIONS

1.    Landlord Defendants reserve the right to challenge the competency, relevancy, materiality and admissibility of, or to object on any grounds to, the use of any of the documents produced during pre-trial disclosure, at the trial of this or any other action or proceeding.

2.    Landlord Defendants reserve the right to rely on any facts, documents or other evidence that may develop or come to Landlord Defendants' attention during the course of this matter. Landlord Defendants' responses, as set forth herein, are based upon information and documents presently known to, or in the possession of, Landlord Defendants or their attorneys. Landlord Defendants responses are set forth herein without prejudice to their right to assert additional objections or supplement their responses should Landlord Defendants discover additional information, documents, or grounds for objection during the course of this matter.

- 3 -

Landlord Defendants reserve the right to supplement, modify or amend these responses and objections prior to trial.

3.      Neither the indication that documents will be produced nor an objection to a particular Request is intended to indicate that any responsive documents necessarily exist.

## REQUESTS AND RESPONSES

## DOCUMENTS

### Request No. 1

Particular documents, communications, and correspondences concerning the subject matter of this action.

### Response to Request No. 1

Landlord Defendants object to this Request as vague, overbroad and unduly burdensome. Subject to this and the General Objections set forth above, Landlord Defendants shall produce documents responsive to the Request to the extent such documents exist.

### Request No. 2

Particular documents, communications, and correspondences, which mention, *inter alia,* "Steven Greer", "Greer", "200 Rector Place 35F", any nickname assigned to Plaintiff, or "BatteryPark.TV".

### Response to Request No. 2

Landlord Defendants object to this Request as vague, overbroad and unduly burdensome. Subject to this and the General Objections set forth above, Landlord Defendants shall search its electronically stored information and produce documents containing the words ""Steven Greer", "Greer", "200 Rector Place 35F", any nickname assigned to Plaintiff [to the extent one is found to exist], or "BatteryPark.TV"", to the extent such documents exist. To the extent the results of the requested "search" includes documents not related to Plaintiff's First Amendment claim, such documents will not be produced, as they are entirely irrelevant.

- 4 -

**Request No. 3**

Particular documents, communications, and correspondences concerning the decision to not renew Plaintiff's lease.

**Response to Request No. 3**

Subject to the General Objections set forth above, Landlord Defendants shall produce

documents responsive to this Request to the extent such documents exist.

**Request No. 4**

Particular documents that you intend to use during depositions, for summary judgment, and/or at trial.

**Response to Request No. 4**

Subject to the General Objections set forth above, Landlord Defendants shall produce

documents responsive to this Request to the extent such documents exist.

**Request No. 5**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to any company employed by any real estate defendant that are contracted or paid to provide computer memory storage, email management, and other Internet provider functions.

**Response to Request No. 5**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

**Request No. 6**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to Defendant's claim that the building at 200 Rector Place is "luxury" or "condominium" Since the New York Attorney General filings are numerous, and each one several hundred pages in length, they are to be provided in electronic PDF form as well as hardcopy. A recent application to the New York Attorney General requesting permission to sell more than 300 apartments on Rector Place should be included. Judge Cott's ruling January 18th, 2017 (Dkt. No 228), which ruled that this was an improper request when made of the BPCA defendants is now under appeal (Dkt. No. 233) and a ruling is pending from Judge Nathan.

## Response to Request No. 6

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, the issues in this Request were adjudicated as per the Dismissal Order and the Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan (Dkt. No. 244). Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

## Request No. 7

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to the amount of construction work required to renovate each rental apartment after a tenant moves out. Specifically, over the last few years, apartments have been gutted, plumbing replaced, etc. Provide invoices, checks, blueprints, contracts and other documents that detail the extent of this work. Judge Nathan is set to rule on an appeal (Dkt. No. 233) whether this information is fair game for discovery and defendants should err on the side of assuming that it is. As Plaintiff explained in that appeal, this lease for space in 200 Rector Place is nothing but a quid pro quo and payback to the real estate defendants in exchange for engaging in the conspiracy with the BPCA.

## Response to Request No. 7

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan (Dkt. No. 244). Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

## Request No. 8

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to any previous tenant in any Milstein-owned building having been evicted by not having their lease renewed since 2004.

- 6 -

**Response to Request No. 8**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the Discovery Order. Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

**Request No. 9**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to the state and city tax abatement program known as "421- a" that was, or still is, honored by the BPCA, and the tax reductions to BPCA tenants, such as Mariners Cove Site B Associates, that were generated by 421-a, and when, if ever, the 421-a program agreement with Mariners Cove Site B Associates and real estate defendants expired. Judge Cott's ruling January 18th, 2017 (Dkt. No 228), which ruled that this was an improper request when made of the BPCA defendants is now under appeal (Dkt. No. 233) and a ruling is pending from Judge Nathan.

