**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Deborah E. Riegel
212.551.8466
driegel@rosenbergestis.com

March 2, 2017

**VIA EMAIL TO:**
**COTTNYSDCHAMBERS@NYSD.USCOURTS.GOV**
Magistrate Judge James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: Steven E. Greer v. Dennis Mehiel, et al.
> United States District Court, Southern District of New York
> Case No. 15-CV-06119-AJN

Dear Magistrate Judge Cott:

This law firm represents defendants Mariners Cove Site B Associates, Milford Management, Howard Milstein, Steven Rossi, and Janet Martin (collectively "**Landlord Defendants**") with respect to the above entitled action. We write in response to *pro se* plaintiff Steven E. Greer's ("**Plaintiff**") letter dated February 28, 2017 ("**Plaintiff's Letter**"; ECF No. 256), in which Plaintiff requests a conference to compel defendants the Hugh L. Carey Battery Park City Authority and Robert Serpico ("**BPCA Defendants**") to "reply faster" to his document requests and interrogatories and to discuss his opposition to the proposed agreement concerning electronically stored information ("ESI Agreement").

First, Plaintiff represents that BPCA Defendants should not have until March 17 to produce documents because Landlord Defendants intend to produce documents to him by March 1, 2017. However, Landlord Defendants will not be producing documents to Plaintiff on March 1, 2017 because, even after conferencing with Your Honor last week and despite the fact that the majority of his requests are clearly prohibited by the Court's Memorandum and Order dated September 30, 2016 (Dkt. No. 177), Your Honor's Memorandum Order dated January 18, 2017 (Dkt. No. 228), and Your Honor's rulings made on February 22, 2017, Plaintiff has failed to limit the massively overbroad scope of his requests.

Second, Plaintiff claims that BPCA Defendants were unable to articulate why the ESI Agreement was necessary. Landlord Defendants disagree, and refer the Court to the document annexed as Exhibit A hereto, which is a sixty page document of copied and pasted emails from 2009 through 2014 that Landlord Defendants received from Plaintiff. One need only glance at the first few pages to see that the document is not a single email. Rather, Plaintiff has aggregated every email into a single document, with no indication of the beginning or end of each discrete email. Furthermore, it is clear that pieces of the email chain are missing. Plaintiff inexplicably marked the document as confidential, despite the fact that it is an email conversation between him and Landlord Defendants (including employees of Landlord Defendants). Accordingly, Landlord Defendants have emailed this letter to the Court and all parties rather than filing by ECF pursuant to Your Honor's Individual Practices.



The Honorable Judge James L. Cott
March 2, 2017
Page 2 of 2

      Finally, Plaintiff attempts to blame counsel for the BPCA Defendants for his own argumentative, abusive and insulting behavior during the February 28, 2017 meet and confer call.  Plaintiff's behavior on the call was no different than his behavior on calls where counsel for the BPCA Defendants were not present, thus his argument that BPCA Defendants are to blame for his behavior is unavailing.

                                                  Respectfully submitted,

                                                  Deborah Riegel

cc:    by email and USPS to *pro se* Plaintiff Steven Greer; distributed by email to all other parties

RE\55673\0424\2111843v1