UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN GREER,

Plaintiff,

- against -

DENNIS MEHIEL, ROBERT SERPICO, THE
BATTERY PARK CITY AUTHORITY, HOWARD
MILSTEIN, STEVEN ROSSI, JANET MARTIN,
MILFORD MANAGEMENT, and MARINERS COVE
SITE B ASSOCIATES,

Defendants.

No. 15-CV-06119 (AJN) (JLC)

---

### THE BPCA'S RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Hugh L. Carey

Battery Park City Authority ("BPCA"), by its undersigned attorneys, hereby respond as follows

to Plaintiff Steven Greer's Second Set of Interrogatories for the BPCA, dated February 17, 2017

(the "Interrogatories," each an "Interrogatory").

### SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1** *[1 discrete question; 40 total]*

At some point during January or February of the year 2014, did any BPCA employee,

(notably Kevin McCabe, Robert Serpico, Shari Hyman, Robin Forst, Seema Singh, Alix

Pustilnik, and Dennis Mehiel, among others) learn in advance of Plaintiff even knowing that

Mariners Cove Site B Associates and Milford Management were not going to renew Plaintiff's

lease for his apartment?  Local rule 33.3 allows for this to be asked since it seeks to identify

witnesses.

**Response to Interrogatory No. 1**

Plaintiff has already served more than 25 Interrogatories, including subparts, on the

BPCA.  Pursuant to FRCP 33(a)(1), the BPCA will not respond to this Interrogatory or the

remaining Interrogatories unless and until the Court orders such a response.  *See, e.g.*, *Walker v.*

*Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 585 (C.D. Cal. 1999) (holding that "a

party serving untimely or otherwise objectionable interrogatories, to which the opposing party

timely objects, cannot unilaterally withdraw the interrogatories, and said interrogatories shall be

counted toward the numerical limit unless otherwise ordered").

The BPCA further objects to this Interrogatory as it exceeds the scope of permissible

Interrogatories under Local Rule 33.3(a) by seeking information other than the identity of

witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location and

general description of relevant documents, including pertinent insurance agreements, and other

physical evidence, or information of a similar nature.  The BPCA further objects to this

Interrogatory as overbroad and unduly burdensome, in that it seeks information about knowledge

that *all* BPCA employees may or may not have had with respect to the non-renewal of Plaintiff's

lease.  To that extent, the BPCA further objects to this Interrogatory on the grounds that it seeks

information not relevant to the remaining claims in this action.  In its Memorandum and Order

dated September 30, 2016, the Court narrowed the scope of this action considerably and held that

only the following claims survive: (i) the First Amendment retaliation claim; and (ii) the First

Amendment public meeting claim (the "Remaining Claims").  The BPCA further objects to this

Interrogatory to the extent that the phrase "did any BPCA employee . . . learn in advance of

Plaintiff even knowing" is vague, ambiguous and incomprehensible.  The BPCA further objects

to this Interrogatory on the grounds that (to the extent it is comprehensible) it purports to call for detailed and lengthy narratives of events and thus, such information is more properly and practically sought, if at all, through other means of discovery.

**Interrogatory No. 2** *[1 discrete question; 41 total]*

Did any news story posted on BatteryPark.TV that mentioned the BPCA cause any BPCA employees to convene a meeting or send emails?  Local rule 33.3 allows for this to be asked since it seeks to identify witnesses.

**Response to Interrogatory No. 2**

Plaintiff has already served more than 25 Interrogatories, including subparts, on the BPCA.  Pursuant to FRCP 33(a)(1), the BPCA will not respond to this Interrogatory or the remaining Interrogatories unless and until the Court orders such a response.  *See, e.g.*, *Walker*, 186 F.R.D. at 585 (holding that "a party serving untimely or otherwise objectionable interrogatories, to which the opposing party timely objects, cannot unilaterally withdraw the interrogatories, and said interrogatories shall be counted toward the numerical limit unless otherwise ordered").

The BPCA further objects to this Interrogatory as it exceeds the scope of permissible Interrogatories under Local Rule 33.3(a) by seeking information other than the identity of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.  The BPCA further objects to this Interrogatory as vague and ambiguous, in that, among other things, the meaning of the phrase "news story" is unclear as is the phrase "cause any BPCA employees to convene a meeting or

send emails." The BPCA further objects to this Interrogatory on the grounds that it is overbroad

and unduly burdensome, in that it seeks information about a hypothetical response by *any* BPCA

employee to "any news story posted on BatteryPark.tv that mentioned the BPCA," regardless of

the subject matter or context of the "news story."

