# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN GREER,<br><br>*Plaintiff*,<br><br>- against -<br><br>DENNIS MEHIEL, ROBERT SERPICO, THE BATTERY PARK CITY AUTHORITY, HOWARD MILSTEIN, STEVEN ROSSI, JANET MARTIN, MILFORD MANAGEMENT, and MARINERS COVE SITE B ASSOCIATES,<br><br>*Defendants*. | Case No. 1:15-cv-06119<br><br>Judge Alison J. Nathan (AJN)<br>Mag. Judge James L. Cott (JLC) |

## BPCA DEFENDANTS' FIRST REQUEST FOR
## THE PRODUCTION OF DOCUMENTS

Defendants The Hugh L. Carey Battery Park City Authority ("BPCA") and Robert Serpico (together the "BPCA Defendants"), in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), hereby request production of the following documents from Plaintiff Steven Greer ("Plaintiff"), to be served by December 14, 2016 upon the offices of the BPCA Defendants' counsel, Sive, Paget & Riesel PC, 460 Park Avenue, 10th Floor, New York, NY 10022, or at a location mutually agreed to by both parties.

## DEFINITIONS AND INSTRUCTIONS

The definitions set forth in Local Civil Rule 26.3 for the Southern and Eastern Districts of New York ("Local Rule"), together with the other definitions set forth below, shall be applicable unless specifically indicated:

1

1) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). A request for "communications" encompasses any document(s) attached to, appended to, or enclosed with any responsive transmittal.

2) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), which includes, among other things, writings, notes, diaries, journals, drawings, charts, graphs, photographs, images, audio recordings, and video recordings. A draft or non-identical copy is a separate document within the meaning of the term "document." A request for a "document" encompasses any document(s) attached to, appended to, or enclosed with any responsive document.

3) The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, elected officials, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4) The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5) The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7) The use of the singular form of any word includes the plural and vice versa.

8)     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

The following instructions are applicable to this Request:

1) **You must produce:**

   i) **all versions of any responsive document;**

   ii) **all copies of any responsive document with highlighting, handwritten notations or any other form of markup;**

   iii) **all responsive raw image, video and/or audio files; and**

   iv) **all copies of those responsive image, video and/or audio files that have been edited, condensed, expanded, spliced or otherwise altered.**

2)     Pursuant to FRCP 34(b)(2)(E)(i), documents shall be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in the requests.

3)     Subject to any subsequent stipulations entered into between the BPCA Defendants and Plaintiff, all produced electronically-stored information ("ESI") shall contain searchable text as applicable, metadata to the extent that it exists, and bibliographic information.

4)     Any legal entity referenced herein shall be construed as encompassing, where applicable, the officers, elected officials, directors, managers, employees, partners, corporate parent, subsidiaries or affiliates of that entity.

5)     If Plaintiff claims that any document responsive to any request below is privileged, subject to the attorney work product immunity, or otherwise protected from disclosure, Plaintiff shall respond in accordance with FRCP 26(b)(5) and Local Rule 26.2 by:

a) stating the nature of the privilege or protection claimed and, if the privilege is governed by state law, indicating the state's privilege rule being invoked;

b) identifying the type of document;

c) stating the general subject matter of the document;

d) stating the date of the document or, if no date appears thereon, the approximate date; and

e) identifying the document's author(s), addressees, any other recipients of the document and, where not otherwise apparent, the relationship of the author(s), addressees, and recipients to each other.

6) To the maximum extent permitted by FRCP 26(e), these Requests are to be deemed continuing so as to require further and supplemental production promptly if additional documents called for herein are discovered or obtained, or if Plaintiff learns that any response to these Requests is inaccurate or incomplete.

7) Except where as noted, the period of time covered by each specification is to date.

## DOCUMENTS REQUESTED

### Request No. 1

All documents concerning any of the individuals listed on page 3 of Plaintiff's Initial Disclosures pursuant to FRCP 26(a), dated November 1, 2016 (the "Plaintiff's Initial Disclosures").

**Request No. 2**

All documents, including but not limited to notes, concerning any and all of Plaintiff's communications with BPCA or any current or former BPCA board members, officers or personnel.

**Request No. 3**

All correspondence or other documents reflecting communications between Plaintiff and Kirk Swanson.

