UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN E. GREER, MD,

                Plaintiff,

-against-

DENNIS MEHIEL, ROBERT SERPICO, THE BATTERY PARK CITY AUTHORITY, HOWARD MILSTEIN, STEVEN ROSSI, JANET MARTIN, MILFORD MANAGEMENT, and MARINERS COVE SITE B ASSOCIATES,

                Defendants.

ECF CASE

CIVIL ACTION NO.
15 CV 6119 (AJN)(JLC)

**LANDLORD DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("**FRCP**"), defendants Howard Milstein, Steven Rossi, Janet Martin, Milford Management, and Mariners Cove Site B Associates ("**MCSBA**") (collectively "**Landlord Defendants**") hereby request that plaintiff Steven E. Greer, MD ("**Plaintiff**") produce the following documents, electronically stored information, and/or things for inspection or copying on or before **March 1, 2017** at **5:00 p.m.**, at the offices of the undersigned. The following definitions and instructions shall apply to the requests set forth below:

## DEFINITIONS

    1.    The term "Person" is defined as any natural Person or any legal entity, including, without limitation, any business or governmental entity or association.

    2.    "Plaintiff," "You" and "Your" means plaintiff Steven E. Greer, MD, and all other Persons or entities acting or purporting to act, directly or indirectly, on Your behalf.

    3.    "BPCA Defendants" means Robert Serpico and/or The Battery Park City Authority in their own right, as well as any officers, principals, directors, employees, agents

8. If You cannot respond fully, or if You object in part, to any request, You should respond to the greatest extent possible and as narrowed to conform to Your objection(s).

9. In construing these requests, You should give effect to the Definitions set forth above. Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term, You should use the definition that You believe to be the most accurate and state that definition in Your response.

10. Documents produced should be numbered consecutively, with a prefix Identifying the name of the producing entity. For every Document produced, indicate the custodian from whose custody or possession that Document was collected.

11. Electronically stored information ("**ESI**") shall be produced in its native format and shall be delivered to Plaintiff on a CD, USB storage device, or via an FTP server.[1] In the event production of ESI in its native format is impossible, Defendant shall provide an affidavit to that effect specifying which Document(s) cannot be produced in its native format, and pictures or scans of such Documents (TIFF, PDF, etc.) shall be created and produced after consultation with the undersigned attorney.

12. If any Document is withheld from production in whole or in part based on a claim of privilege, You should provide a privilege log consistent with Rule 26(b)(5)(A) of the FRCP. At a minimum, the privilege log should specify, as to each Document:

    (a) the date;

    (b) author(s);

    (c) recipient(s);

---

[1] In the event You use "e-discovery" software in responding to this or future requests for discoverable material, in addition to producing each Document as a native file, electronically produced Documents shall include corresponding image files, text or "OCR" files, and load files with delimiting characters, for purposes of upload to the undersigned attorney's "e-discovery" software.

      (d)    the basis for withholding, including the nature of the privilege asserted; and

      (e)    a description of the nature of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege.

13.    Unless otherwise noted, these requests seek Documents, Communications, and/or information created, revised, transmitted, or reviewed during the time period August 1, 2010 to the present.

14.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

16.    The use of the singular form includes the plural and vice versa.

17.    These requests are continuing in nature, and You are required to amend or supplement Your response and Your production if You later become aware of facts or Documents indicating that any prior response to any request was incorrect or incomplete.

## DOCUMENT REQUESTS

1.    Documents and Communications between You and any or all of the BPCA Defendants, including but not limited to employees of BPCA not named as Defendants.

2.    Documents and Communications between You and any or all of the Landlord Defendants, including but not limited to employees of MCSBA and Milford Management not named as Defendants, including but not limited to doormen, porters, and security guards employed at the Building.

3.    Documents and Communications between You and Vince McGowan.

4. Documents and Communications provided to You by Vince McGowan Concerning the first cause of action in the Complaint.

5. Documents and Communications Identifying Vince McGowan.

6. Documents and Communications between You and Kirk Swanson.

7. Documents and Communications provided to You by Kirk Swanson Concerning the first cause of action in the Complaint.

8. Documents and Communications Identifying Kirk Swanson.

9. Identify any and all witnesses that have communicated information to You that support Your first cause of action in the Complaint.

10. Documents and Communications Concerning Your allegation that "Plaintiff was paying his rent in full," as set forth in paragraph 35 of the Complaint.

11. Documents and Communications Concerning Your allegation that You made timely rent payments during each month of your tenancy at the Premises, from August 2010 through the present, including but not limited to cancelled checks and bank statements.

12. Documents and Communications relating to any rent demands or other demands or requests for the payment of past-due rent, whether written or oral, served upon, transmitted to or otherwise made to You, with respect to the Premises.

13. Documents and Communications Concerning the allegation that BPCA Defendants conspired with Landlord Defendants to cause Your eviction from the Premises.

14. Documents and Communications Concerning the allegation that Your eviction "was clearly retaliation for [Your] news reporting," as set forth in paragraph 35 of the Complaint.

15. Documents and Communications including, but not limited to, articles, "blog posts," and/or other content published on the website www.batterypark.tv, and/or published in any other websites or publications, Concerning Defendants.

