**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STEVEN E. GREER, MD,

                              Plaintiff,

        -against-

DENNIS MEHIEL, ROBERT SERPICO, THE
BATTERY PARK CITY AUTHORITY, HOWARD
MILSTEIN, STEVEN ROSSI, JANET MARTIN,
MILFORD MANAGEMENT, and MARINERS COVE
SITE B ASSOCIATES,

                              Defendants.

ECF CASE

CIVIL ACTION NO.
15 CV 6119 (AJN)(JLC)

**LANDLORD DEFENDANTS'**
**FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS**

         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("**FRCP**"),

defendants Howard Milstein, Steven Rossi, Janet Martin, Milford Management, and Mariners

Cove Site B Associates ("**MCSBA**") (collectively "**Landlord Defendants**") hereby request that

plaintiff Steven E. Greer, MD ("**Plaintiff**") produce the following documents, electronically

stored information, and/or things for inspection or copying on or before **March 1, 2017** at **5:00**

**p.m.**, at the offices of the undersigned.  The following definitions and instructions shall apply to

the requests set forth below:

                              **DEFINITIONS**

        1.        The term "Person" is defined as any natural Person or any legal entity,

including, without limitation, any business or governmental entity or association.

        2.        1.  "Plaintiff," "You" and "Your" means plaintiff Steven E. Greer, MD,

and all other Persons or entities acting or purporting to act, directly or indirectly, on Your behalf.

3.    2.-"BPCA Defendants" means Robert Serpico and/or The Battery Park City Authority in their own right, as well as any officers, principals, directors, employees, agents (including independent contractors), general or limited partners, members, successors, and assigns of BPCA Defendants, anyone acting or purporting to act on behalf of such ~~persons~~Persons or entities, and all subsidiaries and affiliates of BPCA Defendants.

4.    3.-"BPCA" means The Battery Park City Authority in its own right, as well as any officers, principals, directors, employees, agents (including independent contractors), general or limited partners, members, successors, and assigns of BPCA, anyone acting or purporting to act on behalf of such ~~persons~~Persons or entities, and all subsidiaries and affiliates of BPCA.

5.    4.-"Landlord Defendants" means Howard Milstein, Steven Rossi, Janet Martin, Milford Management, and Mariners Cove Site B Associates, in their own right, as well as any officers, principals, directors, employees, agents (including independent contractors), general or limited partners, members, successors, and assigns of Landlord Defendants, anyone acting or purporting to act on behalf of such ~~persons~~Persons or entities, and all subsidiaries and affiliates of Landlord Defendants.

6.    5.-"Defendants" means Landlord Defendants and BPCA Defendants collectively.

7.    6.-"Building" means the building known as Liberty Court located at 200 Rector Place, New York, New York.

8.    7.-"Premises" means Apartment # 35F in the Building.

9.    8.-"Complaint" means the Corrected Amended Complaint filed by Plaintiff in the above-captioned action on November 4, 2016.

10. ~~9.~~ "Answer" means Landlord Defendants' Answer dated and electronically filed in the above-captioned action on January 26, 2017.

11. ~~10.~~ "Lease" shall mean the written lease agreement entered into between MCSBA, as landlord, and Plaintiff, as tenant, dated February 21, 2002, as amended from time to time.

12. ~~11.~~ "Initial Disclosures" means the document titled Initial Disclosures, dated January 30, 2017, served by Plaintiff on Landlord Defendants pursuant to Rule 26(a)(1) of the ~~Federal Rules of Civil Procedure~~FRCP.

13. ~~12.~~ "Concerning," ~~"regarding," "related to," and "relate to" mean~~means relating to, referring to, describing, evidencing or constituting.

14. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

~~13. "Person" or "Persons" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.~~

~~14. "Document" or "Documents" is used herein in its broadest sense and includes, but is not limited to, every original or draft thereof including, but not limited to, all discarded drafts, and drafts with corrections, revisions or comments written or typed on them (and every copy of any original or draft thereof or copy which differs in any way from any original) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, or electronic means whatsoever, including, without limitation, records, papers, letters, correspondence, and related envelopes, work sheets~~

~~and work papers of any kind, reports, lists, studies, notes, evaluations, statistical records,~~
~~analyses, summaries, ledger accounts, audits, inventories, tax returns, financial statements, profit~~
~~and loss statements, monthly statements, procedures, manuals, cash flow statements, balance~~
~~sheets, annual or other periodic reports, licenses, permits, calendars, appointment books,~~
~~notebooks, diaries, telephone bills and toll call records, telephone logs, expense reports, travel~~
~~and expense records, vouchers, itineraries, agendas, pay roll records, receipts, contracts,~~
~~agreements, and other forms of understanding, instruments of assignment, applications, offers,~~
~~acceptances, proposals, financing statements, Documents of title, appraisals, purchase orders,~~
~~invoices, directives, summaries or memoranda of telephone conversations, summaries, records,~~
~~notes, memoranda or minutes of personal conversations, interviews or meetings, memoranda,~~
~~instructions, projections, tabulations, bank records and statements, check books, cancelled checks~~
~~and all bank vouchers or retained copies of all debit memos and other banking advances and~~
~~bank communications, telegrams, cablegrams, telex messages, teletypes, facsimiles, computer~~
~~files, e-mail, photographs, photographic slides or negatives, audio and/or videotapes and~~
~~recordings or taping of any kind.~~

