```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   STEVEN E. GREER, M.D.,

 4               Plaintiff,

 5          v.                                 15 Civ. 6119 (AJN)(JLC)

 6   DENNIS MEHIEL; ROBERT SERPICO;
     THE BATTERY PARK CITY
 7   AUTHORITY; HOWARD MILSTEIN;
     STEVEN ROSSI; JANET MARTIN;
 8   MILFORD MANAGEMENT, a New York
     Corporation; and MARINERS COVE
 9   SITE B ASSOCIATES,

10               Defendants.

11   ------------------------------x
                                               New York, N.Y.
12                                             March 21, 2017
                                               4:35 p.m.
13
     Before:
14
                         HON. JAMES L. COTT,
15
                                        Magistrate Judge
16
                              APPEARANCES
17
     STEVEN E. GREER, Plaintiff Pro Se
18
     SHER TREMONTE LLP
19        Attorneys for Defendants Robert Serpico and
          The Battery Park City Authority
20   BY:  MICHAEL TREMONTE
          JUSTIN J. GUNNELL
21
     ROSENBERG & ESTIS
22        Attorneys for Defendants Howard Milstein, Steven Rossi,
          Janet Martin, Milford Management, and
23        Mariners Cove Site B Associates
     BY:  DEBORAH E. RIEGEL
24        ISAAC TILTON

25
```

1   apologize.

2           THE COURT: Have you all talked about a schedule for
3   the other witnesses? How much of this do you need me to
4   supervise or what? What I want to make sure is, I don't get
5   letters with you all fighting about whose deposition is going
6   to be when. You had two depositions today, correct?

7           MR. GREER: They went very well.

8           THE COURT: We have more depositions to schedule
9   between now and April 14. You are here. I'm not a
10  professional scheduler. It's not what I normally do. We have
11  a pro se litigant who wants to take depositions. I know you
12  want to at least take his deposition, if not perhaps other
13  witnesses as well. Do you need me to sit with the calendar and
14  you all and map this out right now? If you do, we will do it
15  so that there are no fights about it. You tell me. I'll do
16  that if that's what we need to do. And you have your
17  calendars, as I hope I encouraged you to bring here, so you
18  know when we can do these things.

19          MR. TREMONTE: From the BPCA, we only have three
20  individuals. Mr. Mehiel we have proposed a date, April 3. I
21  believe that that's agreeable to Mr. Greer. We have indicated
22  to Mr. Greer that Mr. McCabe is available pretty much any time
23  between now and the 14th. That should not be a problem. And
24  Ms. Soriero, that is indeed up in the air, your Honor, as you
25  can imagine. The authority has notified Ms. Soriero that she

1  has been noticed for a deposition and provided a copy of the
2  notice to her.  Apparently, she is in contact with the
3  plaintiff but not with us.  All that we know at the moment from
4  her is she has taken medical leave and I suppose -- and that
5  she doesn't want -- she is separately represented.  That we
6  have learned from Mr. Greer.
7          THE COURT:  Do either of you know who the lawyer is
8  who is representing her?
9          MR. TREMONTE:  We do not.
10         MR. GREER:  She doesn't have one yet.  I tried to find
11 her one.  I just suggested that she go here or there.  They
12 looked at it.  She doesn't have a lawyer yet.
13         THE COURT:  I suggest she should be scheduled for the
14 end of the discovery process because it sounds like she needs
15 to find a lawyer and work through that.  You said for
16 Mr. Mehiel April 3?
17         MR. TREMONTE:  Yes, your Honor.
18         THE COURT:  Should we put that down for Mr. Mehiel?
19         MR. TREMONTE:  Yes, your Honor.
20         THE COURT:  What about for Mr. McCabe?
21         MR. GREER:  3rd.
22         THE COURT:  Can you do that the same day?
23         MR. TREMONTE:  I believe we can, yes.
24         THE COURT:  The only other BPCA witness that's
25 implicated here is Ms. Soriero, or are there any others?

