**Steven Greer, M.D.**
4674 Tatersall Court
Columbus, Ohio 43230
(212) 945-7252
steve@batterypark.tv

April 15, 2017

**Judge James L. Cott**
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
(212) 805-0250

Re: *Greer v. Mehiel, et al*, Civil Action No. 1:15-cv-06119 (AJN)(JLC)

Dear Judge Cott:

    I am the *pro se* Plaintiff in this instant matter of *Greer v. Mehiel*, *et al*. and am writing this letter in reply to oppose the BPCA defendant's motion (Dkt. No. 320) to quash my Iron Mountain subpoena for documents.
    Your Honor, what we have here is a case of a law firm frantically trying to save a case by submitting egregiously misleading letter motions to the court. In their motion to quash, they claim that I failed to serve them the Iron Mountain subpoena, and failed to discuss it during my deposition other than to "allude to it". Those statements are untrue, making their entire letter motion moot.
    On March 30th, 2017, I hired the Delta Court Service company to serve a subpoena to the company in Boston called Iron Mountain, which was contracted by the BPCA defendants to back up their documents. They also served the BPCA.
    <u>During my April 13th sworn deposition, I discussed at length my Iron Mountain subpoena.</u> The topic arose after lawyer Tremonte accused me of spoliation. I replied by saying that his clients actually were the ones guilty of spoliation, not me, and that I had subpoenaed Iron Mountain. <u>There was no expression of surprise whatsoever from the room full of lawyers,</u> indicating that they had indeed been served the subpoena (the transcript from this April 13th deposition is not yet available).
    Prior to my subpoena of Iron Mountain, the BPCA had failed to provide the emails for which I had made document requests. They only provided a few select cherry-picked emails that were relevant to my document requests. They buried them amidst a data-dump of thousands of irrelevant emails that I had sent to them.
    I knew from friendly witnesses that emails existed the BPCA was not producing. This was confirmed during depositions of defendants Robert Serpico, Dennis Mehiel, Allyson Ford, and Howard Milstein who all admitted that they had deleted emails from their work computers <u>after</u> I had sent a cease and desist letter in early 2014 to not destroy documents (transcripts of those transcripts are not yet available on this holiday weekend). Moreover, witness Linda Soriero swears to seeing "smoking gun" emails from 2013 that were never produced to me.
    <u>Due to this spoliation by the defendants,</u> I sought the appropriate remedy of going to a third-party source that might have possession of the missing emails. That entity is the

1

**Steven Greer, M.D.**
4674 Tatersall Court
Columbus, Ohio 43230
(212) 945-7252
steve@batterypark.tv

company Iron Mountain, located in Boston and contracted by the BPCA to store archived documents.

My subpoena to Iron Mountain, contrary to what the BPCA letter tries to mislead this Court, was not asking for Robert Serpico's emails since becoming at the BPCA over 30-years ago. I made an extremely narrow request from Iron Mountain that would have dated back to only 2010, given the fact that I had not begun reporting on BPCA scandals until then. My subpoena asked iron Mountain only to produce BPCA emails that contained the search words of "BatteryPark.TV" or "the blogger".

However, I do see now how the subpoena wording failed to insert the word "and" in between the search words. Therefore, a search of any email with "Serpico" could be construed as a search for all of Mr. Serpico's emails over decades. I am willing to add a time limit by date to search for emails since 2010, which is when I began my reporting on the BPCA.

Your Honor has ruled that documents relating to Robert Serpico's human resources file, which is thick with decades of sexual harassment claims, are off-limits. The BPCA claims in their letter that I am trying to "end-run" your orders. This is not the case. My subpoena only asks for documents that relate to me by name. That is precisely what Your Honor has ruled is fair game.

In summary, the BPCA's motion to quash should be dismissed entirely. It is a misleading document and I seek only documents that should have been produced. Iron Mountain is the sole source from which to obtain these key documents.

Sincerely,

/s/ Steven E. Greer, MD  *pro se*