UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

STEVEN E. GREER, MD,

                         Plaintiff,

    -against-

DENNIS MEHIEL, ROBERT SERPICO, THE
BATTERY PARK CITY AUTHORITY, HOWARD
MILSTEIN, STEVEN ROSSI, JANET MARTIN,
MILFORD MANAGEMENT, and MARINERS COVE
SITE B ASSOCIATES,

                         Defendants.

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

ECF CASE

CIVIL ACTION NO.
15 CV 6119 (AJN)(JLC)

**LANDLORD DEFENDANTS'
RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST
REQUEST FOR
<u>PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Howard Milstein, Steven Rossi, Janet Martin, Milford Management, and Mariners Cove Site B Associates (collectively the "**Landlord Defendants**"), by their attorneys, Rosenberg & Estis, P.C., hereby respond and object to plaintiff Steven E. Greer's ("**Plaintiff**") First Demand for Documents From Real Estate Defendants, dated January 30, 2017 (the "**Requests**" or "**Request**"), as follows:

<u>**GENERAL OBJECTIONS**</u>

To avoid undue and unnecessary repetition, Landlord Defendants make the following general and continuing objections to the Requests ("**General Objections**"). All General Objections apply to the responses to each item. Failure to list a General Objection is not intended, nor should it be construed, as a waiver of that objection. Any objection or lack of objection to any portion of a particular Request is not to be deemed an admission that Landlord Defendants have documents sought in the Request:

    1.    Landlord Defendants object to the Requests insofar as they purport to require the production of any privileged communication or of an attorney's work-product on the ground that

such Request is impermissible under Rule 26(b) of the Federal Rules of Civil Procedure and other applicable laws and rules.

2.        Landlord Defendants object to the Requests to the extent that they seek documents (i) concerning claims that were summarily dismissed by this Court's Memorandum and Order dated September 30, 2016 (the "**Dismissal Order**"; Dkt. No. 187) and/or (ii) already precluded and/or deemed to be irrelevant to Plaintiff's First Amendment claim by this Court's (a) Memorandum Order dated January 18, 2017 (the "**Discovery Order**"; Dkt. No. 228) and the Court's ruling on Landlord Defendants' Letter Motion for a Local Rule 37.2 Conference to seek permission to bring a protective order, made during the telephonic conference on March 6, 2017 (the "**March 2017 Protective Order**"; Dkt. Nos. 267-68).

**REQUESTS AND RESPONSES**

**DOCUMENTS**

**Request No. 1**

Particular documents, communications, and correspondences concerning the subject matter of this action.

**Response to Request No. 1**

Landlord Defendants object to this Request as vague and subjective. Subject to the General Objections set forth above, Landlord Defendants attempt to answer the Request as they understand it (which is as a request for documents related to Plaintiff's First Amendment retaliation claim and Landlord Defendants' denial and defenses). The documents responsive to this Requests are identical to those documents produced for requests 2, 3, 12, 16, 17, and 18.

**Request No. 2**

Particular documents, communications, and correspondences, which mention, *inter alia,* "Steven Greer", "Greer", "200 Rector Place 35F", any nickname assigned to Plaintiff, or "BatteryPark.TV".

RE\55673\0424\2075244v4

**Response to Request No. 2**

Subject to the General Objections set forth above, Landlord Defendants searched its electronically stored information using the date range January 1, 2013 to May 2, 2014 and produce documents containing the words "Greer", "35F", "BatteryPark.TV", "battery park tv" and "hcc.tv".  Subject to the General Objections set forth above, Landlord Defendants hereby produce non-privileged documents, in the form of electronically stored information in Adobe Portable Document Format ("ESI"), responsive to the Request, as limited by the Dismissal Order, Discovery Order, and the March 2017 Protective Order.  Responsive documents are being withheld on the basis of attorney-client privilege.  *See* Fed R. Civ. P. 34(b)(2)(C).  Responsive documents are being withheld that are dated and/or were created subsequent to May 2, 2014, the date MCSBA commenced a "holdover" proceeding against Plaintiff.  *See* Fed. R. Civ. P. 34(b)(2)(C).  The Bates numbers of the responsive documents are: LD24; LD30-32; LD38-39.

**Request No. 3**

Particular documents, communications, and correspondences concerning the decision to not renew Plaintiff's lease.

**Response to Request No. 3**

Subject to the General Objections set forth above, Landlord Defendants hereby produce non-privileged documents, in the form of ESI, through May 2, 2014, responsive to the Request, as limited by the Dismissal Order, Discovery Order, and the March 2017 Protective Order.  Responsive documents are being withheld on the basis of attorney-client privilege.  *See* Fed R. Civ. P. 34(b)(2)(C).  Responsive documents are being withheld that are dated and/or were created subsequent to May 2, 2014, the date MCSBA commenced a "holdover" proceeding against Plaintiff.  *See* Fed. R. Civ. P. 34(b)(2)(C). The Bates numbers of the responsive documents are: LD1-11; LD23-26; LD30-32; LD38-79; LD84-99; and LD142-1547.

