CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART C
------------------------------------------------------------X
MARINER'S COVE SITE B ASSOCIATES,

                        Petitioner,

          -against-                              L & T Index #: 63974/14
                                                      **DECISION/ORDER**

DR. STEVEN GREER,

                        Respondent-Tenant,
------------------------------------------------------------X
HON. ARLENE H. HAHN, J.H.C.

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of petitioner's motion to dismiss respondent's affirmative defenses and counterclaims, to strike respondent's jury demand, for summary judgment and use and occupancy, and respondent's cross-motion to dismiss the petition, or in the alternative, to consolidate this case with a nonpayment proceeding between the parties under Index # 61405/14.

Papers                                                                                           Numbered

Petitioner's Motion, Aff's, Exhibits and Memorandum of Law..................................1
Respondent's Cross-Motion and Opposition, Affidavit and Exhibits..........................2
Petitioner's Reply Affirmation in Opposition and Further Support.............................3
Petitioner's Sur-Reply Affirmation..........................................................................4

      Petitioner moves for an order to dismiss respondent's affirmative defenses and counterclaims, to strike respondent's jury demand, for summary judgment, and for use and occupancy, and respondent cross-moves to dismiss the petition, or in the alternative, to consolidate this case with a nonpayment proceeding between the parties under Index #61405/14, in this holdover proceeding based upon expiration of lease in an unregulated, condominium apartment, in which petitioner seeks possession of 200 Rector Place, Apt. #35F, New York, New York 10280. Petitioner is represented by counsel and respondent is *pro se*. After oral argument and in consideration of all papers submitted, the court finds and decides as follows:

      Petitioner's motion is granted in part and denied in part and respondent's cross-motion is denied in its entirety for the reasons set forth below.

      The subject premises is an unregulated, condominium apartment which respondent has rented pursuant to free-market leases since 2002. The initial rent was $2,265.00 and has increased at a fairly steady pace in yearly lease renewals to $3,395.00 in the May, 2013 lease which expired April 30, 2014.

LD001790

The original lease, renewed yearly until 2014, contains a jury waiver provision in Paragraph 26. Therefore, respondent's jury demand is stricken.

Respondent's first affirmative defense of retaliatory eviction stands. Real Property Law § 223-b is fairly broad with respect to what activities in which a tenant might engage, the retaliation against which by a landlord might trigger this provision. Respondent was initially notified by letter dated January 24, 2014 that petitioner would not be renewing his lease. Although Exhibit F to respondent's answer contains evidence of only two complaints to the City (311) on February 18, 2014 and February 24, 2014, for heat and hot water which were made *after* he was notified petitioner would not be renewing his lease, not before, and although respondent sent many emails to petitioner's managing agent from 2010 through 2012 complaining about the intermittent lack of hot water without notice, and was still offered renewal leases in 2010, 2011, 2012 and 2013, respondent shows documentation of two complaints to petitioner regarding lack of water in his building between May, 2013 (the beginning of his most recent lease) and January 24, 2014, the date of the letter notifying him of petitioner's intent not to renew, as well as several complaints to petitioner regarding accounting errors during this period. Respondent also alleges in his answer to having posted articles critical of petitioner on his website, BatteryPark.TV, during this period. Although it does not appear from his answer that respondent has alleged or proven facts which trigger the rebuttable presumption that the landlord acted in retaliation in RPL § 223-b(5), respondent's allegations are sufficient to allow him to raise the defense of retaliatory eviction. It shall be left to the trial court to decide whether respondent has met his burden to prove this defense, and if so, whether petitioner can provide a credible explanation of a non-retaliatory motive for its acts in rebuttal.

Respondent's second affirmative defense, "no legal fees are due," shall stand. Pursuant to the terms of the lease, Paragraph 17E, and in accordance with controlling case law, the prevailing party in this proceeding may recover legal fees. As of the time of the writing of his answer, no prevailing party existed, and therefore no legal fees were due at that time.

Respondent's third affirmative defense, "designate old case as closed," is stricken as it is not an affirmative defense to this proceeding. Nevertheless, this Court granted petitioner's motion to withdraw

2

rent deposited with the Commissioner of Finance in a nonpayment proceeding and further ordered that once released, the petition would be deemed satisfied and the case dismissed. (L&T Index #: 61405/14, J. Hahn, 2/26/15)

Respondent's fourth affirmative defense, "'Petitioner' is no longer in capacity to sue Dr. Greer," is stricken. Petitioner is Mariners Cove Site B Associates. Respondent's assertion, even if true, that an employee of petitioner is no longer employed by petitioner, fails to allege facts sufficient to prove or call into question petitioner's standing to bring this proceeding.

With respect to respondent's counterclaims, Paragraph 26 ("Giving up right to trial by jury and counterclaim") of the original lease between the parties states:

> "A. Both Tenant and Owner agree to give up the right to a trial by jury in a court action, proceeding or counterclaim on any matters concerning this Lease, the relationship of Tenant and Owner, as Tenant and Owner, or Tenant's use or occupancy of the Apartment. . . . B. If Owner begins any court action or proceeding against Tenant which asks that Tenant be compelled to move out, Tenant cannot make a counterclaim unless Tenant is claiming that Owner has not done what Owner is supposed to do about the condition of the Apartment or the Building which has rendered the same dangerous or hazardous to the life, health and/or safety of Tenant.

In light of this provision, all of respondent's counterclaims are stricken except the Fourth, alleging breach of warranty of habitability. The balance of respondent's counterclaims are severed and preserved for a plenary proceeding, should respondent choose to pursue them.

The Court denies petitioner's motion for summary judgment as there exist triable issues of fact regarding respondent's affirmative defense of retaliatory eviction. However, the Court grants petitioner an award of any and all unpaid use and occupancy from April, 2014 through March, 2015, to be paid directly to petitioner (respondent is specifically ordered not to deposit this money in court) by April 10, 2015, as well as use and occupancy, *pendente lite*, at the rate of the last lease in effect, without prejudice, by the tenth day of each month from April, 2015 through the date of the trial decision. Respondent's cross-motion to dismiss is denied for failure to state a legal basis upon which the Court could grant its motion. Further, respondent's cross-motion to consolidate this matter with the nonpayment proceeding between the parties under L & T Index #61405/14 is denied, consistent with the order of this Court in that matter (J. Hahn, 2/26/15).

3

LD001792

Accordingly, the case is restored to the calendar on May 1, 2015 for trial in Part C, room 844, at 9:30 a.m.

The foregoing constitutes the decision and order of this court.

Dated: New York, New York
       March 13, 2015

HON. ARLENE H. HAHN, J.H.C.

Civil Court
of the
City of New York

MAR 1 3 2015

ENTERED
NEW YORK COUNTY

4