CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART C
-------------------------------------------------------------------------X
MARINER'S COVE SITE B ASSOCIATES,

                         Petitioner,             L & T Index #: 61405/14

      -against-                               **DECISION/ORDER**

DR. STEVEN GREER,

                      Respondent-Tenant,
-------------------------------------------------------------------------X

**HON. ARLENE H. HAHN, J.H.C.**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of petitioner's motion for an order directing the Commissioner of Finance to release funds deposited in court by respondent to petitioner, and respondent's cross-motion to deny the release of funds to petitioner, to consolidate this nonpayment proceeding with a pending holdover proceeding between the parties, and for the funds deposited to be released to respondent to pay for legal counsel.

| Papers | Numbered |
|---|---|
| Petitioner's Motion, Aff's and Exhibits................................................................. | 1 |
| Respondent's Reply Affidavit and Exhibit............................................................ | 2 |
| Petitioner's Aff's in further Support of Motion..................................................... | 3 |
| Petitioner's Sur-Reply Affirmation........................................................................ | 4 |
| Respondent's Cross-Motion, Affidavit and Exhibits............................................. | 5 |
| Petitioner's Affirmation in Support of Motion and in Opposition to Cross-Motion................. | 6 |

      Petitioner moves for an order directing the Department or Commissioner of Finance to release funds deposited in court by respondent to petitioner, and respondent cross-moves to deny the release of funds to petitioner, to consolidate this nonpayment proceeding with a pending holdover proceeding between the parties, and for the funds deposited to be released to respondent to pay for legal counsel, in this nonpayment proceeding in an unregulated, condominium apartment, in which petitioner seeks possession of 200 Rector Place, Apt. #35F, New York, New York 10280. Petitioner is represented by counsel and respondent is *pro se*. After oral argument and in consideration of all papers submitted, the court finds and decides as follows:

      Petitioner's motion is granted and respondent's cross-motion is denied for the reasons set forth below.

      Petitioner commenced this proceeding by service of a petition on respondent in April, 2014, claiming rental arrears in the amount of $10,887.00 due through March, 2014. Rather than filing an

LD001937

answer to the petition, on June 5, 2014, respondent deposited the entire amount claimed into court with the New York City Commissioner of Finance. On June 23, 2014, petitioner brought this motion to have the deposited funds released to it. Not until July 8, 2014, did respondent file an answer. Respondent's first affirmative defense does not state a legally cognizable defense to the nonpayment proceeding. Rather, it is a statement of opposition to petitioner's motion to have the funds he deposited in court released to it, and an incorrect assertion about their potential use by him for legal fees. Respondent's second affirmative defense is also not a defense to this proceeding, which seeks only rent through March, 2014. His second affirmative defense speaks to why rent for April 2014 is not due. Respondent's first counterclaim argues for consolidation of this nonpayment proceeding with a pending holdover proceeding, also not a defense to the payment of rent. And respondent's second counterclaim seeks to have the funds he deposited in court be released to him for use to pay a lawyer to defend him in these proceedings, also not a defense, and not based in law. Additionally, although respondent has not technically raised it as an affirmative defense, he asserts in his answer that petitioner commenced this proceeding in retaliation against him for making complaints, pursuant to "RPL 223-b anti-retaliation laws." Even if the Court were to consider this assertion as an affirmative defense, RPL §223-b(4) expressly provides that retaliatory eviction will not relieve a tenant of the obligation to pay rent and it may not be interposed as either an affirmative defense or counterclaim in a nonpayment proceeding.[1]

In light of the foregoing, as respondent has failed to raise even one legal defense to the payment of rent in this nonpayment proceeding, the Court grants petitioner's motion for release of $10,887.32 currently held by the court and orders the Commissioner of Finance of the City of New York to pay petitioner, upon service of a certified copy of this order, the sum shown on the Certificate of Deposit issued June 5, 2014, in the amount of $10,887.32 plus accrued interest, less lawful fees, forthwith. Upon receipt of funds by petitioner, the petition shall be satisfied and this proceeding shall be dismissed.

---

[1] 390 West End Associates v. Raiff, 166 Misc.2d 730, 636 N.Y.S.2d 965 (App. Term 1st Dep't 1995); 601 West 160 Realty Corp. v. Henry, 189 Misc.2d 352, 731 N.Y.S.2d 581 (App. Term 2d Dep't 2001.)

LD001938

Respondent has proffered no legal basis upon which the Court may grant any aspect of his motion. Consolidation of cases is only proper where there are common questions of law and/or fact in two proceedings, absent some showing of prejudice[2] and where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent the injustice which would result from divergent decisions based on the same set of facts.[3] While the parties in the two proceedings are the same and they relate to the same apartment, the causes of action and questions of law are different. Hence, consolidation is not appropriate. Furthermore, in light of the foregoing, once respondent's rent deposit is released to petitioner, the petition herein will be satisfied and this case will be dismissed. As to respondent's argument that the funds on deposit be released not to petitioner, but rather to him in order to finance legal representation, there is no basis in law to support this.

Accordingly, petitioner's motion is granted in its entirety and respondent's motion is denied in its entirety.

The foregoing constitutes the decision and order of this court.

Dated: New York, New York
February 26, 2015

_____
HON. ARLENE H. HAHN, J.H.C.

---

[2] <u>Lamboy v Inter Fence Co., Inc.</u> 196 A.D.2d 705, 601 N.Y.S.2d 619 (1st Dep't 1993)

[3] <u>Chinatown Apts., Inc., v. New York City Transit Authority</u>, 100 A.D.2d 824, 474 N.Y.S.2d 763 (1st Dep't 1984.)

LD001939