# SHER TREMONTE LLP

March 28, 2018

**BY ECF**

The Honorable James L. Cott
500 Pearl Street, Room 1360
United States Courthouse
New York, NY 10007

      Re:    *Steven E. Greer v. Dennis Mehiel, et al.*,
               (Case No. 1:15-cv-06119 (AJN) (JLC))

Dear Judge Cott:

      We write on behalf of our clients, the Hugh L. Carey Battery Park City Authority (the "BPCA") and Robert Serpico, to seek a limited modification of the Stipulation and Order Governing the Production and Exchange of Confidential Information entered on January 25, 2017, ECF No. 232 (the "Confidentiality Order"). In particular, the BPCA respectfully requests permission to use certain documents produced by Plaintiff in its defense of claims filed by former BPCA employee Linda Soriero against the BPCA.

      As the Court may recall from several letters exchanged last spring (*see* ECF Nos. 311–12, 317–18), Linda Soriero was a BPCA employee who began providing Plaintiff with BPCA documents, including internal correspondence. Such documents, as well as two audio recordings of telephone calls between Plaintiff and Soriero and their transcripts, were provided to the BPCA by Plaintiff as discovery materials (the "Soriero Discovery Materials"). The BPCA terminated Ms. Soriero in April 2017, which prompted Plaintiff to file a motion for "urgent relief" accusing the BPCA of "illegal tampering with a witness" – a motion this Court promptly denied as baseless. (*See* Order, ECF No. 313.)

      Currently, the use of the Soriero Discovery Materials (and all discovery materials produced in this action) is limited to "the purposes of this litigation and for no other purpose." *See* Confidentiality Order ¶ 1. Additionally, the audio recordings of the telephone call between Plaintiff and Soriero were marked by Plaintiff as "Confidential," and are therefore subject to the restrictions set forth in paragraph 4 of the Confidentiality Order.

      The BPCA now seeks limited relief from the Confidentiality Order in order to use the Soriero Discovery Materials solely for the purpose of defending two new proceedings brought against the BPCA by Ms. Soriero: (1) an administrative proceeding under New York Workers' Compensation Law § 120, scheduled to be heard on April 27, 2018; and (2) a civil action in the Eastern District of New York under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq. See* Compl., *Soriero v. Battery Park City Auth.*, No. 18-CV-1334 (WFK) (JO) (E.D.N.Y. Mar. 2, 2018). In essence, Ms. Soriero alleges wrongful termination motivated by her claim of workers' compensation for carpal tunnel syndrome. *See id.* ¶¶ 8–13.

The Soriero Discovery Materials may be used to support the BPCA's defenses or for impeachment in these matters, and any limitation on such use would be prejudicial to the BPCA. Notably, Plaintiff has no privacy interest in any of the Soriero Discovery Materials, nor can he assert that they should not be disclosed to Ms. Soriero, as she was the disclosing party in the first instance.

This Court retains the power to manage discovery, including "the power to modify or lift confidentiality orders that it has entered." *Zubulake v. UBS Warburg LLC*, 230 F.R.D. 290, 291 (S.D.N.Y. 2003). Here, the requested limited modification of the Confidentiality Order proposed by the BPCA would be an appropriate and efficient method of permitting the BPCA to use documents already in its possession that are clearly relevant to Ms. Soriero's claims.[1] The proposed modification would cause no prejudice to Plaintiff and would obviate the need for the BPCA to issue a subpoena to Plaintiff in order to obtain these same documents.

Accordingly, the BPCA respectfully seeks modification of the Confidentiality Order to permit the BPCA to use the following three categories of documents set forth above solely in the proceedings commenced by Ms. Soriero:

(1) all emails including Ms. Soriero;

(2) all documents that Ms. Soriero provided to Plaintiff; and

(3) the two audio recordings of Ms. Soriero (including the transcripts of those recordings).[2]

Respectfully submitted,

Michael Tremonte

cc: Steven Greer (by ECF)
Counsel of record (by ECF)

---

[1] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

[2] We attempted to resolve this matter with Plaintiff without the Court's intervention, but Plaintiff has refused to consent to the proposed modification of the Confidentiality Order.