UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN GREER,<br><br>                Plaintiff,<br><br>- against -<br><br>DENNIS MEHIEL, ROBERT SERPICO, THE BATTERY PARK CITY AUTHORITY, HOWARD MILSTEIN, STEVEN ROSSI, JANET MARTIN, MILFORD MANAGEMENT and MARINERS COVE SITE B ASSOCIATES,<br><br>                Defendants. | No. 15-CV-06119 (AJN) (JLC) |

### THE BATTERY PARK CITY AUTHORITY AND ROBERT SERPICO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RULE 60(B) MOTION

Michael Tremonte
Michael W. Gibaldi
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel:  212.202.2600
Fax:  212.202.4156
E-mail:  mtremonte@shertremonte.com

*Attorneys for the Hugh L. Carey Battery Park City Authority and Robert Serpico*

**TABLE OF CONTENTS**

THE SUMMARY JUDGMENT ORDER ....................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.  A RULE 60(B) MOTION SHOULD BE DENIED ABSENT PROOF OF
    "EXCEPTIONAL CIRCUMSTANCES" ............................................................................ 2

II. THE *LOZMAN* DECISION HAS NO BEARING ON THIS CASE ................................ 3

III. PLAINTIFF PRESENTS NO OTHER BASIS TO VACATE THE SUMMARY
     JUDGMENT ORDER ......................................................................................................... 4

CONCLUSION ............................................................................................................................... 6

Defendants the Hugh L. Carey Battery Park City Authority ("BPCA") and Robert Serpico ("Serpico," and together with the BPCA, the "BPCA Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Steven Greer's motion to vacate the Court's Memorandum Opinion and Order dated March 28, 2018.

## THE SUMMARY JUDGMENT ORDER

In a Memorandum Opinion and Order dated March 28, 2018 (the "Summary Judgment Order"), this Court granted the BPCA Defendants' motion for summary judgment in its entirety. The Court also granted the motion for summary judgment filed by Defendants Howard Milstein, Steven Rossi, Janet Martin, Milford Management, and Mariners Cove Site B Associates (collectively, the "Landlord Defendants"), and denied Plaintiff's motion for summary judgment. (*See* Mem. Op. & Order, ECF No. 433.)

The Summary Judgment Order addressed Plaintiff's two remaining claims: a First Amendment retaliation claim, and a First Amendment equal access claim. With respect to the retaliation claim, the Court held that "Plaintiff's evidence of retaliation rests on little more than speculation," and that the "record contains extensive evidence to support a conclusion that Defendants would not have renewed Plaintiff's lease even in the absence of Plaintiff's blog" because Plaintiff consistently failed to pay rent on time. (*See* Mem. Op. & Order at 8–9.) Thus, the Defendants successfully demonstrated on summary judgment that they "would have taken the same adverse action in the absence of the protected speech." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 382 (2d Cir. 2003); *see also Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286–87 (1977). As for the equal access claim, the Court granted summary judgment to the BPCA because Plaintiff presented "no evidence that the officials who decided to deny Plaintiff entry to the July 2015 board meeting had final policymaking authority," such that the BPCA

1

could be held liable under 42 U.S.C. § 1983.  (*See* Mem. Op. & Order at 14.)  Indeed, as the Court noted, the opposite was true:  Dennis Mehiel, the BPCA official who decided to exclude Plaintiff from the July 2015 board meeting, did not have final and unreviewable authority to exclude Plaintiff from board meetings.  (*See id.* at 15.)

## ARGUMENT

Plaintiff seeks to vacate the Summary Judgment Order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.[1]  Plaintiff essentially advances two arguments:  first, the Summary Judgment Order cannot stand in light of the Supreme Court's recent decision in *Lozman v. City of Riviera Beach, Florida*; and second, the Summary Judgment Order was premised upon several "mistakes."  Neither argument has any merit.

