# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STEVEN E. GREER**, MD<br>an individual.<br><br>      Plaintiff;<br><br>      v.<br><br>**Dennis Mehiel**, **Robert Serpico**, **The Battery Park City Authority**, **Howard Milstein**, **Steven Rossi**, **Janet Martin**, **Milford Management**, **Mariners Cove Site B Associates**.<br><br>      Defendants. | **15-CV-6119 (AJN) (JLC)** |

### PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO BPCA OPPOSITION
TO RULE 60 MOTION RELIEF FROM SUMMARY JUDGMENT ORDER

 

**Steven E. Greer,** *pro se*
4674 Tatersall Court
Columbus, Ohio 43230
(212) 945-7252
steve@batterypark.tv

i

# Table of Contents

**The BPCA Addressed the Wrong Rule and Case Law** ............................................................... 1

**The Lozman Decision is Very Relevant** ....................................................................................... 1

**Errata** .............................................................................................................................................. 2

**Cases**

*Lozman v City of Riviera Beach, Florida.* 585 U.S. ___(2018) .......................................................... 1

*Mt. Healthy City Bd. of Ed.* v. *Doyle*, 429 U. S. 274 (1977) ............................................................ 1

**Rules**

FRCP 60(b)(1) ................................................................................................................................ 1

FRCP 60(b)(6) ................................................................................................................................ 1

## **The BPCA Addressed the Wrong Rule and Case Law**

In the BPCA's MOL in opposition (Dkt. 472), they begin by refuting the wrong Federal Rule of Civil Procedure. They dwell on FRCP 60(b)(1) and argue that Plaintiff incorrectly claims that "exceptional circumstances" are the primary basis for the Rule 60 motion for relief. However, that is not the case.

In Plaintiff's MOL in support (Dkt. 467), it primarily uses Rule 60(b)(6) and the "new law" established in June of 2018 by the Supreme Court in the form of *Lozman v City of Riviera Beach, Florida.* 585 U.S. ___(2018) as the basis for relief. Arguing "new law" under FRCP 60(b)(6) is entirely different from arguing that a court made a "mistake" or that "exceptional circumstances" exist allowing the use of FRCP(b)(1). Therefore, the entire argument in the opposition MOL Section I (Dkt. 472 at 2-3) is moot and erroneous.

## **The Lozman Decision is Very Relevant**

In Section II (*Id*. At 3-4), the BPCA argues with conclusory statement that *Lozman* has "no bearing on this case" The only rationale proffered to support their statement is that *Lozman* involved a man criminally arrested, whereas this instant matter is civil.

However, the Supreme Court made it clear that *Lozman* was not just about criminal matters. In fact, they chose to use the civil case of *Mt. Healthy City Bd. of Ed.* v. *Doyle*, 429 U. S. 274 (1977). The *Lozman* case now establishes as law that easily trumped up "probable cause" is no cover for a government entity that is really engaging in retaliation against actions that are protected by the First Amendment.

Moreover, the Lozman case is almost identical in every other key matter to this instant matter. Plaintiff's MOL explains this.

1

# **Errata**

In Section III, page 5, the BPCA argues that Plaintiff "misapprehends the different standards of review" That is not the case. The logic used by Plaintiff is sound regardless of standard of review. They go on to make an unsupported claim that "undisputed evidence" exists in their favor, which is indeed very much disputed.

Then, the BPCA rehashes the same erroneous statement that it is an "undisputed fact" that Plaintiff failed to pay rent. Again, this is very much disputed and Plaintiff provided a mountain of evidence that a jury should have been allowed to evaluate.

Finally, on page 6, the BPCA is unable to refute Plaintiff's argument regarding the confusion around the incident involving a homophobic deranged stalker that Plaintiff filed police reported against. They are forced to state, "in any event" and move on.

Signed this 18th day of July, 2018          *Steven Greer*

Signature of Plaintiff Steven Greer

Mailing Address:
Steven Greer
4674 Tatersall Court
Columbus, Ohio 43230

Phone (212) 945-7252
steve@batterypark.tv