UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

STEVEN E. GREER, MD,

     Plaintiff,

 -against-

DENNIS MEHIEL, ROBERT SERPICO, THE
BATTERY PARK CITY AUTHORITY, HOWARD
MILSTEIN, STEVEN ROSSI, JANET MARTIN,
MILFORD MANAGEMENT, and MARINERS COVE
SITE B ASSOCIATES,

     Defendants.

------------------------------------------------------------ X

ECF CASE

CIVIL DOCKET NO.
15 CV 6119 (AJN)

**STIPULATION OF SETTLEMENT**

  **WHEREAS**, defendant Mariners Cover Site B Associates ("MCSBA") is the owner of 200 Rector Place, New York, New York (the "Building") and defendant Milford Management ("Milford") is the managing agent of the Building;

  **WHEREAS**, defendants Howard Milstein, Steven Rossi, and Janet Martin are individuals that are employed by and/or otherwise associated with the Building and/or its management (collectively, MCSBA, Milford, Howard Milstein, Steven Rossi, and Janet Martin, referred to as the "Landlord Defendants," and each, a "Landlord Defendant");

  **WHEREAS**, plaintiff Steven E. Greer, MD ("Plaintiff") is the former tenant of Apartment 35F at the Building (the "Premises") pursuant to a lease that expired on April 30, 2014 (the "Lease"), after which Plaintiff did not vacate the Premises;

  **WHEREAS**, in or about May 2014, MCSBA commenced a summary holdover proceeding against Plaintiff with respect to the Premises in the Civil Court of the City of New York, County of New York, captioned *Mariners Cove Site B Associates v. Dr. Steven Greer*, with Index No. 63974/14 (the "Civil Court Proceeding");

  **WHEREAS**, on August 4, 2015, Plaintiff commenced the instant federal action in the United States District Court for the Southern District of New York, captioned *Steven E. Greer, MD v. Dennis Mehiel, et al.*, Civil Docket Number 15-cv-06119-AJN-JLC (the "Federal Action");

  **WHEREAS**, in the Federal Action, on November 4, 2015, Plaintiff filed his Second Amended Complaint (the "Second Amended Complaint");

  **WHEREAS**, in the Civil Court Proceeding, by Decision and Order dated January 28, 2016, the Civil Court granted MSCBA a judgment of possession of the Premises and warrant of eviction, which judgment was entered January 29, 2016;

**WHEREAS**, in April 2016, Plaintiff vacated the Premises and MSCBA regained possession of the Premises;

**WHEREAS**, in the Civil Court Proceeding, in September 2016, MSCBA moved for recovery of its attorneys' fees in the Civil Court Proceeding;

**WHEREAS**, in the Federal Action, by Memorandum & Order dated September 30, 2016, the District Court granted, in part, and denied, in part, the Landlord Defendants' motion to dismiss Plaintiff's Second Amended Complaint in the Federal Action, dismissing all but one cause of action against the Landlord Defendants;

**WHEREAS**, in the Civil Court Proceeding, by order dated October 24, 2016 (the "Prevailing Party Order"), the Civil Court (Kraus, J.) granted Petitioner's motion for attorneys' fees, finding that "Petitioner was the prevailing party in this litigation," and set the matter down for a hearing to determine the reasonable amount of attorneys' fees to be awarded to Petitioner;

**WHEREAS**, in the Federal Action, on November 10, 2016, the Landlord Defendants filed an Answer to the Second Amended Complaint, asserting a counterclaim to recover attorneys' fees (the "Attorneys' Fees Counterclaim");

**WHEREAS**, in the Civil Court Proceeding, after a hearing, by decision and order dated August 7, 2017 and entered August 8, 2017 (the "Civil Court Fees Decision"), the Civil Court granted a judgment for attorneys' fees in favor of MSBCA and against Plaintiff in the amount of $143,434.64, which judgment was entered on August 8, 2017 (the "Civil Court Fees Judgment");

**WHEREAS**, Plaintiff purports to have taken timely appeals from the Civil Court Fees Decision and the Civil Court Fees Judgment (the "Civil Court Appeals");

