UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven E. Greer,

    Plaintiff,

—v—

Dennis Mehiel, et al.,

    Defendants.

15-cv-6119 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Pro se Plaintiff Steven E. Greer moves pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the Court's March 28, 2018 Memorandum Opinion & Order granting summary judgment in favor of Defendants. Dkt. No. 466. For the reasons set forth below, Plaintiff's motion for relief under rule 60(b) is denied.

**I.     BACKGROUND**

Pro se Plaintiff Steven E. Greer brought this suit against the company that owns his former apartment, the company that manages that apartment building, the Battery Park City Authority ("BPCA"), and several individuals associated with those entities. The facts are described in the Court's March 28, 2018 Memorandum Opinion & Order. Dkt. No. 433. Briefly, in 2009, Plaintiff created a blog called BatteryPark.TV, where he published articles about the BCPA's activities. On January 24, 2014, Defendant Milford Management informed Plaintiff that his lease would not be renewed. When Plaintiff did not vacate his apartment as requested, Defendant Mariners Cove began an eviction proceeding against him, which was ultimately successful in the spring of 2016. In June 2015, while the eviction proceedings were ongoing, Plaintiff was asked to leave a BPCA board meeting when the board planned to transition to an

1

executive session. Plaintiff refused until a BPCA employee threatened to call the police. Following that incident, BPCA Chairman Dennis Mehiel decided to exclude Plaintiff from the BPCA offices, including future board meetings. Shortly thereafter, Plaintiff filed his complaint in this action.

At issue in the Court's March 28, 2018 Order were two remaining claims that survived the motion to dismiss phase—a First Amendment retaliation claim and a First Amendment equal access claim against BPCA only. With respect to the retaliation claim, Plaintiff alleged that the non-renewal of his lease, which led to his ultimate eviction, was an action taken in retaliation for articles posted on his blog. Based on the evidence in the record, though, the Court assessed that "Plaintiff's evidence of retaliation rest[ed] on little more than speculation," whereas there was "extensive evidence to support a conclusion that Defendants would not have renewed Plaintiff's lease even in the absence of Plaintiff's blog." Dkt. No. 433 at 8-9. As for the equal access claim, Plaintiff alleged that he was unlawfully excluded from a July 2015 meeting of the BPCA board. As a matter of law, to succeed on this claim against a municipal entity like BPCA, Plaintiff needed to demonstrate that Mehiel's actions represented official policy—in other words, that Mehiel exercised final decision-making authority. Reviewing the record, however, the Court concluded that "undisputed evidence" showed that Mehiel's decision to exclude Plaintiff from the meeting was subject to review by the BPCA board. Dkt. No. 433 at 15. The Court accordingly granted summary judgment in favor of Defendants on both claims.

On July 5, 2018, Plaintiff filed the instant motion. Dkt. No. 466. Plaintiff moves pursuant to FRCP 60(b)(1), FRCP 60(b)(3), and FRCP 60(b)(6) for relief from the Court's grant

2

of summary judgment in favor of Defendants. *See id.* The BCPA Defendants[1] filed their opposition on July 16, 2018. Dkt. No. 472. Plaintiff filed a reply on July 18, 2018.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, relieve a party from a final judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The burden of proof is on the party seeking relief from judgment, and the Second Circuit has repeatedly recognized that such relief is "extraordinary, exceptional and generally not favored." *Ognibene v. Parkes*, No. 08-01335 (LTM), 2015 WL 12991206, at *2 (S.D.N.Y. June 19, 2015) (describing Second Circuit precedent). Rule 60(b) is not intended to "provide [the] movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, No. 93-cv-4492, 93-cv-4494 (PKL), 2007 WL1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (internal quotation marks omitted). If none of the grounds enumerated in Rules 60(b)(1) through (5) are present, relief under Rule 60(b)(6) is only proper if "the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).

Plaintiff's primary argument in favor of Rule 60(b) relief is that the Supreme Court's June 18, 2018 opinion in *Lozman v. City of Riviera Beach, Fla.*, 138 S. Ct. 1945 (2018), created

---

[1] The Landlord Defendants requested an extension of time to oppose the motion and ultimately reached a settlement agreement with Plaintiff that terminated their involvement in this litigation. *See* Dkt. Nos. 469, 482-83.