**Response to Request No. 9**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, the issue(s) in this Request were previously adjudicated as per the Dismissal Order and the Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan (Dkt. No. 244). Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

**Request No. 10**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to Defendant's claim that Mariners Cove Site B Associates, or any of the real estate defendants, paid any property taxes, or PILOT fees, at all, and if so, how much. Judge Cott's ruling January 18th, 2017 (Dkt. No 228), which ruled that this was an improper request when made of the BPCA defendants is now under appeal (Dkt. No. 233) and a ruling is pending from Judge Nathan.

RE\55673\0424\2075244v2

**Response to Request No. 10**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Furthermore, the issue(s) in this Request were previously adjudicated as per the Dismissal Order

and Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan

(Dkt. No. 244).  Accordingly, Landlord Defendants shall not produce documents responsive to

this Request.

**Request No. 11**

Particular documents, communications, and correspondences which support, evidence,
relate or otherwise pertain to details of Plaintiff's apartment lease with real estate defendants,
which were leaked to the BPCA, including who from the real estate defendants and when
provided those private documents to the BPCA. This is an extremely vital evidence chain that
will directly demonstrate a plan and action of conspiracy

**Response to Request No. 11**

Subject to the General Objections set forth above, Landlord Defendants shall produce

documents responsive to this Request, to the extent such documents exist.

**Request No. 12**

Particular documents, communications, and correspondences which support, evidence,
relate or otherwise pertain to Defendant's claim that they never conspired and colluded with the
BPCA defendants discussing details of Plaintiff's living arrangements. For example, emails from
Steve Rossi to Janet Martin might exist indicating that those defendants were in the dark as to
why Plaintiff was evicted. The lack of such documents will support Plaintiff's arguments that
lack of payment or other just reason was the cause for the eviction.

**Response to Request No. 12**

Landlord Defendants object to this Request as vague and unclear, in part because it is

impossible to disprove a negative.  Subject to the General Objections set forth above, Landlord

Defendants shall only respond to this request to the extent it seeks documents and

communications between Landlord Defendants and BPCA Defendants concerning Plaintiff, to

the extent any such communications exist.

- 8 -

RE\55673\0424\2075244v2

**Request No. 13**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to any meeting of any kind between Robert Serpico, or any BPCA staff or board members, with any of the real estate defendants or employees of the real estate defendants, during the period from January 1, 2013 to December 31st, 2015. This is a narrow time period and not overly burdensome or broad. It will directly demonstrate to a jury that it was indeed likely that the two groups of defendants knew each other well and could have plausibly conspired to evict Plaintiff. It is true that the real estate senior managers of the various major buildings within Battery Park City regularly meet with the BPCA. Once the location and pattern of such meetings are gleaned, then Plaintiff and seek other evidence of details of those meetings.

**Response to Request No. 13**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, Judge Cott has already ruled that such documents will not be permitted during the February 22, 2017 conference call with all parties. Subject to the General Objections set forth above, Landlord Defendants shall only respond to this request to the extent it seeks documents concerning meetings in which Plaintiff was discussed, to the extent any such documents exist.

**Request No. 14**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to Defendant's business transactions with the BPCA, such as leasing of property for BPCA office space use, or any money transfers between those parties, from the year 2000 through to current day. The newly signed lease of the office space within 200 Rector Place for BPCA use should be included, as well as any information explaining why that space remains unused by the BPCA.

**Response to Request No. 14**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this Request was deemed irrelevant by the Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan (Dkt. No. 244). Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

**Request No. 15**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to BPCA defendants' personal real estate transactions, such as the sale of apartments by Howard Milstein or Mariners Cove Site B Associates to BPCA staff and board members, ever.

**Response to Request No. 15**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this Request was deemed irrelevant by the Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan (Dkt. No. 244). Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

**Request No. 16**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Defendant's claim that Plaintiff was problematic in anyway as a tenant. This includes, among other things, incident reports, complaints by other tenants, etc.

**Response to Request No. 16**

Subject to the General Objections set forth above, Landlord Defendants shall produce documents responsive to this Request to the extent such documents exist.

**Request No. 17**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Defendant notifying Plaintiff in writing or any other manner that he was a problematic tenant.

**Response to Request No. 17**

Subject to the General Objections set forth above, Landlord Defendants shall produce documents responsive to this Request to the extent such documents exist.

**Request No. 18**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Plaintiff's alleged "erratic" rent payment, including photocopy images of the rent checks provided by Plaintiff with legible dates on them.

RE\55673\0424\2075244v2

**Response to Request No. 18**

Subject to the General Objections set forth above, Landlord Defendants shall produce

documents responsive to this Request to the extent such documents exist.

**Request No. 19**

Particular documents, communications, and correspondences, which support, evidence,
relate or otherwise pertain to why Loraine Doyle was terminated from Milford Management.
These are not confidential or trade secret details of personnel. The documents sought might
prove that, for example, Lorain Doyle ran a sloppy shop with sloppy accounting, and was fired
for cause, which would support Plaintiff's assertions that the Milford Management accounting
system was an error prone mess. It might also become know through these documents that
Lorain Doyle initiated the eviction, and the protected costly course of litigation caused her to be
fired, as another hypothetical example.

**Response to Request No. 19**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the

Discovery Order.  Accordingly, Landlord Defendants shall not produce documents responsive to

this Request.