**Interrogatory No. 3** *[1 discrete question; 42 total]*

What is the name of the in-house BPCA staff, or current company or companies to which

the BPCA has awarded contracts, or hired without contract, for managing the computer servers

and databases of the BPCA? Local rule 33.3 allows for this to be asked since it seeks to identify

witnesses.

**Response to Interrogatory No. 3**

Plaintiff has already served more than 25 Interrogatories, including subparts, on the

BPCA. Pursuant to FRCP 33(a)(1), the BPCA will not respond to this Interrogatory or the

remaining Interrogatories unless and until the Court orders such a response. *See, e.g.*, *Walker*,

186 F.R.D. at 585 (holding that "a party serving untimely or otherwise objectionable

interrogatories, to which the opposing party timely objects, cannot unilaterally withdraw the

interrogatories, and said interrogatories shall be counted toward the numerical limit unless

otherwise ordered").

The BPCA further objects to this Interrogatory as it exceeds the scope of permissible

Interrogatories under Local Rule 33.3(a) by seeking information other than the identity of

witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location and

general description of relevant documents, including pertinent insurance agreements, and other

physical evidence, or information of a similar nature. The BPCA further objects to this

Interrogatory as vague and ambiguous, to the extent the precise nature of the computer function described is unclear.  The BPCA further objects to this Interrogatory as unduly burdensome and disproportional to the needs of this case in that it purports to seek information related to every company the BPCA has ever hired with or without a contract to manage its "computer servers and databases" and every "staff member[]" who "manag[ed] the computer servers and archive[es] data" and is unbounded by time.  The BPCA further objects to this Interrogatory on the grounds that the management of the BPCA's computer servers and databases are not relevant to the Remaining Claims.

**Interrogatory No. 4** *[1 discrete question; 43 total]*

Has any BPCA employee been instructed since the year 2012 to delete archived email of any sort and/or email that relates to Plaintiff by name or BatteryPark.TV by name?  Local rule 33.3 allows for this to be asked since it seeks to identify witnesses.

**Response to Interrogatory No. 4**

Plaintiff has already served more than 25 Interrogatories, including subparts, on the BPCA.  Pursuant to FRCP 33(a)(1), the BPCA will not respond to this Interrogatory or the remaining Interrogatories unless and until the Court orders such a response.  *See, e.g.*, *Walker*, 186 F.R.D. at 585 (holding that "a party serving untimely or otherwise objectionable interrogatories, to which the opposing party timely objects, cannot unilaterally withdraw the interrogatories, and said interrogatories shall be counted toward the numerical limit unless otherwise ordered").

The BPCA further objects to this Interrogatory as it exceeds the scope of permissible Interrogatories under Local Rule 33.3(a) by seeking information other than the identity of witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.  The BPCA further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, since it purports to cover the email-retention practices of *all* BPCA employees for *all* archived email, regardless of subject matter.  The BPCA further objects to this Interrogatory because the deletion of archive email relating to Plaintiff and/or BatteryPark.TV since the year 2012 is not relevant to the Remaining Claims.  The BPCA further objects to this Interrogatory as vague and ambiguous insofar as the precise nature of the "instruction" being inquired about.

**Interrogatory No. 5** *[1 discrete question; 44 total]*

Has any BPCA employee been instructed to think of and design a plan to specifically not allow Plaintiff into public board meetings?  Local rule 33.3 allows for this to be asked since it seeks to identify witnesses.

**Response to Interrogatory No. 5**

Plaintiff has already served more than 25 Interrogatories, including subparts, on the BPCA.  Pursuant to FRCP 33(a)(1), the BPCA will not respond to this Interrogatory or the remaining Interrogatories unless and until the Court orders such a response.  *See, e.g.*, *Walker*, 186 F.R.D. at 585 (holding that "a party serving untimely or otherwise objectionable interrogatories, to which the opposing party timely objects, cannot unilaterally withdraw the interrogatories, and said interrogatories shall be counted toward the numerical limit unless otherwise ordered").

The BPCA further objects to this Interrogatory as it exceeds the scope of permissible Interrogatories under Local Rule 33.3(a) by seeking information other than the identity of

6

witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location and

general description of relevant documents, including pertinent insurance agreements, and other

physical evidence, or information of a similar nature.  The BPCA further objects to this

Interrogatory on the grounds that it is overbroad and unduly burdensome, since it purports to

cover *all* BPCA employees.  The BPCA further objects to this Interrogatory as vague and

ambiguous insofar as the phrases "think of and design a plan" and "into public board meetings"

are unclear.

**Interrogatory No. 6** *[1 discrete question; 45 total]*

Does any board member or employee of the BPCA have routine meetings with managers

of the building at 200 Rector Place.  Local rule 33.3 allows for this to be asked since it seeks to

identify witnesses.