**Request No. 4**

All correspondence or other documents reflecting communications between Plaintiff and Vince McGowan.

**Request No. 5**

All correspondence or other documents reflecting communications between Plaintiff and the "BPCA insider" referenced at ¶63 of the Corrected Amended Complaint.

**Request No. 6**

All audio recordings of communications between Plaintiff and any current or former BPCA board members, officers or personnel. Any such audio recordings must be produced in their raw and unedited form, as well as in any edited form.

**Request No. 7**

All video recordings of communications between Plaintiff and any current or former BPCA board members, officers or personnel. Any such video recordings must be produced in their raw and unedited form, as well as in any edited form.

**Request No. 8**

All audio recordings created by Plaintiff or others at BPCA's offices. Any such audio recordings must be produced in their raw and unedited form, as well as in any edited form.

**Request No. 9**

All video recordings created by Plaintiff or others at BPCA's offices. Any such video recordings must be produced in their raw and unedited form, as well as in any edited form.

**Request No. 10**

All images created or captured by Plaintiff at BPCA's offices. Any such image must be produced in its raw and unedited form, as well as in any edited form.

**Request No. 11**

All images, video recordings or audio recordings created or captured by Plaintiff during or concerning the July 29, 2015 BPCA board meeting, including but not limited to Plaintiff's attempt to enter the board meeting and/or Plaintiff's attendance at 21 South End Avenue. Any such images or video or audio recordings must be produced in their raw and unedited form, as well as in any edited form.

**Request No. 12**

All video or audio recordings or image files concerning the defendants Howard Milstein, Steven Rossi, Janet Martin, Milford Management and/or Mariners Cove Site B Associates (the "Real Estate Defendants"), or Plaintiff's communications or other interactions with the Real Estate Defendants.

**Request No. 13**

All video or audio recordings or image files that in any way depict the BPCA Defendants or the Real Estate Defendants.

6

**Request No. 14**

All video or audio recordings or image files that in any way depict Plaintiff's interactions or other communications with the Park Enforcement Patrol.

**Request No. 15**

All video or audio recordings or image files that depict any event described in the Corrected Amended Complaint (Dkt 85).

**Request No. 16**

All documents concerning communications between Plaintiff and any of the Real Estate Defendants related to the Apartment or the lease of same.

**Request No. 17**

All documents concerning the allegation that "Going back to at least the year 2009, the BPCA has never before set up any such satellite video viewing station," as referenced in ¶72 of the Corrected Amended Complaint.

**Request No. 18**

All documents concerning the allegation that "the BPCA Chairman and CEO Dennis Mehiel has indeed allowed questions from plaintiff and other reporters many times over the years during the open BPCA meetings," as referenced in ¶124 of the Corrected Amended Complaint.

**Request No. 19**

All video recordings or audio recordings created by Plaintiff or in Plaintiff's possession or control, reflecting questions being asked at BPCA meetings by Plaintiff or others members of the general public. Any such video or audio recordings must be produced in their raw and unedited form, as well as in any edited form.

**Request No. 20**

All documents concerning the non-renewal of Plaintiff's former lease of Apartment 35F, 200 Rector Place, NY, NY (the "Apartment"), including but not limited to all housing court documents.

**Request No. 21**

All documents concerning any alleged conspiracy between or among any of the BPCA Defendants and/or any of the Real Estate Defendants to not renew Plaintiff's lease for the Apartment, as alleged in the Corrected Amended Complaint.

**Request No. 22**

All documents concerning the allegation that "BPCA was working to evict" Plaintiff, as referenced at ¶¶58-59 of the Corrected Amended Complaint. This request includes, but is not limited to, the alleged email from Vince McGowan to Plaintiff referenced in ¶58 of the Corrected Amended Complaint, and all documents concerning the alleged phone conversation between Vince McGowan and Plaintiff referenced in ¶59 of the Corrected Amended Complaint.

**Request No. 23**

All documents concerning the allegation that "BPCA had pressured Mariners, Milford, and Rossi to not renew Plaintiffs lease," as referenced in ¶¶63-67 of the Corrected Amended Complaint. This request includes, but is not limited to, the alleged email to Plaintiff from "a BPCA insider" referenced in ¶63 of the Corrected Amended Complaint, and all documents concerning the alleged phone conversation(s) between Kirk Swanson and Plaintiff referenced in ¶64 of the Corrected Amended Complaint.