16. Documents and Communications including, but not limited to, articles, "blog posts," and/or other content published on the website www.batterypark.tv, and/or any other websites or publications that allegedly constitute "speech protected under the First Amendment," as set forth in paragraph 111 of the Complaint, only to the extent they are different from or in addition to those produced pursuant to paragraph 15.

17. Documents and Communications Concerning each and every itemized instance and/or occurrence of Your alleged damages that resulted from the allegations in the first cause of action of the Complaint.

18. Documents and Communications Concerning each and every itemized instance and/or occurrence of Your alleged compensatory damages that resulted from the allegations in the first cause of action of the Complaint.

19. Documents and Communications Concerning each and every itemized instance and/or occurrence of Your economic damages, as set forth in paragraph 2 of the "Injuries" section of the Complaint on page 33 of the Complaint.

20. Documents and Communications Concerning the allegation that You were unable to procure an apartment in New York City, including but not limited to applications You submitted for residential occupancy of any apartment or other premises.

21. Documents and Communications Concerning any stays in any hotel, motel or similar lodging following Your eviction from the Premises.

22. Documents and Communications Concerning each and every itemized instance and/or occurrence of Your damages related to the "undue embarrassment, humiliation, mental distress, anxiety, and depression" You allegedly suffered, as set forth in paragraph 6 of the "Injuries" section of the Complaint on page 34 of the Complaint ("**Medical Damages**").

23. Medical records, or other Documents or Communications, evidencing any treatment You received in the past or are currently receiving Concerning Your Medical Damages.

24. Documents and Communications evidencing prescriptions for medications You currently take or previously took Concerning Your Medical Damages, including but not limited to medications You currently take or previously took for treatment of Your Medical Damages.

25. Receipts, or other Documents or Communications, evidencing medical expenses You incurred Concerning Your Medical Damages.

26. Communications to or from any doctor(s) treating Your Medical Damages.

27. Duly executed and acknowledged written HIPAA compliant authorizations to each and every one of Your physicians treating any and all conditions Concerning Your Medical Damages in the form annexed hereto, permitting all parties to obtain and make copies of all medical records referred to in Paragraphs 23 through 27 above.

28. Documents and Communications Concerning any disability insurance maintained by You or for Your benefit, including, without limitation, copies of any policies, policy renewals, claims and payments made thereunder Concerning Your Medical Damages.

29. Documents and Communications Concerning the attorneys' fees, costs, and expenses You seek to recover in this action as set for on page 36 of the Complaint.

30. Documents and Communications Concerning the alleged reduction in value to www.batterypark.tv allegedly caused by Defendants "ranges from $7 Million to $100 Million," as set forth in the Initial Disclosures.

31. Documents and Communications Concerning revenue generated by www.batterypark.tv and any other "media companies" owned in whole or in part by Plaintiff.

32. Documents and Communications Concerning the "website analytics" of www.batterypark.tv and/or any other "media companies" owned in whole or in part by Plaintiff, including but not limited to the number of "unique page views" received by www.batterypark.tv and/or any other "media companies" owned in whole or in part by Plaintiff.

33. Documents and Communications Concerning the allegation that the value of the reputation damages You allegedly suffered are $20,000,000, as set forth in the Initial Disclosures.

34. Documents and Communications Concerning the allegation that the cost of moving out of the Premises was $50,000, as set forth in the Initial Disclosures.

35. Documents and Communications Concerning the allegation that Your damages for "mental anguish" are $1,000,000, as set forth in the Initial Disclosures.

36. Documents and Communications Concerning the allegation that damages related to Your "[l]oss of enjoyment of a NYC apartment" are $1,000,000, as set forth in the Initial Disclosures.

37. Your federal, state and local income tax returns.

38. Your Internal Revenue Service Forms W-2 and/or 1099.

39. Federal, State and local income tax returns Concerning Your practice of medicine, including but not limited to any and all medical practice(s) in which You practice(d) medicine, regardless of whether said medical practice(s) is owned by You and/or other Person(s).

40. Documents and Communications sufficient to Identify Your income and/or expenses Concerning Your practice of medicine.

41. Original(s) and copies of the Lease, including any renewals thereof, and any notices and/or Documents sent, delivered, and/or served by Landlord Defendants to Plaintiff pursuant to the Lease.

42. Copies of all photographs and/or videos, whether the original is in digital or non-digital format, that You intend to attempt to introduce into evidence at trial.

43. Copies of all Documents and Communications You refer to in Your Initial Disclosures.

44. Any other Documents and Communications not specifically requested above Concerning the first cause of action in the Complaint.

Dated: New York, New York
      February 8, 2017

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Landlord Defendants*

By: *Deborah Riegel*
Deborah E. Riegel
733 Third Avenue, 14th Floor
New York, New York 10017
(212) 867-6000



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
|  |  |  |

| Patient Address |
|---|
|  |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

| 7. Name and address of health provider or entity to release this information: |
|---|
|  |

| 8. Name and address of person(s) or category of person to whom this information will be sent: |
|---|
|  |

9(a). Specific information to be released:
❑ Medical Record from (insert date) _____ to (insert date) _____
❑ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
❑ Other: _____

Include: (*Indicate by Initialing*)
_____ **Alcohol/Drug Treatment**
_____ **Mental Health Information**
_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ❑ By initiating here _____ I authorize _____
   Initials                                      Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>❑ At request of individual<br>❑ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____          Date: _____
Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.