        15.    <u>The term</u> "Communication" ~~or "Communications" means every manner or~~
~~means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of~~
~~information, whether orally, by Document, face-to-face, by telephone, by facsimile, by mail, by~~
~~e-mail, by personal delivery~~<u>means the transmittal of information (in the form of facts, ideas,</u>
<u>inquiries</u> or otherwise<u>)</u>.

        16.    ~~To "identify"~~<u>When referring to</u> a Person<u>, "to Identify"</u> means to give, to
the extent known, the Person's full name, present or last known address~~and phone number~~, and
when referring to a natural Person, additionally, the <u>present or</u> last known place of employment.

Once a Person has been ~~identified~~Identified in accordance with this paragraph, only the name of that Person need be listed in response to subsequent discovery requesting the ~~identification~~Identification of that Person.

17.     When referring to Documents, "to Identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with Identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

18.     ~~17.~~"Including" means "including but not limited to."

## INSTRUCTIONS

1.     In addition to the specific instructions set forth below, these requests incorporate by reference the instructions set forth in Rule 34 of the ~~Federal Rules of Civil Procedure~~FRCP.

2.     You are obligated to produce all responsive Documents in Your possession, custody, or control within the broadest meaning of those terms under the ~~Federal Rules of Civil Procedure~~FRCP.

3.     For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. If no Documents exist that are responsive to a particular request, state in writing that no responsive Documents exist.

4.     If You know or believe that there may be, or were, Documents otherwise responsive to a particular request, but which no longer exist and/or are no longer in Your possession, custody, or control, state so in Your response to that request and explain why those Documents no longer exist and/or are no longer in Your possession, custody, or control.

5.      Documents should be produced either (a) in a manner that is organized to indicate to which request(s) they are responsive, or (b) as they are kept in the ordinary course of business and in full and un-redacted form, and in either case documents produced should ~~identify~~Identify the file from which each Document was taken.

6.      Each Document should be produced to include all attachments and enclosures referred to in that Document or originally attached to or enclosed with that Document.

7.      If any requested Document is subject to destruction under any document retention or destruction policy, practice, or procedure, that Document should be exempted from any scheduled destruction until the conclusion of this action, including all appeals.

8.      If You cannot respond fully, or if You object in part, to any request, You should respond to the greatest extent possible and as narrowed to conform to Your objection(s).

9.      In construing these requests, You should give effect to the Definitions set forth above.  Undefined words and terms should be given their common meaning.  If You are unsure of the definition of a particular word or term, You should use the definition that You believe to be the most accurate and state that definition in Your response.

10.     Documents produced should be numbered consecutively, with a prefix ~~identifying~~Identifying the name of the producing entity.  For every Document produced, indicate the custodian from whose custody or possession that Document was collected.

11.     Electronically stored information ("**ESI**") shall be produced in its native format and shall be delivered to Plaintiff on a CD, USB storage device, or via an FTP server.[1]  In

---

[1] In the event You use "e-discovery" software in responding to this or future requests for discoverable material, in addition to producing each Document as a native file, electronically produced Documents shall include corresponding image files, text or "OCR" files, and load files with delimiting characters, for purposes of upload to the undersigned attorney's "e-discovery" software.

the event production of ESI in its native format is impossible, Defendant shall provide an affidavit to that effect specifying which Document(s) cannot be produced in its native format, and pictures or scans of such Documents (TIFF, PDF, etc.) shall be created and produced after consultation with the undersigned attorney.

12.     If any Document is withheld from production in whole or in part based on a claim of privilege, You should provide a privilege log consistent with Rule 26(b)(5)(A) of the ~~Federal Rules of Civil Procedure~~FRCP.  At a minimum, the privilege log should specify, as to each Document:

        (a)     the date;

        (b)     author(s);

        (c)     recipient(s);

        (d)     the basis for withholding, including the nature of the privilege asserted; and

        (e)     a description of the nature of the Document sufficient to allow Defendants and the Court to assess the applicability of the privilege.

13.     Unless otherwise noted, these requests seek Documents, Communications, and/or information created, revised, transmitted, or reviewed during the time period August 1, 2010 to the present.