1          MR. TREMONTE:  There are two former BPCA employees,
2  Allison Ford and Nancy Harvey.  Again, it would be helpful to
3  have a proffer from the plaintiff, as we did with Ms. Soriero.
4  From our perspective, they don't have relevant information.
5          And if I may direct the Court to Dr. Greer's
6  submission to Judge Nathan seeking to appeal your Honor's
7  decision, this is his January 26 submission, on page 4 of that
8  document, Dr. Greer spelled out the rationale for wanting to
9  depose Ms. Ford and Ms. Harvey.  And that rationale, I can read
10 it but it's now been rejected by your Honor.
11         THE COURT:  Refresh my memory.  I don't recall.
12         MR. TREMONTE:  Sure.  Mr. Greer says:  "This all
13 relates to my First Amendment claims because it is crucial for
14 the jury to know that Serpico has made it his modus operandi
15 over 30 years of retaliating against anyone who dared to
16 investigate him.  I know it to be true from reliable sources
17 that Serpico recently had two different African-American
18 in-house lawyers fired from the BPCA simply because they were
19 properly following up with yet another complaint about sexual
20 harassment.  And this goes on to talk about Mr. Serpico's HR
21 file.
22         THE COURT:  Are Ms. Ford and Ms. Harvey the lawyers
23 that are referred to there?
24         MR. TREMONTE:  I believe so, yes.
25         MR. GREER:  Your Honor has already ruled that I can't

1  delve into his peccadillo. These are witnesses who will very

2  likely be favorable witnesses because they are no longer

3  employed there, number one. And they were extremely involved

4  in every intermingling and if Robert Serpico -- if they scheme

5  to evict me, which they did, they would know about it. And

6  unlike their own employed witnesses, these two witnesses will

7  be likely friendly witnesses and say the truth.

8      THE COURT: Why do you have any good-faith basis to

9  think that either Ms. Ford or Ms. Harvey has any knowledge of

10 any kind with respect to your eviction?

11     MR. GREER: That's how this office works. I wish you

12 could see the transcripts of Kirk Swanson today. It's a small

13 office. Everybody knows everything. They have meetings all

14 the time. They hear one another. Kirk Swanson said today: I

15 was the talk of the office. Everyone knows about it.

16     THE COURT: Here is the thing. They are former

17 employees, so you don't control them. So you don't have any

18 standing, frankly, on some level to say whether they can or

19 can't get deposed. They can be deposed if he can serve a

20 subpoena on them and set a date for that, right?

21     MR. TREMONTE: That's fair, your Honor, although the

22 rationale for deposing them has been rejected multiple times.

23     THE COURT: Let's be clear. If they are noticed and

24 he convenes a deposition and he starts asking questions about

25 what has been precluded, you can summarily direct them not to

1  answer to the extent that it's consistent with a protective
2  order that I had issued in the case that they are not parties
3  to for obvious reasons. But that would be appropriate to do if
4  that's what Dr. Greer is trying to do. His deposition of these
5  individuals is limited to what knowledge they have about his
6  current claims, which are why he was evicted, etc. I made that
7  clear innumerable times.
8       MR. GREER: My questions for them will be very similar
9  to what I asked Mr. Swanson today.
10      MR. TREMONTE: May I simply ask, your Honor, there is,
11 under the rules, a 10-deposition limit. There is no proffer of
12 a good-faith basis for deposing these witnesses. May we have
13 an agreement that if these people sit for depositions, Ms. Ford
14 and Ms. Harvey, and they have, as we expect, absolutely nothing
15 of relevance to say that Mr. Greer doesn't get more depositions
16 because he has wasted time with these two.
17      THE COURT: He doesn't get more depositions. I
18 already have a list of 11, so he's one over the list already.
19 So he's not getting more. He's getting 10.
20      MR. GREER: May I suggest the week of April 10 to do
21 Nancy Harvey, Allison Ford, and Linda Soriero, sometime during
22 the week of April 10.
23      MR. TREMONTE: We don't control them.
24      THE COURT: You will have to serve a subpoena on them.
25      MR. GREER: I have their information.

1          MR. TREMONTE:  I think that may be true, also, with
2  respect to Ms. Soriero under the rules.  I know we are not
3  giving Mr. Greer legal advice.  I think, given the status, her
4  status and what she has indicated to him and may indicate to
5  the authority, she may need to be separately deposed and not
6  just noticed through us.  A subpoena.
7          MR. GREER:  I plan on doing all of that.  Don't worry.
8          THE COURT:  You are going to serve Ms. Soriero with a
9  subpoena.
10         MR. GREER:  I paid a private investigator.  I have got
11 all their information.
12         THE COURT:  So the week of April 10:  Ms. Soriero,
13 Ms. Ford and Ms. Harvey.
14         MS. RIEGEL:  Judge, I believe that Passover is Monday
15 and Tuesday of that week.  I'm just trying to check the
16 calendar.
17         THE COURT:  We can tell you.
18         MS. RIEGEL:  If it is, I have abbreviated days both
19 days.
20         THE COURT:  I think Passover begins the night of the
21 10th.  It begins at sundown on the 10th.
22         MS. RIEGEL:  Correct.  Which means I have abbreviated
23 days on the 10th and the 11th because I have to get out to Long
24 Island by 4:00.
25         THE COURT:  The week of the 10th also includes the

1   12th, 13th, and 14th.