RE\55673\0424\2075244v4

**Request No. 4**

     Particular documents that you intend to use during depositions, for summary judgment, and/or at trial.

**Response to Request No. 4**

     Landlord Defendants have not determined which documents they intend to use for depositions, for summary judgment, and/or at trial.  Accordingly, no documents responsive to this request exist. Documents will be produced as such determinations are made, to the extent such documents are not produced herewith.

**Request No. 5**

     Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to any company employed by any real estate defendant that are contracted or paid to provide computer memory storage, email management, and other Internet provider functions.

**Response to Request No. 5**

     Landlord Defendants object to this Request as vague and subjective. Subject to the General Objections set forth above, Landlord Defendants attempt to answer the Request as they understand it.  Documents are not required to answer this Request.  The email management and computer memory storage of Landlord Defendants is handled "in house" by employees of Milstein Properties.  The internet service providers for the building that houses the "email servers" of the Landlord Defendants' are (i) Tower Stream and (ii) Light Path.

**Request No. 6**

     Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to Defendant's claim that the building at 200 Rector Place is "luxury" or "condominium" Since the New York Attorney General filings are numerous, and each one several hundred pages in length, they are to be provided in electronic PDF form as well as hardcopy. A recent application to the New York Attorney General requesting permission to sell more than 300 apartments on Rector Place should be included.  Judge Cott's ruling January 18th, 2017 (Dkt. No 228), which ruled that this was an improper request when made of the BPCA defendants is now under appeal (Dkt. No. 233) and a ruling is pending from Judge Nathan.

**Response to Request No. 6**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to this Request.

**Request No. 7**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to the amount of construction work required to renovate each rental apartment after a tenant moves out. Specifically, over the last few years, apartments have been gutted, plumbing replaced, etc. Provide invoices, checks, blueprints, contracts and other documents that detail the extent of this work.  Judge Nathan is set to rule on an appeal (Dkt. No. 233) whether this information is fair game for discovery and defendants should err on the side of assuming that it is. As Plaintiff explained in that appeal, this lease for space in 200 Rector Place is nothing but a quid pro quo and payback to the real estate defendants in exchange for engaging in the conspiracy with the BPCA.

**Response to Request No. 7**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to this Request.

**Request No. 8**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to any previous tenant in any Milstein-owned building having been evicted by not having their lease from January 1, 2011 to May 2, 2014.

**Response to Request No. 8**

Subject to the General Objections set forth above, Landlord Defendants hereby produce non-privileged documents, in the form of ESI, responsive to the Request, and withholds those documents as limited by the Dismissal Order, Discovery Order, and the March 2017 Protective Order.  *See* Fed R. Civ. P. 34(b)(2)(C).  The Bates numbers of the responsive documents are: LD105-1547.

**Request No. 9**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to the state and city tax abatement program known as "421- a" that was, or still is, honored by the BPCA, and the tax reductions to BPCA tenants, such as Mariners Cove Site B Associates, that were generated by 421-a, and when, if ever, the 421-a program

agreement with Mariners Cove Site B Associates and real estate defendants expired.  Judge Cott's ruling January 18th, 2017 (Dkt. No 228), which ruled that this was an improper request when made of the BPCA defendants is now under appeal (Dkt. No. 233) and a ruling is pending from Judge Nathan.

**Response to Request No. 9**

Landlord Defendants and Plaintiff agree that the issue(s) in this Request were previously adjudicated as per the Dismissal Order and Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan (Dkt. No. 244), and Landlord Defendants are not required to respond to this Request.

**Request No. 10**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to Defendant's claim that Mariners Cove Site B Associates, or any of the real estate defendants, paid any property taxes, or PILOT fees, at all, and if so, how much. Judge Cott's ruling January 18th, 2017 (Dkt. No 228), which ruled that this was an improper request when made of the BPCA defendants is now under appeal (Dkt. No. 233) and a ruling is pending from Judge Nathan.

**Response to Request No. 10**

Landlord Defendants and Plaintiff agree that the issue(s) in this Request were previously adjudicated as per the Dismissal Order and Discovery Order, and Plaintiff's appeal of the Discovery Order was denied by Judge Nathan (Dkt. No. 244), and Landlord Defendants are not required to respond to this Request.