### I.    A RULE 60(B) MOTION SHOULD BE DENIED ABSENT PROOF OF "EXCEPTIONAL CIRCUMSTANCES"

"The relief available under Rule 60(b) is equitable in nature."  *Soto v. Cnty. of Westchester*, No. 08-CV-5066 (AJN), 2018 WL 527977, at *2 (S.D.N.Y. Jan. 22, 2018) (Nathan, J.).  The Second Circuit has held that such equitable relief "is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  Thus, courts have described the standard of review of a Rule 60(b) motion as "strict."  *See, e.g.*, *Kelsey v. City of New York*, No. 03-CV-5978 (JFB) (KAM), 2007 WL 1352550, at *4 (E.D.N.Y. May 7, 2007).

Rule 60(b)(1), in particular, provides for relief "from a final judgment, order, or proceeding" based upon "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome

---

[1]    Plaintiff also invokes Rule 60(b)(3) based upon new allegations of fraud against the Landlord Defendants, only, in connection with their separate motion for attorneys' fees.

2

of the court's judgment." *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). However, "Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *In re Bulk Oil (USA) Inc.*, No. 93-CV-4492 (PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura*, 189 F.R.D. at 90).

As the party seeking relief from a final order, Plaintiff bears the burden to prove that this extraordinary relief is warranted. *See Int'l Bhd. of Teamsters*, 247 F.3d at 391.[2] Because Plaintiff cannot meet that burden, his motion should be denied.

## II. THE *LOZMAN* DECISION HAS NO BEARING ON THIS CASE

The plaintiff in *Lozman* claimed that he was arrested by high-level policymakers of the City of Riviera Beach, Florida in retaliation for his exercise of protected speech. *See Lozman v. City of Riviera Beach, Fla.*, No. 17-21, Slip Op. at 1–4 (June 18, 2018). The plaintiff conceded that probable cause supported his arrest but maintained that his arrest was actionable because it was retaliatory. The sole question before the Supreme Court was "whether the existence of probable cause bars that First Amendment retaliation claim." *See id.* at 6. The Court held that probable cause for an arrest does not bar a retaliation claim where the plaintiff alleges an official policy to arrest him in retaliation for protected speech. *See id.* at 12. Instead, the *Mt. Healthy* defense applies to such a claim, such that the defendant cannot be held liable for retaliation if the

---

[2] Presumably Plaintiff has chosen to file the instant motion as a Rule 60(b) motion rather than a motion for reconsideration under Rule 59(e) and Local Civil Rule 6.3 because a motion for reconsideration would be untimely. *See* Local Civil Rule 6.3 (requiring motion for reconsideration to be filed within fourteen days). In any event, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). For the reasons discussed in this memorandum of law, Plaintiff fails to satisfy that standard, as well.

3

defendant demonstrates that it would have arrested the plaintiff "regardless of any retaliatory animus." *See id.* at 13.

*Lozman* is entirely irrelevant here. As Plaintiff acknowledges, he was not arrested; thus, the existence of probable cause to justify an arrest was neither raised by the Defendants nor considered by this Court. Specifically, *Lozman* does not save Plaintiff's retaliation claim, which failed because Plaintiff's evidence of retaliation was entirely speculative, and because the Defendants, regardless of a retaliatory motive, would not have renewed Plaintiff's lease. *See Mt. Healthy*, 429 U.S. at 286–87. Nothing in *Lozman* limits the continued viability of a *Mt. Healthy* defense. Nor does *Lozman* disturb the rule of *Monell* and its progeny, which was the basis for summary judgment on Plaintiff's equal access claim. In *Lozman*, the Supreme Court assumed without deciding "that the arrest was taken pursuant to an official city policy," such that the plaintiff had satisfied *Monell*. *See id.* at 6–7 ("whether there was such a policy and what its content may have been are issues not decided here"). Indeed, the Court emphasized that the plaintiff's claim would "require objective evidence of a policy motivated by retaliation to survive summary judgment." *See id.* at 12. Here, Plaintiff's equal access claim failed to survive summary judgment precisely because he failed to present any such evidence of an official policy.

### III. PLAINTIFF PRESENTS NO OTHER BASIS TO VACATE THE SUMMARY JUDGMENT ORDER

In addition to the *Lozman* decision, Plaintiff asserts several "mistakes" in the Summary Judgment Order: (1) the Summary Judgment Order conflicts with a prior order in this case; (2) the evidence concerning Plaintiff's payment history was disputed; and (3) the Court was "confused" by citing evidence of Plaintiff's harassing behavior. All of these arguments are equally unavailing.