**WHEREAS**, in the Federal Action, by Memorandum & Order dated August 23, 2017, the District Court denied Plaintiff's motion to dismiss the Attorneys' Fees Counterclaim;

**WHEREAS**, in the Federal Action, by Memorandum & Order dated March 29, 2018, the District Court granted the Landlord Defendants' motion for summary judgment on the remaining cause of action in the Federal Action and dismissed the Second Amended Complaint in the Federal Action (the "Summary Judgment Order");

**WHEREAS**, in the Federal Action, by Order dated April 26, 2018, the District Court found that the Landlord Defendants may make a motion to recover their Attorneys' Fees incurred defending the Federal Action;

**WHEREAS**, in the Federal Action, on June 14, 2018, the Landlord Defendants moved for an order, *inter alia*, (a) holding that the Landlord Defendants are the substantially prevailing parties in the Federal Action and that, pursuant to the Lease, Plaintiff is liable for the attorneys' fees, costs, and disbursements incurred by the Landlord Defendants defending the Federal Action; and (b) setting this matter for a hearing to determine the amount to be awarded the Landlord Defendants (collectively, "the Federal Attorneys' Fees Motion");

RE\55673\0424\2462526v2

**WHEREAS**, in the Federal Action, on June 30, 2018, Plaintiff opposed the Federal Attorneys' Fees Motion;

**WHEREAS**, in the Federal Action, on July 5, 2018, Plaintiff filed a motion "to set aside" the Summary Judgment Order pursuant to FRCP 60(b);

**WHEREAS**, the parties seek to resolve and release all issues and liabilities between them, including but not limited to in the Federal Action and the Civil Court Proceeding, on the terms, covenants and conditions set forth in this Stipulation and its exhibits, including but not limited to Plaintiff's agreement to immediately cease and desist from further and future litigation against or contact with any of the Landlord Defendants; now therefore,

**IT IS HEREBY STIPULATED AND AGREED,** in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, as follows:

1. **Plaintiff Shall Not Commence Any Future Litigation Against Nor Shall He Contact or Disparage the Landlord Defendants.**

    **a.** Plaintiff shall not commence any lawsuit, action, or proceeding of any kind, before any court or administrative body, in any state or country, against any of the Landlord Defendants, at any date in the future, with respect to any claim relating to or concerning the Building, the Premises, and/or any or all the Landlord Defendants which accrued or is based on facts and/or occurrences prior to the date of this Stipulation.

    **b.** Plaintiff shall not contact or communicate with any of the Landlord Defendants or any of their respective agents, representatives, employees and/or family members, at any time in the future by any means of communication or contact, including but not limited to, in-person, telephone, text-messaging, email, letter, fax, any form of internet messaging, social media, or otherwise.

    **c.** Plaintiff shall not make or direct or encourage others acting on his behalf to make any statement, oral or in writing (including, but not limited to, the press or media, blogs, websites, or social networking sites, or in books, articles, interviews, broadcasts, podcasts, or the like) or induce or encourage others to make any such statement or take or continue any actions that disparage, denigrate, defame, impugn or otherwise could damage, harm, or assail the reputation, goodwill or integrity any of the Landlord Defendants and/or the employees, members, officers, directors and/or agents thereof, including, but not limited to, on the website BatteryPark.TV.

    **d.** Notwithstanding anything to the contrary, any action or conduct by any entity or website operated or controlled by Plaintiff in any respect (including but not limited to BatteryPark.TV), which action or conduct would constitute a breach of this Paragraph 1 if performed by Plaintiff, shall constitute a breach by Plaintiff of this paragraph.

2. **Discontinuance of Federal Action and Return of Security Deposit.** Plaintiff hereby discontinues the Federal Action as against the Landlord Defendants with prejudice and waives and/or withdraws any and all outstanding motions in the Federal Action as against the Landlord Defendants with prejudice and any and all appeals in the Federal Action that have been taken or that could be taken with respect to the Landlord Defendants with prejudice. Upon said discontinuance, MSCBA shall cause Plaintiff's security deposit in the amount of $3,950.00 to be

returned to Plaintiff by check within 15 days of the full execution of this Stipulation, to be sent by mail to Plaintiff at the address listed below in the "Notice" paragraph.