3

new law that governs this case. According to Plaintiff, *Lozman* "establishes that the 'official policy' question is unnecessary to decide when the 'probable cause' defense is used...and that a jury should have decided the 'official policy' question." Dkt. No. 467 at 1. But Plaintiff misreads the opinion in *Lozman*, which decided only the limited question of whether the presence of probable cause for an arrest precludes a retaliatory arrest claim. *See Lozman*, 138 S. Ct. at 1949. It is therefore inapplicable to Plaintiff's case.

Indeed, the portions of the opinion cited by Plaintiff do not support his argument for relief. Plaintiff points to the Supreme Court's statement that it assumes –rather than requires proof, as did this Court —that "the arrest was taken pursuant to an official city policy." Dkt. No. 467 at 3 (quoting *Lozman*, 138 S. Ct. at 1951). But this sentence illustrates that the Supreme Court did not reach the issue of whether there was an official policy. In fact, the Court expressly affirmed elsewhere that such a showing would nevertheless be required on remand. *See Lozman*, 138 S. Ct. at 1951 ("It is well established that in a § 1983 case a city or other local governmental entity cannot be subject to liability at all unless the harm was caused in the implementation of "official municipal policy.") (citation omitted). Second, Plaintiff analogizes probable cause for an arrest to Mehiel's public safety justification for excluding him from meetings, concluding that under *Lozman*, this justification does not defeat a First Amendment claim. *See* Dkt. No. 467 at 4. Plaintiff's equal access claim did not survive summary judgment because there was undisputed evidence that his exclusion from meetings was subject to review and therefore not an official policy, however, not because the BPCA had a justification for its decision. Dkt. No. 433 at 14-15. Third, Plaintiff highlights language from the opinion affirming that the right to petition is "one of the most precious of the liberties safeguarded by the Bill of Rights." Dkt. No. 467 at 5 (quoting *Lozman*, 138 S. Ct. at 1954). This statement is not "new law," nor does the importance

4

of the constitutional right alter the legal standard for a decision on summary judgment. Though *Lozman* may have certain factual similarities with Plaintiff's case, the precedent on which the Court ruled against Plaintiff on his retaliation and equal access claims are unaltered by the opinion. As a result, there is no "new law" to justify relief under Rule 60(b)(6).

With respect to his other arguments, Plaintiff does not point to any facts or law that the Court overlooked that would alter the conclusions reached in the Court's March 28, 2018 Memorandum Opinion and Order.[2] Instead, Plaintiff relitigates the underlying factual disputes already briefed and considered by the Court during motion practice in this case. First, Plaintiff argues that the Court's conclusion that Plaintiff's evidence of retaliation was simply speculative is "contradictory to the evidence and to the previous Court's opinion," which found that Plaintiff had sufficiently *alleged* retaliation in his complaint. Dkt. No. 467 at 6. Second, Plaintiff contends that the Court ignored his rebuttal arguments on the issue of rent payments, *id.* at 7, but the Court did consider and address these arguments, though it was ultimately unpersuaded, Dkt. No. 433 at 9-10. Third, Plaintiff accuses the Court of considering evidence of an alleged altercation involving Plaintiff in its analysis of the retaliation claim, when that evidence was submitted by the BPCA Defendants as relevant to the equal access claim. *Id.* at 9. Plaintiff does not, however, raise any new arguments to undermine the credibility of that evidence.

A Rule 60(b) motion is not a substitute for appeal. *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Plaintiff has made no argument that warrants disturbing the summary judgment order in this case.

---

[2] Plaintiff's Rule 60(b)(3) argument rests on allegations of fraud in the billing statements submitted by counsel for the Landlord Defendants. Dkt. No. 467 at 10. Because the alleged misrepresentations concern a motion for attorneys' fees that was never decided and was ultimately resolved by Plaintiff's settlement agreement with the Landlord Defendants, no relief would be available even if the Court did credit Plaintiff's allegations.

## III. CONCLUSION

The Court denies Plaintiff's Rule 60 motion. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 31, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

6