**Request No. 20**

Particular documents that list the names of the employees fired by Howard Milstein,
Milford Management, Mariners, or any company owned by Howard Milstein that dealt with the
building at 200 Rector Place, since January 1, 2013.  These are not confidential or trade secret
details of personnel, as explained in No. 19. In addition, those fired would likely be friendly
witnesses to Plaintiff.

**Response to Request No. 20**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the

Discovery Order.  Furthermore, Judge Cott has already ruled that such documents will not be

permitted during the February 22, 2017 conference call with all parties. Accordingly, Landlord

Defendants shall not produce documents responsive to this Request.

**Request No. 21**

The addresses, email contacts, and phone contact information for those people fired by Howard Milstein, Milford Management, Mariners, or any company owned by Howard Milstein that dealt with the building at 200 Rector Place, since January 1, 2013.

**Response to Request No. 21**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the

Discovery Order. Accordingly, Landlord Defendants shall not produce documents responsive to

this Request.

**Request No. 22**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to who instructed building superintendent Gus Ouranitsas, a Milford employee, to attend the October 22nd, 2013 Community Board 1 meeting to oppose plans orchestrated by Plaintiff and the City DOT to install safety measures at the intersection of Battery Place and West Thames Street outside of 200 Rector Place (as seen here https://youtu.be/FLL6iEiD5MU). This is a vital piece of the puzzle that could directly demonstrate to a jury how Loraine Doyle and Steve Rossi ordered Gus to go to this meeting to retaliate against the efforts of Plaintiff to establish safe street crossings outside of 200 Rector Place. This directly relates to the complaint and details within it. Gus has never been to a CB1 meeting before this one in question. It was highly unusual behavior.

**Response to Request No. 22**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the

Discovery Order. Accordingly, Landlord Defendants shall not produce documents responsive to

this Request.

RE\55673\0424\2075244v2

**Request No. 23**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Defendant's practices of hiring "summer help" on short-term basis, but yet keeping those employees on the job well past summer, thereby avoiding paying the benefits otherwise due to them as a full-time unionized doorman.  Plaintiff began to expose this scam and that is one more reason for motive by the conspirators.

**Response to Request No. 23**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the

Discovery Order.  Accordingly, Landlord Defendants shall not produce documents responsive to

this Request.

**Request No. 24**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to the security guard and company for which he works who accompanied Gus Ouranitsas on his tour of Plaintiff's apartment, 35F, on the day of moving out, in April of 2016.  The security guard was uninvited and stepped into the apartment unannounced. He had a shaved head and wore a long trench coat, likely wearing a firearm. This action was a new form of retaliation meant to chill Plaintiff from proceeding with his litigation against defendants.

**Response to Request No. 24**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of relevant information.

Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the

Discovery Order.  Accordingly, Landlord Defendants shall not produce documents responsive to

this Request.

**Request No. 25**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to the legal agreement or contract that employees working in 200 Rector Place were forced to sign, sometime in 2016, that, among other things, forced them to stop talking to tenants about matters concerning the building owners.  By the real estate

defendants forcing lowly hourly-paid doormen and porters to sign this document, they directly chilled them from interacting at all with Plaintiff. This was another aspect of the ongoing conspiracy to retaliate against Plaintiff and jurors need to know the details. It was also possibly illegal coercion or extortion, which might be evidence for a criminal case that could spin-off from this civil case.

### Response to Request No. 25

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the Discovery Order. Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

### Request No. 26

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to all complaints made about Milstein-owned buildings in Battery Park City over the last 10-years. These include, among other things, complaints filed with the New York City Housing Preservation & Development, or HPD. This is directly related to the person's habit or an organization's routine practice habit as allowed by FRCP Evidence 406. If the real estate defendants conspired against me, then they likely have done this before to others.

### Response to Request No. 26

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the Discovery Order. Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

### Request No. 27

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to all lawsuit complaints filed against Milstein-owned buildings in Battery Park City over the last 10-years. This is directly related to the person's habit or an organization's routine practice habit as allowed by FRCP Evidence 406. If the real estate defendants conspired against me, then they likely have done this before to others. It is not easily found public information, since the real estate defendants engage in corporate shell games to

- 14 -

hide the true identity of the humans involved. Also, being pro se, Plaintiff lacks the ability to search court files as well as lawyers can.

**Response to Request No. 27**

Landlord Defendants object to this Request as vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this Request "does not directly relate to [Plaintiff's] eviction," in violation of the Discovery Order. Accordingly, Landlord Defendants shall not produce documents responsive to this Request.

Dated:   New York, New York
         March 1, 2017

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Landlord Defendants*

By: _____
         Isaac Tilton
         733 Third Avenue
         New York, New York 10017
         (212) 867-6000

TO:   **STEVEN GREER, MD**
      *Pro Se Plaintiff*
      4674 Tatersall Court
      Columbus, Ohio 43230

CC:   **SHER TREMONTE LLP**
      *Attorneys for BPCA Defendants*
      80 Broad Street, Suite 1301
      New York, New York 10004

RE\55673\0424\2075244v2