**Response to Interrogatory No. 6**

Plaintiff has already served more than 25 Interrogatories, including subparts, on the

BPCA.  Pursuant to FRCP 33(a)(1), the BPCA will not respond to this Interrogatory or the

remaining Interrogatories unless and until the Court orders such a response.  *See, e.g.*, *Walker*,

186 F.R.D. at 585 (holding that "a party serving untimely or otherwise objectionable

interrogatories, to which the opposing party timely objects, cannot unilaterally withdraw the

interrogatories, and said interrogatories shall be counted toward the numerical limit unless

otherwise ordered").

The BPCA further objects to this Interrogatory as it exceeds the scope of permissible

Interrogatories under Local Rule 33.3(a) by seeking information other than the identity of

witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.  The BPCA also objects to this Interrogatory as vague and ambiguous, insofar as the meaning of "routine meetings" is unclear. The BPCA further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and because it seeks information not relevant to the Remaining Claims, in that it seeks information about meetings between *any* BPCA employees and board members and *any* "managers" of 200 Rector Place relating to *all* subjects over a period of decades.  On February 22, 2017, Magistrate Judge Cott ruled that Plaintiff is not entitled to detailed discovery on the relationship between the BPCA Defendants and the Landlord Defendants.

**Interrogatory No. 7** *[1 discrete question; 46 total]*

The addresses, email contacts, and phone contact information for the following BPCA current or former staff: Dennis Mehiel, Shari Hyman, Robert Serpico, Kevin McCabe, Alix Pustilnik, Seema Singh, Robin Forst, Brenda McIntyre, Tessa Huxley, Vince McGowan, Anne Fenton, Matthew Monahan, Kirk Swanson, Demetrios Boutris, Andrew Rafalaf, The wife of Deshay Crabb, Deshay Crabb, Elizabeth Papanicolaou, Nancy Harvey, and Allison Ford.  Local rule 33.3 allows for this to be asked since it seeks to identify witnesses.

**Response to Interrogatory No. 7**

Plaintiff has already served more than 25 Interrogatories, including subparts, on the BPCA.  Pursuant to FRCP 33(a)(1), the BPCA will not respond to this Interrogatory or the remaining Interrogatories unless and until the Court orders such a response.  *See, e.g.*, *Walker*, 186 F.R.D. at 585 (holding that "a party serving untimely or otherwise objectionable interrogatories, to which the opposing party timely objects, cannot unilaterally withdraw the

interrogatories, and said interrogatories shall be counted toward the numerical limit unless otherwise ordered").

The BPCA further objects to this Interrogatory as overbroad and unduly burdensome insofar as Plaintiff has not demonstrated a particular need for the contact information for all of the individuals listed in this request. The BPCA further objects to this Interrogatory on the grounds that it seeks information not relevant to the Remaining Claims. In particular, Plaintiff served a request for the same information in his First Request for the Production of Documents (Request No. 17), to which the BPCA objected, and the Court denied Plaintiff's motion to compel the production of such documents. In an order affirmed by Judge Nathan, Magistrate Judge Cott ruled that "Greer provides no basis for the production of this contact information, or how any of these individuals have any connection to his remaining claims," and that "[a]bsent such a showing, Defendants need not provide this information." *See* Order at 4. In his unsuccessful appeal to Judge Nathan, Plaintiff contended that all of these individuals are potential witnesses because they "work(ed) in cubicles in the same small office of the BPCA" and "saw Serpico daily." In affirming Magistrate Judge Cott's order, Judge Nathan rejected Plaintiff's theory of relevance. Thus, Plaintiff has not demonstrated a need for additional contact information.

*[Signature page follows]*

Dated:      March 6, 2017
             New York, NY

                        SHER TREMONTE LLP


By: _____
                      Michael Tremonte
                      Justin J. Gunnell
                      Michael Gibaldi
                  80 Broad Street, 13th Floor
                  New York, New York  10004
                  (212) 202-2603
                  mtremonte@shertremonte.com

                  *Attorneys for the Hugh L. Carey Battery*
                  *Park City Authority and Robert Serpico*

To:    Mr. Steven Greer (via email and regular mail)
       4674 Tatersall Court
       Columbus, Ohio 43230
       (212) 945-7252
       steve@batterypark.tv

       *Pro Se Plaintiff*

       Deborah E. Riegel, Esq. (via email and regular mail)
       Isaac Tilton, Esq.
       Rosenberg & Estis, P.C.
       733 Third Avenue
       New York, New York 10017
       (212) 551-8441
       driegel@rosenbergestis.com

       *Attorneys for Howard Milstein, Steven Rossi,*
       *Janet Martin, Milford Management and*
       *Mariners Cove Site B Associates*