**Request No. 24**

All documents concerning any reaction or response by any of the BPCA Defendants and/or the Real Estate Defendants to any of Plaintiff's alleged journalistic activities, including documents pertaining to any alleged retaliation against Plaintiff, or any alleged conspiracy to retaliate against Plaintiff, by any of the BPCA Defendants and/or the Real Estate Defendants.

**Request No. 25**

All documents concerning any mental and/or emotional suffering experienced by Plaintiff in connection with any claim alleged in the Corrected Amended Complaint, including but not limited to the alleged "mental anguish" referenced on pages 3 and 5 of the Plaintiff's Initial Disclosures, the alleged "tangible, concrete mental…hardship" referenced at ¶115 of the Corrected Amended Complaint, and the alleged "embarrassment, humiliation, mental distress, anxiety, and depression" referenced on page 34 of the Corrected Amended Complaint.

**Request No. 26**

All documents concerning any consultation or treatment that Plaintiff received from any physician, psychologist, psychiatrist, counsellor, social worker, therapist or other health care professional or institution concerning any mental or physical condition which Plaintiff claims is related to any alleged mental, emotional or physical suffering resulting from any interaction with, or any retaliation or other conduct by, any or all of the Defendants, including but not limited to the non-renewal of Plaintiff's lease for the Apartment.

**Request No. 27**

The BPCA Defendants request that Plaintiff **immediately** provide duly-executed Authorizations for the Release of Medical Records, in the form attached as **Exhibit A**, from any

9

physician, psychologist, psychiatrist, counsellor, social worker, therapist or other health care professional or institution that Plaintiff has visited or consulted with respect to any mental or physical condition which Plaintiff claims is related to any alleged mental, emotional or physical suffering resulting from any interaction with, or any retaliation or other conduct by, any or all of the Defendants, including but not limited to the non-renewal of Plaintiff's lease for the Apartment.  For purposes of this Request, such "mental or physical condition" includes but is not limited to the alleged "mental anguish" referenced on pages 3 and 5 of the Plaintiff's Initial Disclosures, the alleged "tangible, concrete mental…hardship" referenced at ¶115 of the Corrected Amended Complaint, and the alleged "embarrassment, humiliation, mental distress, anxiety, and depression" referenced on page 34 of the Corrected Amended Complaint.  The executed Authorizations for the Release of Medical Records will authorize the release to the BPCA Defendant's counsel of all records which in any way relate to any and all medical, psychiatric and/or psychological treatment, counseling or therapy received by Plaintiff from January 1, 2009 to the present.

**Request No. 28**

All documents concerning the allegation that Plaintiff suffered "tangible, concrete… financial hardship" as a result of the allegedly "retaliatory eviction proceedings," as referenced in ¶115 of the Corrected Amended Complaint.

**Request No. 29**

All documents concerning any of Plaintiff's claims for damages from past lost revenue, including but not limited to the alleged "Past Lost Revenue from plaintiff's businesses" referenced on page 4 of the Plaintiff's Initial Disclosures.  Such documents

should include, but not be limited to, paystubs, income tax returns, profit and loss or similar accounting statements, and all other proof of Plaintiff's income from 2006 to the present.

**Request No. 30**

All documents concerning any of Plaintiff's claims for damages from future lost revenue, including but not limited to the alleged "Future Lost Revenue from The Healthcare Channel and medical practice" referenced on page 5 of the Plaintiff's Initial Disclosures. Such documents should include, but not be limited to, paystubs, income tax returns, profit and loss or similar accounting statements, and all other proof of Plaintiff's income from 2006 to the present.

**Request No. 31**

All documents concerning any of Plaintiff's claims of reputational damage, including but not limited to the alleged "Reputation damage caused by retaliatory eviction" referenced on page 5 of the Plaintiff's Initial Disclosures, and to the alleged "irreparable harm to personal and professional reputation" referenced on page 34 of the Corrected Amended Complaint.

**Request No. 32**

All documents concerning any of Plaintiff's claims for moving cost damages, including but not limited to the "Cost to move out of apartment" referenced on page 5 of the Plaintiff's Initial Disclosures. Such documents should include, but not be limited to, invoices or other proof of current rent, invoices or other proof of former rent, invoices from moving companies, and other proof of expenses associated with moving.