14.     The ~~terms~~connectives "and" and "or" ~~should~~shall be construed either disjunctively or conjunctively as necessary to bring within the scope of ~~these requests any~~ ~~information or Documents which~~the discovery request all responses that might otherwise be construed to be outside ~~their~~of its scope.

15.     The terms "all," "any," and "each" shall each be construed as encompassing any and all~~, so as to bring within the scope of these requests any information or~~

- 7 -

~~Documents which might otherwise be outside their scope. Unless otherwise indicated, a request for "Documents" should be construed as a request for "any and all Documents.".~~

16.    The use of the singular form includes the plural and vice versa~~, any use of gender includes both genders, and any verb tense includes all other verb tenses~~.

17.    These requests are continuing in nature, and You are required to amend or supplement Your response and Your production if You later become aware of facts or Documents indicating that any prior response to any request was incorrect or incomplete.

## **DOCUMENT REQUESTS**

1.    ~~All~~ Documents and Communications between You and any or all of the BPCA Defendants, including but not limited to employees of BPCA not named as Defendants.

2.    ~~All~~ Documents and Communications between You and any or all of the Landlord Defendants, including but not limited to employees of MCSBA and Milford Management not named as Defendants, including but not limited to doormen, porters, and security guards employed at the Building.

~~3.    All Documents and Communications between You and any other Person(s) supporting the first cause of action in the Complaint.~~

<u>3.</u>    ~~4.    All~~ Documents and Communications between You and Vince McGowan.

<u>4.</u>    ~~5.    All~~ Documents and Communications provided to You by Vince McGowan Concerning the first cause of action in the Complaint.

<u>5.</u>    ~~6.~~ Documents and Communications ~~evidencing Vince McGowan's current address, phone number, and email address~~<u>Identifying Vince McGowan</u>.

<u>6.</u>    ~~7.    All~~ Documents and Communications between You and Kirk Swanson.

7.      8. All Documents and Communications provided to You by Kirk Swanson Concerning the first cause of action in the Complaint.

8.      9. Documents and Communications evidencing Kirk Swanson's current address, phone number, and email addressIdentifying Kirk Swanson.

9.      10. Identify any and all witnesses that have communicated information to You that supportssupport Your first cause of action in the Complaint.

10.      11. All Documents and Communications Concerning or supporting Your allegation that "Plaintiff was paying his rent in full," as set forth in paragraph 35 of the Complaint.

11.      12. All Documents and Communications Concerning Your payment of rent pursuant to the Leaseallegation that You made timely rent payments during each month of your tenancy at the Premises, from August 2010 through the present, including but not limited to cancelled checks and bank statements.

12.      13. All Documents and Communications relating to any rent demands or other demands or requests for the payment of past-due rent, whether written or oral, served upon, transmitted to or otherwise made to You, with respect to the Premises.

13.      14. All Documents and Communications evidencingConcerning the allegation that BPCA Defendants conspired with Landlord Defendants to cause Your eviction from the Premises.

14.      15. All Documents and Communications evidencingConcerning the allegation that Your eviction "was clearly retaliation for [Your] news reporting," as set forth in paragraph 35 of the Complaint.

RE\55673\0424\2064026v34

15.   ~~16. All~~ Documents and Communications ~~Concerning~~ including, but not limited to, articles, "blog posts," and/or other content published on the website www.batterypark.tv, and/or published in any other websites or publications, Concerning Defendants.

16.   ~~17. All~~ Documents and Communications ~~Concerning~~ including, but not limited to, articles, "blog posts," and/or other content published on the website www.batterypark.tv, and/or any other websites or publications that allegedly constitute "speech protected under the First Amendment," as set forth in paragraph 111 of the Complaint, only to the extent they are different from or in addition to those produced pursuant to paragraph 15.

17.   ~~18. All~~ Documents and Communications Concerning each and every itemized instance and/or occurrence of Your alleged damages that resulted from the allegations in the first cause of action of the Complaint.

18.   ~~19. All~~ Documents and Communications Concerning each and every itemized instance and/or occurrence of Your alleged compensatory damages that resulted from the allegations in the first cause of action of the Complaint.

19.   ~~20. All~~ Documents and Communications Concerning each and every itemized instance and/or occurrence of Your economic damages, as set forth in paragraph 2 of the "Injuries" section of the Complaint on page 33 of the Complaint.

20.   ~~21. All~~ Documents and Communications ~~evidencing~~ Concerning the allegation that You were unable to procure an apartment in New York City, including but not limited to applications You submitted for residential occupancy of any apartment or other premises.

21.   ~~22. All~~ Documents and Communications Concerning any stays in any hotel, motel or similar lodging following Your eviction from the Premises.

22.   ~~23. All~~ Documents and Communications Concerning <u>each and every itemized instance and/or occurrence of</u> Your damages related to the "undue embarrassment, humiliation, mental distress, anxiety, and depression" You allegedly suffered, as set forth in paragraph 6 of the "Injuries" section of the Complaint on page 34 of the Complaint ("**Medical Damages**").