2       MS. RIEGEL: I understand.

3       THE COURT: These depositions sound like they are not
4   long. Sounds to me like Ms. Ford and Ms. Harvey can both be on
5   the morning of the 10th potentially. I'm not going to
6   micromanage this to that level.

7       MS. RIEGEL: I just don't want there to be any
8   confusion later.

9       THE COURT: That's fine. You're obviously permitted
10  to have religious observance. That is nothing that should
11  interfere with this.

12      We have said Mr. Rossi is going to be post April 14
13  for health reasons.

14      Let me ask this. When is Dr. Greer's deposition is
15  going to take place?

16      MR. GREER: I can do it the April 10 week.

17      THE COURT: Would you want it to be the week of the
18  10th or you want it earlier than that, folks?

19      MR. TREMONTE: That's fine, your Honor.

20      THE COURT: Week of the 10th.

21      MS. RIEGEL: Yes.

22      THE COURT: What witnesses are left?

23      MR. GREER: The only ones I can think of that would
24  matter, Dennis Mehiel.

25      THE COURT: We said April 3 for him.

1           MR. GREER:  Yes, we did.  I am not going --

2           THE COURT:  Who is Gwen Dawson?

3           MR. GREER:  She knows everything.  She is in charge
4  of -- if there is a building construction project at Pier A,
5  she does the grants.

6           THE COURT:  What does she know about you?

7           MR. GREER:  I can't talk about the lease, but you said
8  with Dr. Greer you can depose and you can ask Gwen Dawson, have
9  you ever done anything related to Greer?  You said she was in
10 on the scam.  She knows everything.  I can't ask her about the
11 money laundering lease that they made in my building.

12          THE COURT:  Correct.  It has to be about your claims.

13          MR. GREER:  Yes.  And it could be real short.  Could
14 be a 15-minute deposition.

15          THE COURT:  When are we taking Ms. Dawson?

16          MR. GREER:  April 3.

17          THE COURT:  Can you do three in one day or is that too
18 much?

19          MR. GREER:  Yes.

20          THE COURT:  I know you can, but they may not prefer to
21 three in one day.

22          MR. TREMONTE:  I don't think it makes sense.

23          THE COURT:  Do it the next day, the 4th.

24          MR. GREER:  But they are only taking an hour.

25          THE COURT:  If they are really an hour, taking three

1    depositions of an hour length, that's not a big deal.

2            MR. TREMONTE:  I wasn't minding the clock, but I don't

3    know that either of the depositions today were actually that

4    short.  I would be surprised --

5            THE COURT:  Dr. Greer is representing to me that if he

6    takes all three -- Mr. Mehiel is going to be an hour?

7            MR. GREER:  We can easily do Mehiel, McCabe and Dawson

8    on April 3.

9            MR. TREMONTE:  In an abundance of caution, your Honor,

10   we prefer not to have these three in a day.

11           THE COURT:  What's the problem doing the next one on

12   the 4th?

13           MR. GREER:  When I say the 3rd, I mean the week of the

14   3rd.

15           THE COURT:  They are talking about the day of the 3rd.

16   Two on the 3rd and one on the 4th.

17           MR. GREER:  When I say April 3 and April 10, I'm

18   talking about those two weeks.

19           THE COURT:  We are talking about Mehiel, McCabe, and

20   Dawson the week of the 3rd and then you'll figure out the next

21   day.

22           MR. TREMONTE:  With respect to Ms. Dawson, she was

23   dropped off of plaintiff's list, so we did not check with her

24   with her availability.

25           THE COURT:  Is she not on your list?

1     MR. GREER:  I don't believe so.

2     THE COURT:  You have 11 people on the list.  You took
3  Mr. Swanson and Mr. Serpico today?

4     MR. GREER:  So far we have two from today, three,
5  four, five, six, seven, eight, nine.

6     MR. TREMONTE:  The bottom line is, we have to check
7  with Ms. Dawson.  I have not done that.  And if that's my
8  fault, I apologize.  We have to check with her.  I'm sure there
9  will be a day before the 14th --

10    THE COURT:  What about Mr. Milstein?

11    MS. RIEGEL:  Mr. Milstein is available on April 7,
12  your Honor.

13    MR. GREER:  That's the week of April 3.

14    THE COURT:  That's the Friday.  What about Ms. Martin?

15    MS. RIEGEL:  Dr. Greer dropped her off his list.

16    THE COURT:  She is off.

17    MR. GREER:  Yes.

18    THE COURT:  I think we are done then, right?

19    MR. GREER:  I have room for one more, and this has
20  become apparent to me in today's depositions and from Linda
21  Soriero.  Another high-level executive named Karl Koenig, I
22  believe, will be very valuable to me.