**Request No. 11**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to details of Plaintiff's apartment lease with real estate defendants, which were leaked to the BPCA, including who from the real estate defendants and when provided those private documents to the BPCA. This is an extremely vital evidence chain that will directly demonstrate a plan and action of conspiracy

**Response to Request No. 11**

No documents responsive to this Request exist.

**Request No. 12**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to Defendant's claim that they never conspired and colluded with the BPCA defendants discussing details of Plaintiff's living arrangements. For example, emails from Steve Rossi to Janet Martin might exist indicating that those defendants were in the dark as to why Plaintiff was evicted. The lack of such documents will support Plaintiff's arguments that lack of payment or other just reason was the cause for the eviction.

**Response to Request No. 12**

Landlord Defendants object to this Request as vague and unclear, in part because it is impossible to disprove a negative, but Landlord Defendants attempt to reasonably respond and do not withhold documents based on this particular objection. No documents exist that support any conspiracy between the BPCA Defendants and the Landlord Defendants. However, subject to the General Objections set forth above, responsive documents, through May 2, 2014, are produced herewith that support that there was no conspiracy and that the decision to not renew Plaintiff's lease and commence litigation against Plaintiff was made solely by Landlord Defendants. The Bates numbers of the responsive documents are: LD1-11; LD23-26; LD30-32; LD38-79; LD84-99; and LD142-1547.

**Request No. 13**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to any meeting of any kind between Robert Serpico, or any BPCA staff or board members, with any of the real estate defendants or employees of the real estate defendants, during the period from January 1, 2013 to December 31st, 2015. This is a narrow time period and not overly burdensome or broad. It will directly demonstrate to a jury that it was indeed likely that the two groups of defendants knew each other well and could have plausibly conspired to evict Plaintiff. It is true that the real estate senior managers of the various major buildings within Battery Park City regularly meet with the BPCA. Once the location and pattern of such meetings are gleaned, then Plaintiff and seek other evidence of details of those meetings.

**Response to Request No. 13**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to this Request.

- 7 -

**Request No. 14**

Particular documents, communications, and correspondences which support, evidence, relate or otherwise pertain to Defendant's business transactions with the BPCA, such as leasing of property for BPCA office space use, or any money transfers between those parties, from the year 2000 through to current day. The newly signed lease of the office space within 200 Rector Place for BPCA use should be included, as well as any information explaining why that space remains unused by the BPCA.

**Response to Request No. 14**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 15**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to BPCA defendants' personal real estate transactions, such as the sale of apartments by Howard Milstein or Mariners Cove Site B Associates to BPCA staff and board members, ever.

**Response to Request No. 15**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 16**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Defendant's claim that Plaintiff was problematic in anyway as a tenant. This includes, among other things, incident reports, complaints by other tenants, etc.

**Response to Request No. 16**

Subject to the General Objections set forth above, Landlord Defendants hereby produce

documents, in the form of ESI, through May 2, 2014, responsive to this Request.  Responsive

documents are being withheld that are dated and/or were created subsequent to May 2, 2014, the

date MCSBA commenced a "holdover" proceeding against Plaintiff.  *See* Fed R. Civ. P.

34(b)(2)(C).  The Bates numbers of the responsive documents are: LD1-26; LD30-32; LD38-79;

LD84-99; and LD142-1547.

RE\55673\0424\2075244v4

**Request No. 17**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Defendant notifying Plaintiff in writing or any other manner that he was a problematic tenant.

**Response to Request No. 17**

Subject to the General Objections set forth above, Landlord Defendants hereby produce documents, in the form of ESI, through May 2, 2014, responsive to this Request. Responsive documents are being withheld that are dated and/or were created subsequent to May 2, 2014, the date MCSBA commenced a "holdover" proceeding against Plaintiff. *See* Fed R. Civ. P. 34(b)(2)(C). The Bates numbers of the responsive documents are: LD1-11; LD23-26; LD30-32; LD71; LD75-77; LD84-92; and LD97-99.

**Request No. 18**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Plaintiff's alleged "erratic" rent payment, including photocopy images of the rent checks provided by Plaintiff with legible dates on them.

**Response to Request No. 18**

Subject to the General Objections set forth above, Landlord Defendants hereby produce documents, in the form of ESI, through May 2, 2014, responsive to this Request. Responsive documents are being withheld on the basis of attorney-client privilege. *See* Fed R. Civ. P. 34(b)(2)(C). Responsive documents are being withheld that are dated and/or were created subsequent to May 2, 2014, the date MCSBA commenced a "holdover" proceeding against Plaintiff. *See* Fed R. Civ. P. 34(b)(2)(C). The Bates numbers of the responsive documents are: LD1-11; LD23-26; LD30-32; LD38-79; LD84-99; and LD142-1547.