First, the Summary Judgment Order does not conflict with the Court's prior order denying Plaintiff's request for a preliminary injunction, which held that Plaintiff's Second Amended Complaint stated a claimed for retaliatory eviction. Plaintiff misapprehends the different standards of review under which those two orders were decided. In concluding that Plaintiff had stated a claim for retaliatory eviction, the Court construed Plaintiff's allegations liberally and interpreted them as "raising the strongest possible arguments they suggest." (*See* Mem. & Order at 8, ECF No. 138.) The Court explicitly noted the possibility that, despite the sufficiency of Plaintiff's *allegations*, his "'claim may one day be ripe for summary judgment.'" (*Id.* at 10 (quoting *Dunkelberger v. Dunkelberger*, No. 14-CV-3877 (KMK), 2015 WL 5730605, at *22 (S.D.N.Y. Sept. 30, 2015)). Once the claim had ripened for review on summary judgment, as the Court predicted, the Court considered the actual *evidence* adduced in discovery, not Plaintiff's allegations. Based on its review of the actual, undisputed evidence, the Court concluded that Plaintiff had failed to create a genuine issue of material fact as to his retaliatory eviction claim.[3] (*See* Mem. Op. & Order at 6–12.)

Second, nothing in the instant motion changes the undisputed fact that Plaintiff consistently failed to pay his rent on time. Plaintiff attempts to obscure this fact by asserting the same arguments he made at the summary judgment stage: his lease was renewed in 2013 even after he fell behind in rent payments, the accounting system was bad, and his landlord never evicted anyone else for non-payment of rent. The Summary Judgment Order itself shows that these arguments were already litigated, "carefully analyzed and justifiably disposed." *In re Bulk*

---

[3] Within this argument, Plaintiff rehashes old arguments about the extent to which Serpico harbored animus toward Plaintiff because of Plaintiff's blog. Contrary to Plaintiff's position, neither Kirk Swanson nor Allyson Ford testified with any specificity concerning Serpico's feelings about Plaintiff's blog. Swanson testified only generally that he recalled "people" at the BPCA talking about Plaintiff's blog. (*See* Swanson Dep. at 16:11–15, ECF No. 440-9.) Ford could not even remember a particular instance where one of Plaintiff's stories had upset Serpico, and she testified that Serpico's attitude appeared to be one of "dismissal of the substance of the blog" rather than anger. (*See* Ford Dep. at 12:7–16, ECF No. 440-10.)

5

*Oil (USA) Inc.*, 2007 WL 1121739, at *10.  (*See* Mem. Op. & Order at 9–12.)  Accordingly, these arguments do not warrant the extraordinary relief of Rule 60(b).

Finally, the Court was not "confused" merely because it described evidence of Plaintiff's antagonistic behavior in its recitation of the facts.  Indeed, the Court noted that Plaintiff denied the BPCA's accusations of harassment.  (*See* Mem. Op. & Order at 4.)  In any event, Plaintiff's history of harassment was ultimately immaterial to the Court's resolution of the equal access claim, which turned entirely upon the lack of official BPCA policy.  Because the undisputed evidence showed that Dennis Mehiel lacked "final policymaking authority" to exclude Plaintiff from the BPCA board room, Plaintiff failed to prove an official policy sufficient to hold the BPCA liable under § 1983.  *See, e.g.*, *Crenshaw v. N.Y.C. Hous. Auth.*, 697 F. App'x 726, 731 (2d Cir. 2017) (holding that plaintiff failed to prove official policy where retaliatory actions were directed by NYCHA Chairman, but NYCHA board retained all final policymaking authority).

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion to vacate this Court's Memorandum Opinion and Order dated March 28, 2018.

Dated:   July 16, 2018
         New York, New York

SHER TREMONTE LLP

By:  /s/ Michael W. Gibaldi
Michael Tremonte
Michael W. Gibaldi
90 Broad Street, 23rd Floor
New York, New York 10004
Tel:  212.202.2600
Fax:  212.202.4156
E-mail:  mtremonte@shertremonte.com

*Attorneys for the Hugh L. Carey Battery Park City Authority and Robert Serpico*

6