3. **Severing and Tolling of the Landlord Defendants' Attorneys' Fees Counterclaim in the Federal Action.**

    **a.** The Landlord Defendants hereby withdraw the Federal Attorneys' Fees Motion without prejudice, subject to the terms and conditions of this Stipulation.

    **b.** The Attorneys' Fees Counterclaim is hereby severed from the Federal Action and preserved in its entirety, subject to the terms of this Stipulation.

    **c.** On the condition that Plaintiff fully complies with Paragraph 1 of this Stipulation, the Landlord Defendants agree not to pursue the Attorneys' Fees Counterclaim against Plaintiff. Notwithstanding anything to the contrary, in the event, and only in the event, that Plaintiff materially breaches the terms of Paragraph 1 of this Stipulation, and fails to cure such material breach within a thirty (30) day period of receipt of written notice of same by MSCBA or its counsel, then the Landlord Defendants shall individually have the immediate right and shall be immediately permitted to bring a plenary action in the Supreme Court of the State of New York, County of New York against Plaintiff to recover the relief sought by the Attorneys' Fees Counterclaim and the Federal Attorneys' Fees Motion (the "Attorneys' Fees Plenary Action"). Plaintiff shall have the right to defend against the Attorneys' Fees Plenary Action by raising any arguments or defenses that could have been raised in the Federal Action with respect to the Attorneys' Fees Counterclaim and the Federal Attorneys' Fees Motion as of the date of this Stipulation, except as set forth below. In the event the Landlord Defendants commence the Attorneys' Fees Plenary Action as a result of an alleged material breach by Plaintiff of Paragraph 1 of this Stipulation, then, in such action, the Landlord Defendants shall be required to establish a material breach by Plaintiff of Paragraph 1 of this Stipulation by a preponderance of the evidence as an additional element of their entitlement to recover the relief sought by the Attorneys' Fees Counterclaim. In the event that the Landlord Defendants establish a material breach by Plaintiff of Paragraph 1 of this Stipulation by a preponderance of the evidence, Plaintiff shall be liable for the Landlord Defendants' costs and attorneys' fees incurred in bringing the Attorneys' Fees Plenary Action.

    **d.** Notwithstanding anything to the contrary, because the Landlord Defendants are agreeing to sever and toll their Attorneys' Fees Counterclaim on the terms set forth herein, it is agreed and understood that any applicable statute of limitations with respect to the Attorneys' Fees Counterclaim is hereby indefinitely tolled and/or waived by Plaintiff, along with any other defense that any future Attorneys' Fees Plenary Action is untimely or improper, or that issues with respect thereto were required to be determined in the Federal Action. In the event that the Landlord Defendants, as a result of an alleged material breach by Plaintiff of Paragraph 1 of this Stipulation, are ever permitted by the terms of this Stipulation to commence the Attorneys' Fees Plenary Action, then, in such action the following shall not constitute a defense: (i) the statute of limitations; (ii) laches; (iii) res judicata; (iv) collateral estoppel; (v) waiver; or (vi) any argument that the Attorneys' Fees Counterclaim must be recovered in the Federal Action, in the District Court, or in any manner other than by bringing the Attorneys' Fees Plenary Action in Supreme Court as contemplated by and permitted herein. It is agreed and understood that, except as set forth herein, in any future Attorneys' Fees Plenary Action commenced pursuant to this Stipulation, the Supreme Court shall review and adjudicate the Landlord Defendants' Attorneys' Fees

Counterclaim as if it existed at the same moment in time as the Landlord Defendants filed the Federal Attorneys' Fees Motion. The Attorneys' Fees Plenary Action shall be determined by a Justice of the Supreme Court and/or, at the sole discretion of such Justice, a Magistrate or Referee. The parties waive any right that may exist to have any future Attorneys' Fees Plenary Action determined by a jury.