23.   ~~24. All Documents and Communications Concerning Your medical~~<u>Medical</u> records ~~Concerning~~, or other <u>Documents or Communications, evidencing</u> any treatment You received in the past or are currently receiving Concerning Your Medical Damages.

24.   ~~25. All~~ Documents and Communications ~~Concerning~~<u>evidencing</u> prescriptions for medications You currently take or previously took Concerning Your Medical Damages, including but not limited to medications You currently take or previously took for treatment of Your Medical Damages.

25.   ~~26. All~~<u>Receipts, or other</u> Documents ~~and~~<u>or</u> Communications ~~relating to receipts for~~, <u>evidencing</u> medical expenses You incurred Concerning Your Medical Damages.

26.   ~~27. All Documents and~~ Communications ~~relating to correspondence~~<u>to or</u> from any doctor(s) treating Your Medical Damages.

27.   ~~28.~~ Duly executed and acknowledged written HIPAA compliant authorizations to each and every one of Your physicians treating any and all conditions Concerning Your Medical Damages in the form annexed hereto, permitting all parties to obtain and make copies of all medical records referred to in Paragraphs 23 through 27 above.

RE\55673\0424\2064026v~~3~~<u>4</u>

28.    ~~29. All~~ Documents and Communications Concerning any disability insurance maintained by You or for Your benefit, including, without limitation, copies of any policies, policy renewals, claims and payments made thereunder Concerning Your Medical Damages.

29.    ~~30. All~~ Documents and Communications Concerning the attorneys' fees, costs, and expenses You seek to recover in this action as set for on page 36 of the Complaint.

30.    ~~31. All~~ Documents and Communications Concerning the ~~allegation that the sum of the~~ alleged reduction in value to www.batterypark.tv allegedly caused by Defendants "ranges from $7 Million to $100 Million," as set forth in the Initial Disclosures.

31.    ~~32. All~~ Documents and Communications Concerning revenue generated by www.batterypark.tv and any other "media companies" owned in whole or in part by Plaintiff.

32.    ~~33. All~~ Documents and Communications Concerning the "website analytics" of www.batterypark.tv and/or any other "media companies" owned in whole or in part by Plaintiff, including but not limited to the number of "unique page views" received by www.batterypark.tv and/or any other "media companies" owned in whole or in part by Plaintiff.

33.    ~~34. All~~ Documents and Communications Concerning the allegation that the value of the reputation damages You allegedly suffered are $20,000,000, as set forth in the Initial Disclosures.

34.    ~~35. All~~ Documents and Communications Concerning the allegation that the cost of moving out of the Premises was $50,000, as set forth in the Initial Disclosures.

35.    ~~36. All~~ Documents and Communications Concerning the allegation that Your damages for "mental anguish" are $1,000,000, as set forth in the Initial Disclosures.

- 12 -

36.    ~~37. All~~ Documents and Communications Concerning the allegation that damages related to Your "[l]oss of enjoyment of a NYC apartment" are $1,000,000, as set forth in the Initial Disclosures.

37.    ~~38.~~ Your federal, state and local income tax returns.

38.    ~~39.~~ Your Internal Revenue Service Forms W-2 and/or 1099.

39.    ~~40. All federal, state~~ Federal, State and local income tax returns Concerning Your practice of medicine, including but not limited to any and all medical practice(s) in which You practice(d) medicine, regardless of whether said medical practice(s) is owned by You and/or other ~~person(~~ Person(s).

40.    ~~41. All~~ Documents and Communications ~~Concerning~~ sufficient to Identify Your income and/or ~~expense records~~ expenses Concerning Your practice of medicine.

~~42. All Documents and Communications Concerning the Lease, including, without limitation, fully executed copies of the Lease and any renewals thereof.~~

41.    Original(s) and copies of the Lease, including any renewals thereof, and any notices and/or Documents sent, delivered, and/or served by Landlord Defendants to Plaintiff pursuant to the Lease.

42.    ~~43.~~ Copies of all photographs and/or videos, whether the original is in digital or non-digital format, that You intend to attempt to introduce into evidence at trial.

43.    ~~44.~~ Copies of all Documents and Communications You refer to in Your Initial Disclosures.

44.    ~~45. All other documents~~ Any other Documents and Communications not specifically requested above ~~which are relevant to~~ Concerning the first cause of action in the Complaint.

- 13 -

Dated: New York, New York
      February ~~7~~8, 2017

                      **ROSENBERG & ESTIS, P.C.**
                      *Attorneys for Landlord Defendants*

                      By: _____
                           Deborah E. Riegel
                      733 Third Avenue, 14th Floor
                      New York, New York 10017
                      (212) 867-6000