23    THE COURT:  You get 10 depositions.  By my count you
24  have 10 already, not counting this person.

25    MR. GREER:  I have two from today, Mehiel, McCabe,

```
 1   Dawson, Milstein, Soriero, Harvey, Ford.
 2            THE COURT:  And Rossi.  That's eight.  Plus two is
 3   then.  You have 10.
 4            MR. GREER:  I can't count.
 5            THE COURT:  You get 10, unless you want to substitute
 6   the person you just said for someone else.
 7            MR. GREER:  Let's see if I want to substitute.  Can we
 8   substitute Gwen Dawson for Karl Koenig.
 9            THE COURT:  Now you don't have to talk to Ms. Dawson.
10   Mr. Koenig.
11            MR. GREER:  Yes, Karl Koenig.
12            THE COURT:  Karl Koenig.  What is his position?
13            MR. GREER:  It's high up.  They have so many names.  I
14   don't know.
15            MR. TREMONTE:  He wasn't on our radar screen, your
16   Honor.  We will have to confer with him.
17            THE COURT:  I know.  Sometime between now and April 14
18   you'll work it out.
19            MR. TREMONTE:  Yes, your Honor.
20            THE COURT:  I don't think I got an answer about when
21   Dr. Greer's deposition is going to be.
22            MR. TREMONTE:  Dr. Greer proposed that final week.
23   That's amenable to us.  The only question I have is I
24   anticipate, your Honor, we will, of course, do our level best,
25   especially in light of the Court's comments today, to keep our
```

1  postdeposition document demands to a rational minimum, but I
2  expect there will be some.  If we make them that last week,
3  Dr. Greer will almost certainly need -- he will probably need
4  more time to produce.  I assume that that's OK with the Court.
5  But his production --
6         THE COURT:  In terms of the April 14 deadline?
7         MR. TREMONTE:  For discovery.
8         THE COURT:  If you make any postdeposition document
9  requests before the 14th, you are entitled to do that and
10 Dr. Greer, obviously, has to respond to them to you.  And then
11 if there is any issue that flows from that, I'm sure I'll hear
12 about it, keeping in mind that I have a jury trial beginning
13 April 24 for two weeks, so you may not hear from me for a while
14 because, guess what, I work on other cases.  Did you know that,
15 Dr. Greer?  Are you aware that I'm not a one-case guy?  Not
16 just your case.
17        To that end, by the way, I think someone at the back
18 table sent at 12:30 today a request to have phones brought in,
19 and I can't turn on a dime like that.  If you need that sort of
20 relief, you have to ask me the day before.
21         MS. RIEGEL:  We apologize, your Honor.  It was the
22 court reporter and she had a child care issue and she was a
23 little exercised because she didn't realize she wouldn't be
24 able to bring in her phone.
25         THE COURT:  Did it get worked out?

1            MS. RIEGEL:  It worked out.

2            THE COURT:  If you have an emergency like that, you
3    can call my deputy and perhaps he can facilitate it.  I can't
4    guarantee anything.

5            MR. GREER:  I have left conference calls like this
6    before thinking that they are going to cooperate and they
7    don't.  We have weeks.  The week of the 3rd.  Can we get the
8    actual day of each person, please.  Maybe I wasn't paying
9    attention.

10           THE COURT:  We have not done the actual day.  But we
11   are committed to all of these witnesses the weeks of either
12   April 3 or April 10, right?

13           MR. TREMONTE:  Yes, your Honor.

14           THE COURT:  Dr. Greer, to be clear, these lawyers, as
15   lawyers and members of the bar of this Court, are officers of
16   the Court.  If they are representing in open court to me that
17   these witnesses -- to the extent they control them.  People you
18   have to subpoena they don't control.  But for those individuals
19   that they can control, they have represented to me that these
20   depositions are going to go forward on the weeks of the 3rd and
21   the 10th and you all will have conversations offline.  You
22   don't need me for them to say, this one can be on the 4th in
23   the morning and the 5th in the afternoon or whatever.  You'll
24   do that and I have no doubt that you'll be able to work that
25   out.

1           MR. TREMONTE:  Yes, your Honor.
2           THE COURT:  Are we done or is there anything else?
3    You should settle this case, but you won't because there is no
4    way to do that.
5           MR. GREER:  I am going to trial now because I am going
6    to win.
7           THE COURT:  I wish you all a good afternoon, good
8    evening.  I'm sure I'll be speaking to you down the road.
9                                 o0o