**Request No. 19**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to why Loraine Doyle was terminated from Milford Management. These are not confidential or trade secret details of personnel. The documents sought might prove that, for example, Lorain Doyle ran a sloppy shop with sloppy accounting, and was fired

for cause, which would support Plaintiff's assertions that the Milford Management accounting system was an error prone mess. It might also become know through these documents that Lorain Doyle initiated the eviction, and the protected costly course of litigation caused her to be fired, as another hypothetical example.

**Response to Request No. 19**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 20**

Particular documents that list the names of the employees fired by Howard Milstein, Milford Management, Mariners, or any company owned by Howard Milstein that dealt with the building at 200 Rector Place, since January 1, 2013. These are not confidential or trade secret details of personnel, as explained in No. 19. In addition, those fired would likely be friendly witnesses to Plaintiff.

**Response to Request No. 20**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 21**

The addresses, email contacts, and phone contact information for those people fired by Howard Milstein, Milford Management, Mariners, or any company owned by Howard Milstein that dealt with the building at 200 Rector Place, since January 1, 2013.

**Response to Request No. 21**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 22**

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to who instructed building superintendent Gus Ouranitsas, a Milford employee, to attend the October 22nd, 2013 Community Board 1 meeting to oppose plans orchestrated by Plaintiff and the City DOT to install safety measures at the intersection of Battery Place and West Thames Street outside of 200 Rector Place (as seen here https://youtu.be/FLL6iEiD5MU). This is a vital piece of the puzzle that could directly demonstrate to a jury how Loraine Doyle and Steve Rossi ordered Gus to go to this meeting to retaliate against the efforts of Plaintiff to establish safe street crossings outside of 200 Rector

Place. This directly relates to the complaint and details within it. Gus has never been to a CB1 meeting before this one in question. It was highly unusual behavior.

**Response to Request No. 22**

      Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 23**

      Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to Defendant's practices of hiring "summer help" on short-term basis, but yet keeping those employees on the job well past summer, thereby avoiding paying the benefits otherwise due to them as a full-time unionized doorman. Plaintiff began to expose this scam and that is one more reason for motive by the conspirators.

**Response to Request No. 23**

      Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 24**

      Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to the security guard and company for which he works who accompanied Gus Ouranitsas on his tour of Plaintiff's apartment, 35F, on the day of moving out, in April of 2016. The security guard was uninvited and stepped into the apartment unannounced. He had a shaved head and wore a long trench coat, likely wearing a firearm. This action was a new form of retaliation meant to chill Plaintiff from proceeding with his litigation against defendants.

**Response to Request No. 24**

      Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

**Request No. 25**

      Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to the legal agreement or contract that employees working in 200 Rector Place were forced to sign, sometime in 2016, that, among other things, forced them to stop talking to tenants about matters concerning the building owners. By the real estate defendants forcing lowly hourly-paid doormen and porters to sign this document, they directly chilled them from interacting at all with Plaintiff. This was another aspect of the ongoing conspiracy to retaliate against Plaintiff and jurors need to know the details. It was also possibly

illegal coercion or extortion, which might be evidence for a criminal case that could spin-off from this civil case.

## Response to Request No. 25

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

## Request No. 26

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to all complaints made about Milstein-owned buildings in Battery Park City over the last 10-years. These include, among other things, complaints filed with the New York City Housing Preservation & Development, or HPD.  This is directly related to the person's habit or an organization's routine practice habit as allowed by FRCP Evidence 406. If the real estate defendants conspired against me, then they likely have done this before to others.

## Response to Request No. 26

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to

this Request.

## Request No. 27

Particular documents, communications, and correspondences, which support, evidence, relate or otherwise pertain to all lawsuit complaints filed against Milstein-owned buildings in Battery Park City over the last 10-years.  This is directly related to the person's habit or an organization's routine practice habit as allowed by FRCP Evidence 406. If the real estate defendants conspired against me, then they likely have done this before to others. It is not easily found public information, since the real estate defendants engage in corporate shell games to hide the true identity of the humans involved. Also, being pro se, Plaintiff lacks the ability to search court files as well as lawyers can.

- 12 -

**Response to Request No. 27**

Pursuant to the March 2017 Protective Order, Landlord Defendants shall not respond to this Request.

Dated:   New York, New York
         March 14, 2017

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Landlord Defendants*

By: _____
        Isaac Tilton
733 Third Avenue
New York, New York 10017
(212) 867-6000

TO:   **STEVEN GREER, MD**
      *Pro Se Plaintiff*
      4674 Tatersall Court
      Columbus, Ohio 43230

CC:   **SHER TREMONTE LLP**
      *Attorneys for BPCA Defendants*
      80 Broad Street, Suite 1301
      New York, New York 10004