4. **Conditional Vacature of the Civil Court Attorneys' Fees Judgment.**
   a.   MSCBA agrees that the Civil Court Fees Judgment (in the amount of $143,434.64) shall be vacated, subject to the terms and conditions of this Stipulation. Simultaneously upon the execution of this Stipulation, MSCBA and Plaintiff shall execute the Stipulation Vacating the Civil Court Fees Judgment attached hereto as **Exhibit A** ("Stipulation Vacating the Civil Court Fees Judgment"). The Stipulation Vacating the Civil Court Fees Judgment may be filed by Plaintiff on any day after the date that this Stipulation is so-ordered by the United States District Court for the Southern District of New York.
   b.   Notwithstanding anything to the contrary, in the event, and only in the event, that Plaintiff materially breaches the terms of Paragraph 1 of this Stipulation, and fails to cure such material breach within a thirty (30) day period of receipt of written notice of same by MSCBA or its counsel, then MSCBA shall have the immediate right to recover a monetary judgment in the amount of the Civil Court Fees Judgment ($143,434.64) against Plaintiff by bringing a plenary action for breach of contract in the Supreme Court of the State of New York, County of New York against Plaintiff (the "Judgment Plenary Action"). In any such Judgment Plenary Action, the only element that MSCBA shall be required to prove in order to be entitled to recover shall be that Plaintiff materially breached Paragraph 1 of this Stipulation, and MSCBA shall be required to establish same by a preponderance of the evidence. Upon such a showing, MSCBA shall be entitled to entry of a monetary judgment against Plaintiff in the amount of $143,343.64, with interest from the date of the Civil Court Fees Judgment. In addition, upon such a showing, Plaintiff shall be liable for the Landlord Defendants' costs and attorneys' fees incurred in bringing the Judgment Plenary Action. The Judgment Plenary Action shall be determined by a Justice of the Supreme Court and/or, at the discretion of such Justice, a Magistrate or Referee. The parties waive any right that may exist to have any future Judgment Plenary Action determined by a jury.

5.   **Mutual General Release.** Other than the obligations set forth herein and the rights preserved herein, and except as otherwise set forth herein, all parties hereby release, discharge, waive and covenant not to sue the other, their successors in interest or their partners, members, officers, directors, shareholders, affiliates, agents, representatives, employees, successors and/or assigns, from and/or for any and all claims, demands, obligations, actions, causes of actions, suits at law or in equity and liability of every kind and nature, whether known or unknown, direct or derivative, contingent or otherwise, for, on account of, arising from or in any way related to the Building, the Premises, or any issue raised or that could have been raised in the Civil Court Action or the Federal Action, from the beginning of time until the date of this Stipulation.

6.   **Authorization.** The undersigned parties hereto warrant and represent that they are fully authorized to bind the respective parties to the terms and conditions of this Stipulation and

that no consents or approvals are or shall be required for the parties to enter into and/or perform their obligations under this Stipulation.

7.  **Notices.**  Any notices to be delivered pursuant to this Stipulation shall be deemed properly given if delivered by hand, by certified mail, or by overnight courier (such as Federal Express) to the respective addresses, and any such notice shall be deemed received on the date delivered (or if refused, on the date so refused):

| If to Plaintiff: | If to the Landlord Defendant(s) |
|---|---|
| Steven E. Greer, MD<br>4674 Tatersall Court<br>Columbus, Ohio 43230<br>(212) 945-7252 | Rosenberg & Estis, P.C.<br>Attn: Deborah Riegel, Esq.<br>733 Third Avenue<br>New York, NY 10017 |

8.  **Counsel.**  Each party hereto acknowledges and represents that it is represented by or has had the opportunity to consult with legal counsel and that it is knowingly and voluntarily signing this Stipulation, and understands its meaning. Each party hereto expressly consents that this Stipulation shall be given full force and effect, according to each and all of its express terms and provisions, including those relating to the Attorneys' Fees Plenary Action, the Judgment Plenary Action, and release of unknown claims and causes of action.

9.  **Entire Agreement.**  This Stipulation contains the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior agreements, written or oral, with respect thereto, all of which are merged herein.

10. **Modification.**  This Stipulation may not be amended, modified, superseded, cancelled, renewed or extended, and the terms and conditions hereof may not be waived, except by a written instrument signed by the parties.

11. **Governing Law.**  This Stipulation shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to its principles of conflicts of law.

12. **Successors.**  This Stipulation shall be binding upon and inure to the benefit of the respective parties, their heirs, assigns, executors, administrators and successors-in-interest to their property.

13. **Enforceability.**  If any provision of this Stipulation is invalid or unenforceable as against any person or under certain circumstances, the remainder of this Stipulation and the applicability of such provision to other persons or circumstances shall not be affected thereby. Each provision of this Stipulation shall be valid and enforceable to the fullest extent permitted by law. Each party will do, execute, acknowledge and deliver all and every such further documents, acts, notices and assurances as may be required for carrying out the terms of this Stipulation.

14. **Counterparts.** The parties may execute this Stipulation in counterparts and each counterpart shall constitute an original, all of which when taken together shall constitute one agreement, notwithstanding that all of the parties are not signatories to the same counterpart, and facsimile and electronic signatures shall be deemed originals. A fully executed copy of this Stipulation bearing original, electronic, or facsimile signatures in counterparts or otherwise may be filed with the District Court as an original immediately upon execution hereof by all required parties or their counsel.

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, has duly executed this Stipulation.

Dated: New York, New York
September 21, 2018

| | |
|---|---|
| **ROSENBERG & ESTIS, P.C.** | **STEVEN E. GREER, MD** |
| *Attorneys for the Landlord Defendants* | *Plaintiff* |
| By: Deborah Riegel, Esq. | Steven E. Greer, MD |
| Ethan R. Cohen, Esq. | |
| 733 3rd Avenue | 4674 Tatersall Court |
| New York, New York 10017 | Columbus, Ohio 43230 |
| (212) 867-6000 | (212) 945-7252 |

STATE OF __NY__ )
                 ) SS:
COUNTY OF __Queens__ . )

On the __21ST__ day of September, 2018, before me personally appeared **Steven E. Greer, MD** to me known to be the person(s) named herein and who executed the foregoing Stipulation of Settlement and he acknowledged to me that he voluntarily executed the same.

_____
Notary Public

JOHN A MASTROSIMONE
Notary Public, State of New York
No. 01MA6220696
Qualified in Suffolk County
Commission Expires April 19, 2022

_____
**SO-ORDERED**

**Exhibit A: Stipulation Vacating the Civil Court Fees Judgment**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
MARINERS COVE SITE B ASSOCIATES,                    :     L&T Index No. 63974/14
                                                    :
                       Petitioner,                  :
                                                    :     **STIPULATION VACATING**
    -against-                                       :     **JUDGMENT**
                                                    :
DR. STEVEN GREER                                    :
                                                    :
                       Respondent.                  :
                                                    :
-------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED,** in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, as follows:

1. The monetary judgment in the amount of $143,434.64 that was entered by this Court on August 8, 2017 in favor of petitioner Mariners Cove Site B Associates and against respondent Dr. Steven Greer is hereby vacated in its entirety.

2. Copies of this Stipulation and PDF/electronic signatures shall be deemed originals, and this Stipulation may be signed in counterparts.

Dated: September 21, 2018

| **ROSENBERG & ESTIS, P.C.** | **DR. STEVEN GREER** |
|---|---|
| *Attorneys for Petitioner* | *Respondent* |
| By: Deborah Riegel, Esq. | By: Steven E. Greer, MD |
| Ethan R. Cohen, Esq. | |
| 733 3rd Avenue | 4674 Tatersall Court |
| New York, New York 10017 | Columbus, Ohio 43230 |
| (212) 867-6000 | (212) 945-7252 |